| | | | | |
|---|---|---|---|---|
| | **United States Bankruptcy Court**<br>**Southern District of Florida** | | | |
| In<br>re | **Yuri Lyubarsky**<br>**Olga Lyubarsky** | | Case<br>No. | **18-16659** |
| | | Debtor(s) | Chapter | **7** |

## DEBTORS' MOTION TO AVOID JUDICIAL LIEN ON
## EXEMPT PERSONAL PROPERTY

**Any interested party who fails to file and serve a written response to this motion within 21 days after the date of service stated in this motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this motion. Any scheduled hearing may then be canceled.**

1.     Debtors, **Yuri Lyubarsky** and **Olga Lyubarsky**, commenced this case on **May 31, 2018** by filing a voluntary petition for relief under Chapter 7 of Title 11 of the United States Bankruptcy Code.

2.     This court has jurisdiction over this motion, filed pursuant to 11 U.S.C. Sec. 522(f) to avoid and cancel a judicial lien held by Vertonix on exempt property of the Debtors held by Guardian, and to permit Guardian to resume payment of exempt disability insurance benefits to Debtors.

3.     Debtor Yuri Lyubarsky is the insured and beneficiary of Disability Insurance Policies issued by Guardian, **Policy Numbers Z9073840 and Z0191290** (the "Disability Policies"). Copies of the Disability Policies are attached as Exhibits "A" and "B", respectively[1].

---

[1]  While not necessary for the present Motion, it is noted that the Policies themselves expressly submit to the operation of the state law where the insured resides, in this case Florida, where the Policies' General Contract Provisions include the following text under subsection Conformity with State Laws: *"Any provision of this policy which, on the date of issue, is in conflict with the laws of the state in which you reside on such date is hereby amended to conform to the minimum requirement of such laws."* See Exhibits A and B, numbered page 9.

4.      Under the Disability Policies, a monthly disability income benefit of $7,810 is due from Guardian to Debtor Yuri Lyubarsky until he reaches the age of 65. Mr. Lyubarsky is presently 62.5 years old.

5.      Pursuant to Florida Statute Sec. 222.18, [disability income benefits under any policy or contract of life, health, accident, or other insurance of whatever form, shall not ***in any case*** be liable to attachment, garnishment, or legal process in the state, in favor of any creditor or creditors of the recipient of such disability income benefits, unless such policy or contract of insurance was effected for the benefit of such creditor or creditors.] (emphasis added).

6.      The Disability Policies were effected solely for the benefit of Debtor Yuri Lyubarsky (See Exhibits A and B). Accordingly, income from the Disability Policies is exempt as a matter of law, and Debtors Yuri Lyubarsky's right to it is unqualified under Florida Statute Sec. 222.18 ("…*in any case*…").

7.      The income and assets of the Debtors stemming from the Disability Policies have been claimed as fully exempt in the present bankruptcy case.

8.      On **February 24, 2011**, Vertonix, obtained a judgment by confession against the Debtors in the amount of $184,264.19 in the Court of Common Pleas of Philadelphia County, Pennsylvania, Civil Division, Case No. 2011-03388 ("Vertonix Judgment"). The debt stemmed from an unpaid principal loan balance of $27,800.00 as of November 21, 2006, plus interest, penalties and legal fees claimed by Vertonix.

9.      On **July 6, 2016** the amount of the Vertonix Judgment was reassessed to $141,102.71, accounting for $208,000.00 in payments made in the interim by Debtors to Vertonix and legal fees claimed by Vertonix.

10.     On **October 30, 2015**, Vertonix attempted to obtain a Writ of Execution in Attachment to Guardian Life Insurance Company.

11.     Due to the aforementioned steps taken by creditor Vertonix, on August 1, 2016 the insurer Guardian suspended the payment of Debtors' monthly disability benefits. The funds are currently in the possession of Guardian. Guardian has indicated that Guardian will comply with any order of this Court of which it is notified.

12.     As of May 31, 2018, the date the Debtors filed their bankruptcy petition in the present case, a total of $171,820 in disability benefits remained unpaid by Guardian ("Accrued Disability Benefits").

13.     The monthly benefit payments of $7,810 for the months of June 2018 and onward ("Ongoing Disability Benefits") have not yet become due at the time of this Motion, but will become due and payable during and after the proceedings in the present bankruptcy case.

14.     The litigation initiated by Vertonix against the Debtors and the resulting judgment operates as a judicial lien that precludes the payment of the Accrued Disability Benefits and the Ongoing Disability Payments.

15.     The 11 U.S. Code Section 522(f)(1)(A) gives the Debtors an unqualified right to avoid any judicial lien that impairs an exemption[2] The existence of the Vertonix lien on debtor's household and personal goods impairs exemptions to which the Debtors would be entitled under 11 U.S.C. Sec. 522(b) and Florida Statutes Sec 222.18.

---

[2]  Judicial liens of a kind specified in Section 523(a)(5), i.e. those securing domestic support debts, are excluded from the operation of 522(f)(1)(A). This exclusion does not apply in the present case, where domestic support is not at issue.

16.     It is clear that the Ongoing Disability Benefits payments are exempt and are not subject to creditor claims, and as such Guardian should be ordered to begin to release to Debtors all payments as of May 31, 2018 and ongoing afterwards.

17.     Likewise, the $171,820 in Accrued Disability Benefits, which are traceable in their entirety to exempt disability insurance proceeds that have not been paid to date, should be released to the Debtors or, in the alternative, to this Court or the Chapter 7 Trustee for a determination of appropriate further disposition.

WHEREFORE, Debtors pray for an order against **Vertonix c/o Kalikhman & Rayz LLC** avoiding and canceling the judicial lien in the above-mentioned property, namely Guardian disability policies Z9073840 and Z0191290, and ordering **Guardian**:

(a) to immediately re-initiate and timely make the Ongoing Disability Benefits to Debtors under Policies Z9073840 and Z0191290 due from May 31, 2018 and onward; and

(b) to immediately pay the Accrued Disability Benefits over to the Debtors or, in the alternative,

(c) to immediately pay the Accrued Disability Benefits over this Court for further determination and disposition, or, in the alternative,

(d) to immediately pay the Accrued Disability Benefits to the Chapter 7 Trustee in this case for further determination and disposition; and

(e) for such additional or alternative relief as may be just and proper.

| Date | **June 14, 2018** | | Signature | **/s/ Yuri Lyubarsky** |
|------|-------------------|---|-----------|------------------------|
| | **Yuri Lyubarsky** | | | |
| | Debtor | | | |
| Date | **June 14, 2018** | | Signature | **/s/ Olga Lyubarsky** |
| | **Olga Lyubarsky** | | | |
| | Joint Debtor | | | |

**Exhibit A**

☐ The Guardian Life Insurance
Company of America

☐ **Berkshire Life
Insurance Company of America**
700 South Street
Pittsfield, MA 01201

**DUPLICATE/SPECIMEN POLICY DISCLAIMER**

Please check the appropriate company(ies). Any insurer checked above is herein referred to as the "Company."

*Berkshire Life Insurance Company of America is a wholly owned stock subsidiary of and an administrator for The Guardian Life Insurance Company of America, New York, NY*

This policy is a duplicate of the original policy, No. _____Z9073840_____, dated _____September 1, 2003_____, with the following exceptions.

1. The typestyle and location of information in certain portions of this policy may be different from the originally issued policy.

2. The signatures of any company officers which appear on the duplicate policy may differ from those on the original policy if at the time the duplicate policy was produced, those company officers were not the same as when the original policy was issued.

3. The address of the company home office may be different from that on the original policy.

**Berkshire Life Insurance Company of America**
700 South Street • Pittsfield, Massachusetts 01201
413-499-4321

This policy is issued by
Berkshire Life Insurance Company of America, a subsidiary
of the Guardian Life Insurance Company of America, NY, NY

Berkshire Life hereby furnishes insurance to the extent set
out in this policy. All of the provisions on this and pages
which follow are part of this policy.

Secretary
Berkshire Life Insurance Company
of America

President
Berkshire Life Insurance Company
of America

*You* and *your* mean the person insured.
*We, us, our,* and *Berkshire Life* mean the
Berkshire Life Insurance Company of America.

## NONCANCELLABLE AND GUARANTEED RENEWABLE TO AGE 65

You may renew this policy at the end of each term until you are age 65. During that time, we cannot change the premium or cancel this policy.

## CONDITIONAL RIGHT TO RENEW AFTER AGE 65– PREMIUMS CAN CHANGE

After you are age 65, you may renew this policy at the end of each term as long as you are at work full time. There is no age limit. But you must be at work at least thirty hours each week for at least ten months each year.

Your premium will be at our rates then in effect for persons of your age and class of risk. We have the right to change such premiums on a class basis on any policy anniversary.

## NOTICE OF TEN DAY RIGHT TO REVIEW POLICY

You have ten days to review this policy from the date you receive it. Within that time, you can deliver or mail it to our home office or to any authorized agent or agency for a prompt refund of all premiums. This policy will then be void from the start.

### Disability Income Policy
Non-Participating



DUPLICATE POLICY
5/22/18

1100-G NY (06/01)

*Berkshire Life Insurance Company of America is a subsidiary of*
*The Guardian Life Insurance Company of America, NY, NY*



SCHEDULE PAGE

INSURED- YURI LYUBARSKY

OWNER- YURI LYUBARSKY

LOSS PAYEE- YURI LYUBARSKY

POLICY NUMBER- Z9073840

DATE OF ISSUE- 09/01/2003

LAST CHANGE DATE- 09/01/2003

TERM- 1 MONTH

OCCUPATION CLASS- 4        DATE OF BIRTH- 08/05/1955        AGE AT ISSUE-  48

PREMIUM DISCOUNT CLASS- PREFERRED
                      - NON-TOBACCO USER

ANNUAL PREMIUM FOR:
 - BASIC BENEFITS                                                $311.15

                              TOTAL ANNUAL PREMIUM* -            $311.15
                                      TERM PREMIUM -             $26.71


        --- ELIMINATION AND ACCUMULATION PERIODS ---

ELIMINATION PERIOD-  3 MONTHS          ACCUMULATION PERIOD- 7 MONTHS

*MODAL PREMIUMS (FIRST YEAR):

 FIRST YEAR ANNUAL PREMIUM IS $311.15. THIS INCLUDES A $15.00 POLICY FEE.

        -IF YOU CHOSE A SEMI-ANNUAL PREMIUM YOU WILL PAY $160.24 EVERY 6 MONTHS.
        THIS MEANS YOU ARE PAYING AN ADDITIONAL $9.33 OR 3.00% PER YEAR, OR A
        TOTAL ANNUALIZED PREMIUM OF $320.48.
        -IF YOU CHOSE A QUARTERLY PREMIUM YOU WILL PAY $81.72 EVERY 3 MONTHS.
        THIS MEANS YOU ARE PAYING AN ADDITIONAL $15.73 OR 5.06% PER YEAR, OR A
        TOTAL ANNUALIZED PREMIUM OF $326.88.
        -IF YOU CHOSE A MONTHLY PREMIUM YOU WILL PAY $26.71 EVERY MONTH. THIS
        MEANS YOU ARE PAYING AN ADDITIONAL $9.37 OR 3.01% PER YEAR, OR A
        TOTAL ANNUALIZED PREMIUM OF $320.52.
        -IF YOU CHOSE AN AUTOMATIC PAYMENT PLAN YOU WILL PAY $26.71 EVERY MONTH.
        THIS MEANS YOU ARE PAYING AN ADDITIONAL $9.37 OR 3.01% PER YEAR, OR A
        TOTAL ANNUALIZED PREMIUM OF $320.52.


THE ADDITIONAL CHARGE THAT IS ADDED FOR PAYING IN INSTALLMENTS WILL REMAIN THE
SAME FOR THE LIFE OF THE POLICY.  PREMIUMS DO NOT REFLECT AUTOMATIC INCREASE
RIDER PREMIUMS.  MODAL PREMIUMS DO NOT REFLECT ALL DISCOUNTS YOU MAY QUALIFY FOR.


DUPLICATE POLICY

--- BENEFIT PERIOD ---

TO AGE 65 IF DISABILITY BEGINS BEFORE AGE 60
60 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 60 BUT BEFORE AGE 61
48 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 61 BUT BEFORE AGE 62
42 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 62 BUT BEFORE AGE 63
36 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 63 BUT BEFORE AGE 64
30 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 64 BUT BEFORE AGE 65
24 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 65 BUT BEFORE AGE 75
12 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 75

POLICY NUMBER - Z9073840

--- TABLE OF BASIC BENEFITS ---

- MONTHLY INDEMNITY                                     $500
- CAPITAL SUM                                         $6,000


--- BENEFITS AND PREMIUMS AFTER AGE 65 ---

IF YOU RENEW THIS POLICY WHEN YOU ARE AGE 65, WE WILL ISSUE A NEW SCHEDULE
PAGE AT THAT TIME.  BENEFITS WILL BE LIMITED TO THOSE SHOWN IN THE TABLE OF
BASIC BENEFITS ABOVE.

PREMIUMS FOR THIS POLICY MAY INCREASE ON RENEWAL AT OR AFTER AGE 65 AND WILL
BE AT OUR RATES THEN IN EFFECT FOR PERSONS OF YOUR AGE AND CLASS OF RISK.

LICENSED RESIDENT AGENT'S COUNTERSIGNATURE


_____
                                     (IN STATES WHERE REQUIRED)

1100 (06/01)                    -09/04/2003-                    SCHEDULE PAGE  3

This policy is a legal contract between
**you and Berkshire Life. READ IT WITH CARE.**

## INDEX

The major provisions of this policy appear on the following pages:

| | |
|---|---|
| Renewal Provisions | Pages 1, 7 and 8 |
| Exclusions and Limitations | Page 3 |
| Definitions | Pages 3 and 4 |
| Benefit Provisions | Pages 4, 5 and 6 |
| Claim Provisions | Pages 6 and 7 |
| General Provisions | Page 9 |

Accumulation Period ...................................................................................................3
Age ..............................................................................................................................7
Benefit Period .............................................................................................................3
Capital Sum Benefit ....................................................................................................5
Consideration ..............................................................................................................9
Effective Date ..............................................................................................................9
Elimination Period .......................................................................................................3
Entire Contract ............................................................................................................9
Grace Period ...............................................................................................................7
Injury ...........................................................................................................................3
Legal Actions ..............................................................................................................7
Medical Care Requirement .........................................................................................8
Military Suspension .....................................................................................................7
Misstatement of Age ...................................................................................................7
Monthly Indemnity .......................................................................................................3
Notice of Claim ...........................................................................................................6
Payment of Claims ......................................................................................................7
Policy Anniversary .......................................................................................................7
Presumptive Total Disability .......................................................................................5
Recurrent Disability .....................................................................................................5
Rehabilitation Benefit ..................................................................................................5
Reinstatement .............................................................................................................8
Sickness ......................................................................................................................4
Termination ..................................................................................................................8
Time Limit on Certain Defenses .................................................................................9
Total Disability Benefit ................................................................................................4
Total Disability Defined ...............................................................................................4
Transplant and Cosmetic Surgery ..............................................................................6
Waiver of Premium Benefit ..........................................................................................6

Additional benefits, if any, are shown in the schedule page
and are described in the rider forms attached to this policy

If you have questions about your policy, you may call Berkshire Life at 1-800-819-2468 or 413-499-4321.

**EXCLUSIONS AND LIMITATIONS**

### Exclusions
We will not pay benefits for loss caused by war or any act of war, whether war is declared or not.

### Normal Pregnancy Limitation
We will not pay benefits for normal pregnancy or childbirth during the first 3 months of total disability or, the elimination period, if longer.

### Foreign Residency Limitation
We will not pay benefits for more than twelve months during the lifetime of this policy when you are not a resident of the United States, its possessions or the countries of Canada or Mexico.

### Preexisting Condition Limitation
We will not cover any loss that begins in the first two years after the date of issue from a preexisting condition.

A *preexisting* condition means a physical or mental condition:
- which was misrepresented or not disclosed in your application; and
- for which you received a physician's advice or treatment within two years before the date of issue; or
- which caused symptoms within one year before the date of issue for which a prudent person would usually seek medical advice or treatment.


**DEFINITIONS**

### Accumulation Period
The accumulation period is shown in the schedule page. It is a period of consecutive months that begins on the first day that you are disabled and during which the elimination period must be satisfied.

### Benefit Period
The benefit period is shown in the schedule page. It is the longest period of time for which we will pay indemnity for continuous disability from the same cause.

### Elimination Period
The elimination period is shown in the schedule page. It is the number of months for which we will not pay benefits at the start of a claim. You must be disabled, from the same cause or a different cause for this entire period. The days within this period need not be consecutive but they must occur within the accumulation period. Each month of continuous disability will be calculated from the date disability began to the same date in each subsequent month. For periods of disability that are less than one month, we will consider each day of disability to be 1/30 of a month.

### Injury
Injury means accidental bodily injury which occurs while this policy is in force.

### Loss Payee
You are the loss payee unless some other person is named in the schedule page. We will pay all benefits to the loss payee.

### Monthly Indemnity
The monthly indemnity is shown in the schedule page. It is the amount we will pay for each month of total disability.

**Owner**
You are the owner unless some other person is named in the schedule page. The owner has the right to renew this policy; to request a change in benefits; and to change the loss payee.

**Physician**
Physician means a legally qualified doctor of the healing arts, other than the insured, who is acting within the scope of his or her license.

**Sickness**
Sickness means a sickness or disease which is diagnosed and treated while this policy is in force.

**Total Disability**
Total disability means that, because of sickness or injury, you are not able to perform the material and substantial duties of your occupation. Your occupation means the regular occupation (or occupations, if more than one) in which you are engaged at the time you become disabled.

You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation.

If your occupation is limited to a single medical specialty certified by the American Board of Medical Specialties or a single dental specialty recognized by the American Dental Association, we will deem your specialty to be your occupation.

## BENEFIT PROVISIONS

**Total Disability Benefit**
When you are totally disabled we will pay the monthly indemnity as follows:
- You must become totally disabled while this policy is in force.
- You must remain so disabled for the length of the elimination period. No indemnity is payable during that period.
- After that, monthly indemnity will be payable at the end of each month while you are totally disabled.
- Monthly indemnity will stop at the end of the benefit period or, if earlier, on the date you are no longer totally disabled.

We will not increase the rate of monthly indemnity because you are totally disabled from more than one cause at the same time.

**Medical Care Requirement**
We will not pay benefits under this policy for any period of disability during which you are not under the care of a physician. Such care must be appropriate, according to generally accepted medical standards, for the condition which is causing the disability, and must be provided by a physician whose specialty is appropriate for your sickness or injury.

We will waive the medical care requirement during any claim under this policy upon reasonable proof that your sickness or injury no longer requires the regular care of a physician under prevailing medical standards. Such waiver will not restrict our rights under the provision of this policy called "Physical examinations."

**Fractional Month**
We will pay benefits at the rate of 1/30 of the monthly indemnity for each day for which we are liable when you are disabled for less than a full month.

**Waiver of Elimination Period**
We will waive the elimination period if you become disabled within five years after the end of a prior period of disability which lasted more than six months and for which we paid benefits.

**Recurrent Periods of Disability**
After the elimination period has been satisfied, we will consider recurrent periods of disability to be one continuous period of disability if they result from the same cause or causes and are not separated by a recovery of more than:
- 12 months if the benefit period is to age 65 or longer and recurrence occurs before age 60; or
- 6 months in all other instances, including recurrence at or after age 60.

If a recurrent period of disability arises from a different cause, we will consider your loss to be a separate and unrelated period of disability.

**Capital Sum Benefit**
The capital sum is shown in the schedule page. This lump sum is in addition to any other indemnity payable under this policy.

A capital loss means the entire loss of the sight in one eye, with no possible recovery; or the complete loss of a hand or foot by severance through or above the wrist or ankle. Such loss must result from sickness or injury.

If you suffer a capital loss while this policy is in force and survive it for 30 days, we will pay the capital sum for each such loss. But we will not pay for more than two such losses in your lifetime. If this policy has terminated, we will pay for a capital loss which results from an injury sustained while this policy was in force and which occurs within 90 days after the date of that injury.

**Presumptive Total Disability Benefit**
We will always consider you to be totally disabled, even if you are at work, if sickness or injury results in your total and complete loss of:
- the sight of both eyes; or
- the hearing of both ears; or
- the power of speech; or
- the use of two arms, or two legs, or one arm and one leg, in their entirety.

We will waive the unexpired part of the elimination period from the date of loss. We will pay the monthly indemnity each month while such loss continues from the date of loss to the end of the benefit period. You must give us satisfactory proof of loss. But you do not have to be under the continuing care of a physician.

**Rehabilitation Benefit**
If you enroll in a rehabilitation program while you are totally disabled, we will pay a benefit to meet some of the costs you may incur. All of the following conditions apply:
- We must agree to the program in writing before you enroll.
- The program must be a formal plan of retraining that will help you to return to work in your occupation.
- It must be directed by an organization or individual who is licensed or accredited to provide vocational training or education to persons who are totally disabled.
- We will pay only those costs which are not otherwise covered by health care insurance, workers' compensation, or any public fund or program.

1100 NY (06/01)

**Transplant and Cosmetic Surgery Benefit**

If you are totally disabled because of:

- the transplant of a part of your body to another person, or
- cosmetic surgery to improve your appearance or correct a disfigurement,

we will deem you to be disabled as the result of sickness.

**Waiver of Premium Benefit**

If you are totally disabled for at least 3 months (or the length of the elimination period, if shorter), we will refund any premiums due and paid during that period. Then we will waive any later premium that falls due while you are continuously so disabled or within 3 months after you recover.

On each waiver, we will renew this policy for another term of the same length as that in effect when claim began. If that term was less than twelve months and you are still disabled and eligible for waiver on a policy anniversary, we will then change the term to twelve months.

You have the right to resume payment of premiums when you recover and the waiver of premium benefit ends. At that time, you can change the term back to its original length if you wish.

This waiver of premium benefit will also apply if monthly indemnity is payable because you have met the requirements of any of the provisions called Waiver of Elimination Period, Recurrent Periods of Disability, or Presumptive Total Disability Benefit.

Nothing in this provision will change the conditions for renewal after age 65 that require you to be at work full time.

## CLAIM PROVISIONS

**Notice of Claim**

You must give us notice of claim within 30 days after any loss which is covered by this policy occurs or starts, or as soon after that as is reasonably possible. Notice, with sufficient information to identify you, will be deemed notice to us if given to us at our home office, 700 South Street, Pittsfield, MA 01201, or to an authorized agent.

**Claim Forms**

When we get your notice of claim, we will send claim forms for filing proof of loss. If we do not send you such forms within 15 days after your notice, you may submit a written statement within the time fixed in this policy for filing proof of loss, which proves the nature and extent of the loss for which claim is made.

**Time for Filing Proof of Loss**

We are liable for benefits at the end of each month while you are disabled beyond the elimination period until the benefit period ends or, if earlier, the date you recover.

You must give us proof of loss at our home office or at any authorized agency office:

- for loss from disability within 90 days after the end of the period for which we are liable; and
- for any other loss within 90 days after the date of the loss.

If you cannot reasonably give us proof of loss within such time, we will not deny or reduce claim if you give us proof as soon as reasonably possible. But we will not pay benefits in any case if proof is delayed for more than one year, unless you have lacked legal capacity.

**Time of Payment of Claims**
Subject to due written proof of loss, we will pay all accrued indemnity for disability each month. Any amounts unpaid when our liability ends will be paid immediately after we receive due written proof of loss.

We will pay benefits for any other covered loss immediately after we receive due written proof of loss.

**Payment of Claims**
We will pay all benefits of this policy to the loss payee.

If you are the loss payee, any accrued benefits unpaid at your death will be paid to your estate.

If any benefit of this policy becomes payable to your estate or to a minor or incompetent person, we may pay such benefit, up to $1000, to any of your relatives by blood or marriage who we believe is equitably entitled to it. Any payment made in good faith under this provision will fully discharge us to the extent of such payment.

**Physical Examination**
We shall have the right and opportunity to have you medically examined at our expense when and as often as we may reasonably require while you claim to be disabled under this policy.

**Legal Actions**
No one can bring an action at law or in equity under this policy until 60 days after written proof has been furnished as required by this policy. In no case can an action be brought against us more than three years after written proof must be furnished.

**Misstatement of Age**
If your age has been misstated, the benefits will be what the premium paid would have bought at the correct age. If we would not have issued this policy at your correct age, there will be no insurance and we will owe only a refund of all premiums paid for the period not covered by this policy.

## PROVISIONS RELATING TO PREMIUM AND RENEWAL

**Age**
When we refer to a specific age -- such as age 65 -- we mean your age as of the policy anniversary that first occurs on or after the birthday on which you attain that age.

**Policy Anniversary**
A policy anniversary is the recurrence each year of the date of issue.

**Premium and Grace Period**
The term premium is shown in the schedule page. Premiums are due on the first day of each term. You have a grace period of 31 days in which to pay each premium due after the first one.

This policy stays in force during the grace period. If you have not paid the premium by the end of the grace period, this policy will lapse at 12:01 AM the next day.

If you die, we will refund to your estate that part of any premium which applies to the period after your date of death.

**Termination of This Policy At or After Age 65**

If you are not at work full time at the end of any term when you are age 65 or older, except by reason of total disability, this policy will terminate.

Termination will not prejudice any claim for total disability:
- which begins while this policy is in force; or
- which begins within 31 days after the date of termination as the result of an accident that occurred while this policy is in force.

If we accept any premium after you are age 65, this policy will stay in force to the end of the term which that premium covers.

**Reinstatement**

If this policy has lapsed at the end of the grace period, you can still keep it in force by paying the first overdue premium within 45 days of the time it was due.

After that, you can apply to reinstate this policy by completing an application and paying all overdue premiums. If we approve your application, your policy will be placed back in force on the date of such approval.

But if we have not approved or refused your application in writing within 45 days after receipt of such application and overdue premium, this policy will be reinstated on that 45th day.  If we refuse to place this policy back in force, we will refund your premium.

In any case, this policy will be reinstated on the date that we or our agent accept a premium and do not ask for an application.

The reinstated policy will cover only loss that begins after the date of reinstatement.  In all other respects, you and we will have the same rights under this policy as before it lapsed, subject to any provisions endorsed on or attached to it in connection with reinstatement.

**Suspension During Military Service**

Upon written request, you will be entitled to have your coverage suspended on the date you go on active duty in the military service of any country or international authority.  Such duty includes temporary active duty in a reserve component of the armed forces of the United States, including the National Guard. We will refund that part of any premium paid for the period of such suspension.

You can place this policy back in force without evidence of good health or earned income as of the date active duty ends.  To do so, you must apply in writing and pay the premium, both within 90 days after active duty ends.

We will base your premium on your age and class of risk when this policy was first issued.  If you were disabled while on active duty,  and the condition has been determined by the Secretary of Veterans Affairs to be a condition incurred in the line of active duty, you must have recovered from such disability for at least six months before we will cover a later disability from the same cause.

**Term Changes**

On any premium due date, you can change the term to twelve months or six months or three months. But we will not allow any change which would result in a premium not being due on a policy anniversary.

**GENERAL CONTRACT PROVISIONS**

**Consideration**
We have issued this policy in consideration of the representations in your application and payment of the first term premium. A copy of your application is attached and is a part of this policy.

**Effective Date of Insurance**
Insurance takes effect on the date of issue for the term shown in the schedule page. Each term of this policy starts and ends at 12:01 AM standard time in the place where you live.

*Preliminary term:* If the schedule page shows a preliminary term and premium, this policy will be in force from the start of that period to the date of issue. All of your rights under this policy will begin on the first day of that term instead of on the date of issue. But this will not change the policy anniversary.

**Entire Contract; Changes**
This policy with its riders and attached papers, if any, is the entire contract of insurance. No change in this policy will be valid unless it has been endorsed on or attached to this policy in writing by the president, a vice president, the secretary or an assistant secretary of Berkshire Life.

No agent has authority to change this policy or waive any of its provisions.

**Time Limit on Certain Defenses**    See "Endorsements"
After two years from the date of issue of this policy no misstatements, except fraudulent misstatements, made by the applicant in the application for such policy shall be used to void the policy or to deny a claim for loss incurred or disability (as defined in the policy) commencing after the expiration of the two-year period. No claim for loss incurred or disability (as defined in the policy) that begins after two years from the date this policy begins will be reduced or denied because a disease or physical condition existed prior to the effective date. This assumes that such disability was not excluded from coverage by name or description under this policy.

**Conformity with State Laws**
Any provision of this policy which, on the date of issue, is in conflict with the laws of the state in which you reside on such date is hereby amended to conform to the minimum requirements of such laws.

**Berkshire Life Insurance Company of America**
**700 South Street**
**Pittsfield, Massachusetts 01201**

## ENDORSEMENT AMENDING "TIME LIMIT ON CERTAIN DEFENSES" PROVISION

The policy to which this Endorsement is attached is hereby amended to include:

"In consideration of the issuance of this policy it is understood and agreed that, except for representations made at the time of exercising the Future Increase Option to purchase this policy, the time period stated in the time limit on certain defenses provision of this policy will be measured from the effective date or from the date of last reinstatement, if later, of the policy to which the Future Increase Option Rider is attached."

**Berkshire Life Insurance Company of America**
Signed at Pittsfield, Massachusetts

President

Secretary

SEP 1 3 2003

AMENDMENT TO APPLICATION

This Amendment is made a part of Policy No Z9073840 to which it is attached and becomes effective on the Policy Date

It is hereby requested that the application for insurance made to Berkshire Life Insurance Company of America on July 29, 2003 be amended as follows

Future Increase Option

Question No 16

   Total Amount of Future Increase Option to be exercised   "$500"
   Monthly Indemnity   "$500"

**\*\*\*\*\*\*\*\*\*\***

It is agreed that these amendments and declarations are to be taken and considered a part of said application and subject to the representations and agreements therein, and that the said application and these amendments are to be taken as a whole and considered as the basis, and form part of the contract or policy issued thereon

It is further represented that the statements and answers in said application were complete and true when made and that no changes have occurred which would make said statements and answers incorrect or incomplete as of the present date

The undersigned declare that a duplicate copy of the foregoing amendment to application is attached to the policy

Date _9/08/03_____

_____
Yuri Lyubarsky - Insured

**Berkshire Life Insurance Company of America**
700 South Street
Pittsfield, Massachusetts 01201
*Berkshire Life Insurance Company of America is a subsidiary of
The Guardian Life Insurance Company of America, NY, NY*

**APPLICATION FOR EXERCISE OF FUTURE
PURCHASE OPTION, FUTURE INCREASE
OPTION OR GROUP DISABILITY
REPLACEMENT OPTION – NEW YORK**

1  Proposed Insured  *Yuri Lyubarsky*    2  Date of Birth  *8/5/1955*

3  Social Security Number  *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*    4. Marital Status _____

5  Primary Home Address  *19 Shallowbrook Road Morganville N.J. 07751*
Street, City, State and Zip Code

## Premiums Payable
### (Must Be Completed)

6a  ☐ Annually    ☐ Semiannually    ☐ Quarterly
  ☐ Monthly, by Automatic Payment Plan Premium
  ☑ Add to my existing monthly Automatic Payment Plan Service, number *20191250*
  ☐ Monthly (for list billing only)

  b  If existing list bill, what is list billing number? _____

  c  If new list bill, name of business _____ and common billing date _____

  d. Premium Structure  ☑ Level    ☐ Graded    ☐ Step-Rate (Disability Buy-Out only)

7  Amount paid with application  $ *0*
  Was receipt for amount paid with application delivered to you?    ☐ Yes  ☐ No

8. Premium notices on the new policy will be sent to the same person as under the Policy to which the FPO, FIO or GDR
  being exercised is attached, unless otherwise indicated below

  Mail premium notices to  *Insured*

## Future Purchase Option (FPO)

9  From Policy Number _____    10  Basic Plan/Policy Form No _____

11  Amount of Future Purchase Option to be exercised
  a  ☐ Monthly                                              $ _____
  b  ☐ Lump Sum (Disability Buy-Out only)                   $ _____

12. Total of New Policy                    . . . .    $ _____

13  Supplemental Benefits

  a. **Continuation of Benefits** – If your original policy has any of the following benefits, select those you want to
  continue on the new policy

| Name of Benefit | Yes | No |
|---|---|---|
| COLA _____% | ☐ | ☐ |
| Residual Disability | ☐ | ☐ |
| Lifetime Indemnity/Benefit Period | ☐ | ☐ |
| Presumptive Permanent Disability (for Disability Buy-Out, monthly or down payment funding only) | ☐ | ☐ |
| Other _____ | ☐ | ☐ |

  b  **Addition of Benefits** – Do you want to add any of the following benefits to your new policy
  Adding a benefit to the new policy will require underwriting. Complete Additional Information Questions on Page 4
  and Authorization on Page 6

| Name of Benefit | Yes | No |
|---|---|---|
| COLA _____% | ☐ | ☐ |
| Residual Disability (regular) | ☐ | ☐ |
| Residual Disability (2-year) | ☐ | ☐ |
| Lifetime Indemnity/Benefit Period | ☐ | ☐ |
| Presumptive Permanent Disability (for Disability Buy-Out, monthly or down payment funding only) | ☐ | ☐ |
| Other _____ | ☐ | ☐ |

## Future Increase Option (FIO)

14 From Policy Number _Z 0191290_          15 Policy Form No _1100_

16 Total Amount of Future Increase Option to be exercised . . . . . . . . . . . . . . . . . $ _____
   Monthly Indemnity    . . . . .     .    $ _1,300.00_
   SIO/SIS Benefit        $ _____
   Lump Sum (Disability Buy-Out only)    .    $ _____

17 **Supplemental Benefits**

  **a. Continuation of Benefits** – If your original policy has any of the following benefits, select those you want to continue on the new policy

| Name of Benefit | Yes | No |
|---|---|---|
| COLA _____% | ☐ | ☐ |
| Residual Disability (regular) | ☐ | ☐ |
| Residual Disability (2-year) | ☐ | ☐ |
| Presumptive Permanent Disability (for Disability Buy-Out, monthly or down payment funding only) | ☐ | ☐ |
| Other _____ | ☐ | ☐ |

  **b. Addition of Benefits** – Do you want to add any of the following benefits to your new policy·
  Adding a benefit to the new policy will require underwriting  Complete Additional Information Questions on Page 4 and Authorization on Page 6

| Name of Benefit | Yes | No |
|---|---|---|
| COLA _____% | ☐ | ☐ |
| Residual Disability (regular) | ☐ | ☐ |
| Residual Disability (2-year) | ☐ | ☐ |
| Presumptive Permanent Disability (for Disability Buy-Out, monthly or down payment funding only) | ☐ | ☐ |
| Other _____ | ☐ | ☐ |

## Group Disability Replacement Option (GDR)

18 From Policy Number _____          19 Policy Form No _____

20. Date GLTD Coverage Terminated _____

21. Total Amount of Group Disability Replacement Option . . . . . . . . . .  .   .   $ _____
   Monthly Indemnity   .        .   .   $ _____
   SIO/SIS Benefit     .   .     .     .   $ _____

22 **Supplemental Benefits**

  **a. Continuation of Benefits** – If your original policy has any of the following benefits, select those you want to continue on the new policy

| Name of Benefit | Yes | No |
|---|---|---|
| COLA _____% | ☐ | ☐ |
| Residual Disability (regular) | ☐ | ☐ |
| Residual Disability (2-year) | ☐ | ☐ |
| Partial Disability | ☐ | ☐ |
| Other _____ | ☐ | ☐ |

  **b. Addition of Benefits** – Do you want to add any of the following benefits to your new policy
  Adding a benefit to the new policy will require underwriting  Complete Additional Information Questions on Page 4 and  Authorization on Page 6.

| Name of Benefit | Yes | No |
|---|---|---|
| COLA _____% | ☐ | ☐ |
| Residual Disability (regular) | ☐ | ☐ |
| Residual Disability (2-year) | ☐ | ☐ |
| Partial Disability | ☐ | ☐ |
| Other _____ | ☐ | ☐ |

## Employment Information
### (Must Be Completed)

**23a** Occupation(s) _President_    **b** Exact duties _MANAGER of BUSINESS 100%_

**c** Nature of Business _medical care_

**d** Insured's annual earned income (net income before taxes) for last full tax year    $ _196,000_

**e** Other Income (investments, rents, etc) Source_____    $ _____

**f** Are you now disabled?    ☐ Yes    ☒ No        **g** Are you working full time?    ☒ Yes    ☐ No

**h** <u>For Overhead Expense</u> Your share of covered expenses? $_____ , and _____% of total

## Existing Insurance
### (Must Be Completed)

**24 Existing Disability Income, Overhead Expense and Disability Buy-Out Insurance**

(Describe all coverage in force, including individual, franchise, association, group, or government plans and any disability insurance terminated within the last six months)

| Company | Monthly Benefit | Policy Date Mo/Day/Yr | Benefit Period | Other Benefits | Terminated or To be Terminated? | |
|---|---|---|---|---|---|---|
| _BERKSHIRE_ | $_6000_ | _9/1/2002_ | _65_ | _N/A_ | ☐ Yes, Date | ☒ No |
| | $ | | | | ☐ Yes, Date | ☐ No |
| | $ | | | | ☐ Yes, Date | ☐ No |

**25 Details and Special Requests**

(Include requests for any additional or alternate policies  Give details for YES answers to Questions pertaining to Aviation Travel and Avocation and Underwriting Information )

MR. Yuri Lyubarsky's income: (current)

The attached:

a) dividend check — $10,000 — per month

b) salary check — 1,923.00 (gross) every two weeks

c) income from Y.S.L MEDICAL supplies, inc

for current year between 25,000 - 30,000.

Total income for year 2003 → $196,000.

That's why Mr Y. Lyubarsky can buy (under F10)
1,300.00 per month. (additional monthly benefit)

P.S. policy date — 9/01/03

**Additional Information – Complete Questions 26, 27 and 28 when adding any benefit to the new policy.**

**26a** Primary Home Address: _____
Street, City, State and Zip Code

**b** Home Telephone Number _____   **c.** How many years at this address? _____

**d** Business Address: _____
Street, City, State and Zip Code

**e** Business Telephone Number _____   **f** How many years at this address? _____

**g** Previous address of Proposed Insured if moved during past 3 years ☐ Residence **or** ☐ Business

 from _____

 to _____

**h** Employer (if business) _____

**i** Address _____
Street, City, State and Zip Code

## 27 Aviation Travel and Avocation

**a.** Within the past three years (1) have you flown or (2) do you contemplate flying as a student pilot, pilot, crew member, or with any duties aboard an aircraft in flight?
(Complete Aviation Supplement if answer is "Yes" )                          ☐ Yes    ☐ No

**b** Do you contemplate a change in residence to or travel in a foreign country?       ☐ Yes    ☐ No

**c** Within the past three years, have you participated in or do you contemplate participating in scuba diving, sky diving, hang gliding, any form of motor racing, or any other hazardous activities?                                                          ☐ Yes    ☐ No

## 28. Underwriting Information–give details of **Yes** answers in Details and Special Requests Section
**Since the effective date of coverage for the insured:**

**a** Has there been a change in occupation?                               ☐ Yes    ☐ No

**b** Has there been any illness, injury or surgical operation?                  ☐ Yes    ☐ No

**c** Has a physician or any other practitioner been consulted, or has any lab, X-ray, or diagnostic testing been done?                                                   ☐ Yes    ☐ No

**d** Has an application for a policy or reinstatement of a life or health policy been declined, rated-up, postponed, or modified as to kind or amount?                   ☐ Yes    ☐ No

**e.** Are you, the undersigned, aware of any impairment in health of the insured(s)?    ☐ Yes    ☐ No

**f** Are you, the undersigned, aware of the use of tobacco in any form by the insured(s) in the last 12 months?                                               ☐ Yes    ☐ No

**g.** The name(s) and address(es) of the insured physician(s) _____
Name

_____
Address (Street, City, State and Zip Code)

**h** This physician, or any other, was last consulted by the insured

Date_____ Reason _____ Results_____

I (we) represent that the answers in this application to Berkshire Life Insurance Company of America are true and complete, and that together with the statements of the Proposed Insured in any evidence of insurability furnished shall form the basis and be a part of the contract of insurance, if issued. It is also understood and agreed that

Insurance in the amount of the Option resulting from the exercise of the Future Purchase Option, Future Increase Option or Group Disability Replacement Option shall take effect as provided in the agreement or provision providing the Option Insurance in excess of the Option, if any, and additional benefits desired, if any, shall not take effect until (1) insurance in the amount of the Option takes effect, and (2) a policy including (in addition to insurance in the amount of Option) such excess insurance and/or additional benefits is delivered to the Owner while the health and other conditions affecting insurability of the Proposed Insured remains as described in the Application or in any evidence of insurability furnished with this Application, and (3) the required premium has been paid

The word "Option" refers to the Options to Purchase Additional Insurance provided in an agreement attached to the policy indicated. By exercising the Option, the owner hereby elects, pursuant to said Option agreement, to purchase such additional insurance for the Option amount indicated and on the Option date indicated

No information acquired by any representative of the Company shall bind the Company unless it shall have been set out in writing in this Application. Only the President, a Vice President, the Secretary or an Assistant Secretary may make, modify, or discharge contracts or waive any of the Company's requirements, and then only in writing

I, the Proposed Insured, acknowledge receipt of the Notice of Insurance Information Practices, the Fair Credit Reporting Act Disclosure, and the Medical Information Bureau Pre-Notice

Under the penalties of perjury, I, the Owner, certify (1) that the Number shown on this application is my correct Taxpayer Identification Number and (2) that I am not subject to backup withholding under the Internal Revenue Code either because (a) I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (b) the Internal Revenue Service has notified me that I am no longer subject to backup withholding

Signed at _Brooklyn N.Y. 07/29/63_          Signed _____
      City, State         Mo-Day-Yr                 Proposed Insured

Witness _____          Signed _____
                                                     Owner (if other than Proposed Insured)

Consent of Assignee (Assignment to Continue)

Signed _____
                                  Assignee

**Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.**

**Berkshire Life Insurance Company of America**
700 South Street
Pittsfield, Massachusetts 01201
*Berkshire Life Insurance Company of America is a subsidiary of*
*The Guardian Life Insurance Company of America  NY NY*

**PART I–FINANCIAL SUPPLEMENT**

---

**Full Name of Proposed Insured**

(Print–First Name, Middle Initial, Last Name–Leave space between names)

**Date of Birth**

Mo  Day   Year

| Y U R I   L Y U B A R S K I |

| 08 05 1955 |

**A. Income**  Fill in amounts requested for last year and two years ago using the Proposed Insured's individual and/or business income tax returns and supporting schedules  **Note:** Do not list income that is not reported to the IRS  Explain in Section C any significant fluctuations between years  Describe any changes since the end of the most recent calendar year  Put loss amounts in parentheses

| Earned Income | Actual* Year to Date | Actual Last Calendar Year *2003* | Actual 2 Calendar Years Ago *2002* |
|---|---|---|---|
| 1  **Non-owner/employee's salary and bonus** from Form W-2 | | | |
| 2  **Owner/employee's salary and bonus** from Form W-2 | *Appro.* 190,000 | 165,000 | 164,000 |
| 3.  **Amount of after-tax corporate earnings,** excluding salary and/or bonus, taxable as personal income | — | — | — |
| 4.  **Sole proprietor net income or loss (after expenses)** from Form 1040 Schedule C  If spouse has duties, explain in Section C | — | — | — |
| 5.  **Share of partnership net income or loss (after expenses)** shown on the Proposed Insured's Schedule K-1 | — | — | — |
| 6.  **Pension plan contributions or other amounts** that the Proposed Insured had the option to receive as salary and would cease if the Insured were disabled | | | |
| 7.  **Other earned income** (explain source in Section C) | — | — | — |
| 8.  **Total earned income** – add amounts above | | 165,000 | 164,199 |
| 9  **Unearned income.** This includes capital gains, interest, dividends, tax exempt unearned income, income from other investments, net rental income, pensions, annuities, and alimony  If none, so state | | | |

*Do Not Estimate

10.  Have there been any changes in your job or business which are likely to result in a significant difference between current years earnings and the last calendar year? (If Yes, describe in Section C)

**Yes**  ☐   **No**  ☑

11.  Estimate your **Net Worth** (gross worth less any mortgage loans and other debts) (Give details in Section C)

$  *1.3 mil*

Cash, Savings, Stocks, Bonds, Cash Value of Life Insurance  $  *1.8 mil*
Interest in your business (excluding goodwill)  $  *100%*
Personal Property  $  *low*
Real Estate Residential Only  $  ———
Other Real Estate  $  ———
Other (give details in Section C)  $  ———

---

**12.** Has the Proposed Insured or any business owned in whole or in part by the Proposed Insured ever been (a) in bankruptcy or (b) named as debtor by a creditors' committee, or (c) entered into a composition agreement with creditors, or (d) named in a receivership action? (If Yes, give details in Section C)

**Yes** ☐  **No** ☑

Date Discharged _____ Where _____

| Month/Day/Year | City | County | State |

**B** **Business Insurance** – complete when the beneficiary, owner or payor is the business (Overhead and Disability Buy-Out Insurance)

The following questions apply to _____

Name of Business

**1.** Give names of all officers, key persons or partners (If there are any on whom business insurance is not carried or proposed, explain in Section C )

| Name | Title | % Owned | Business Ins in Force | Business Ins Proposed |
|------|-------|---------|------------------------|------------------------|
|      |       |         | $                      | $                      |
|      |       |         |                        |                        |
|      |       |         |                        |                        |

**2.** Has the business ever been (a) in bankruptcy or (b) named as debtor by a creditors' committee, or (c) entered into a composition agreement with creditors, or (d) named in a receivership action? (If Yes, give details in Section C )

**Yes** ☐  **No** ☐

Date Discharged _____ Where _____

| Month/Day/Year | City | County | State |

**3.** If to cover a business loan, give loan amount, purpose, and repayment schedule

_____

**4.** Business Financial

|  | | Actual* Year to Date | Actual Last Calendar Year | Actual 2 Calendar Years Ago |
|---|---|---|---|---|
| a Total Assets | d Gross Annual Sales | | | |
| b Total Liabilities | e Net Profit after Taxes | | | |
| c Business Net Worth (a – b) | | | | |

**5.** Estimated Fair Market Value $_____

**C.** **Remarks** (Show any details to your answers here)

*Do not estimate

**It is understood and agreed as follows**

The statements and answers made above are true and complete and correctly recorded  The Company may rely on them to determine the amount, if any, of insurance it will issue, and they shall form a part of the contract of insurance if issued

If no written buy-sell agreement is in place, one must be executed before a disability occurs which would qualify for benefits under the policy  Otherwise, Berkshire will have no liability  We will require a written assurance within one year of the policy date that an agreement is in place  If no assurance is received, the policy will be voided and the premiums refunded

Signed at _Brooklyn_ _NY_                          Date _07/29_ _2003_

Witness _____          Proposed Insured _____

Witness _____          Officer of Corporation or Business Principal _____

**Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information, or conceals for the purpose of misleading, information concerning any fact material thereto, commits a fraudulent insurance act, which is a crime, and shall also be subject to a civil penalty not to exceed five thousand dollars and the stated value of the claim for each such violation.**

71-FS NY (06/01)                          **Page 2**

THIS IS A DUPLICATE POLICY ISSUED IN LIEU OF LOST POLICY NUMBER Z9073840
ORIGINALLY ISSUED SEPTEMBER 1 2003.


PITTSFIELD, MASSACHUSETTS                    BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA
MAY 22 2018

SECRETARY

**Exhibit B**

☐ The Guardian Life Insurance
Company of America

☐ **Berkshire Life**
**Insurance Company of America**
700 South Street
Pittsfield, MA 01201

**DUPLICATE/SPECIMEN POLICY DISCLAIMER**

Please check the appropriate company(ies). Any insurer checked above is herein referred to as the "Company."

*Berkshire Life Insurance Company of America is a wholly owned stock subsidiary of and an administrator for The Guardian Life Insurance Company of America, New York, NY*

This policy is a duplicate of the original policy, No. _____ Z0191290 _____ , dated _____ September 1, 2002 _____ , with the following exceptions.

1. The typestyle and location of information in certain portions of this policy may be different from the originally issued policy.

2. The signatures of any company officers which appear on the duplicate policy may differ from those on the original policy if at the time the duplicate policy was produced, those company officers were not the same as when the original policy was issued.

3. The address of the company home office may be different from that on the original policy.

3913-3-2005

**Berkshire Life Insurance Company of America**
700 South Street • Pittsfield, Massachusetts 01201
413-499-4321

This policy is issued by
Berkshire Life Insurance Company of America, a subsidiary
of the Guardian Life Insurance Company of America, NY, NY

Berkshire Life hereby furnishes insurance to the extent set
out in this policy. All of the provisions on this and pages
which follow are part of this policy.

Secretary
Berkshire Life Insurance Company
of America

President
Berkshire Life Insurance Company
of America

*You* and *your* mean the person insured.
*We, us, our,* and *Berkshire Life* mean the
Berkshire Life Insurance Company of America.

## NONCANCELLABLE AND GUARANTEED RENEWABLE TO AGE 65

You may renew this policy at the end of each term until you are age 65. During that time, we cannot
change the premium or cancel this policy.

## CONDITIONAL RIGHT TO RENEW AFTER AGE 65– PREMIUMS CAN CHANGE

After you are age 65, you may renew this policy at the end of each term as long as you are at work full
time. There is no age limit. But you must be at work at least thirty hours each week for at least ten
months each year.

Your premium will be at our rates then in effect for persons of your age and class of risk. We have the
right to change such premiums on a class basis on any policy anniversary.

## NOTICE OF TEN DAY RIGHT TO REVIEW POLICY

You have ten days to review this policy from the date you receive it. Within that time, you can deliver or
mail it to our home office or to any authorized agent or agency for a prompt refund of all premiums. This
policy will then be void from the start.

## Disability Income Policy
Non-Participating

**DUPLICATE POLICY**

5/22/18

*Berkshire Life Insurance Company of America is a subsidiary of*
*The Guardian Life Insurance Company of America, NY, NY*


GUARDIAN®

## SCHEDULE PAGE

INSURED- YURI LYUBARSKY

OWNER- YURI LYUBARSKY

LOSS PAYEE- YURI LYUBARSKY

POLICY NUMBER- Z0191290

DATE OF ISSUE- 09/01/2002

LAST CHANGE DATE- 09/01/2002

TERM- 12 MONTHS

OCCUPATION CLASS- 4        DATE OF BIRTH- 08/05/1955       AGE AT ISSUE-  47

PREMIUM DISCOUNT CLASS- PREFERRED
                  - NON-TOBACCO USER

ANNUAL PREMIUM FOR:
- BASIC BENEFITS                                       $3,482.40
- AUTOMATIC INCREASE RIDER (FORM NO. 1106)        $42.60
- FUTURE INCREASE OPTION RIDER (FORM NO. 1105)     $115.00

                            TOTAL ANNUAL PREMIUM* -    $3,640.00
                               TERM PREMIUM -    $3,640.00

### --- ELIMINATION AND ACCUMULATION PERIODS ---

ELIMINATION PERIOD-  3 MONTHS        ACCUMULATION PERIOD- 7 MONTHS

*MODAL PREMIUMS (FIRST YEAR):

FIRST YEAR ANNUAL PREMIUM IS $3,640.00. THIS INCLUDES A $30.00 POLICY FEE.

    -IF YOU CHOSE A SEMI-ANNUAL PREMIUM YOU WILL PAY $1,874.60 EVERY 6 MONTHS.
    THIS MEANS YOU ARE PAYING AN ADDITIONAL $109.20 OR 3.00% PER YEAR, OR A
    TOTAL ANNUALIZED PREMIUM OF $3,749.20.
    -IF YOU CHOSE A QUARTERLY PREMIUM YOU WILL PAY $956.05 EVERY 3 MONTHS.
    THIS MEANS YOU ARE PAYING AN ADDITIONAL $184.20 OR 5.06% PER YEAR, OR A
    TOTAL ANNUALIZED PREMIUM OF $3,824.20.
    -IF YOU CHOSE A MONTHLY PREMIUM YOU WILL PAY $312.43 EVERY MONTH. THIS
    MEANS YOU ARE PAYING AN ADDITIONAL $109.16 OR 3.00% PER YEAR, OR A
    TOTAL ANNUALIZED PREMIUM OF $3,749.16.
    -IF YOU CHOSE AN AUTOMATIC PAYMENT PLAN YOU WILL PAY $312.43 EVERY MONTH.
    THIS MEANS YOU ARE PAYING AN ADDITIONAL $109.16 OR 3.00% PER YEAR, OR A
    TOTAL ANNUALIZED PREMIUM OF $3,749.16.

THE ADDITIONAL CHARGE THAT IS ADDED FOR PAYING IN INSTALLMENTS WILL REMAIN THE
SAME FOR THE LIFE OF THE POLICY.  PREMIUMS DO NOT REFLECT AUTOMATIC INCREASE
RIDER PREMIUMS.  MODAL PREMIUMS DO NOT REFLECT ALL DISCOUNTS YOU MAY QUALIFY FOR.

DUPLICATE POLICY

--- BENEFIT PERIOD ---

TO AGE 65 IF DISABILITY BEGINS BEFORE AGE 60
60 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 60 BUT BEFORE AGE 61
48 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 61 BUT BEFORE AGE 62
42 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 62 BUT BEFORE AGE 63
36 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 63 BUT BEFORE AGE 64
30 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 64 BUT BEFORE AGE 65
24 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 65 BUT BEFORE AGE 75
12 MONTHS IF DISABILITY BEGINS AT OR AFTER AGE 75

POLICY NUMBER - Z0191290

--- TABLE OF BASIC BENEFITS ---

- MONTHLY INDEMNITY                              $6,000
- CAPITAL SUM                                    $72,000


--- TABLE OF OPTIONAL BENEFITS ---


THE RENEWAL PROVISION OF EACH OPTIONAL RIDER MAY DIFFER FROM THAT OF THIS
POLICY.  SEE EACH RIDER FOR DETAILS.

- AUTOMATIC INCREASE (FORM NO. 1106)

- FUTURE INCREASE OPTION (FORM NO. 1105)
     TOTAL INCREASE OPTION                       $2,000


--- BENEFITS AND PREMIUMS AFTER AGE 65 ---

IF YOU RENEW THIS POLICY WHEN YOU ARE AGE 65, WE WILL ISSUE A NEW SCHEDULE
PAGE AT THAT TIME.  BENEFITS WILL BE LIMITED TO THOSE SHOWN IN THE TABLE OF
BASIC BENEFITS ABOVE.

PREMIUMS FOR THIS POLICY MAY INCREASE ON RENEWAL AT OR AFTER AGE 65 AND WILL
BE AT OUR RATES THEN IN EFFECT FOR PERSONS OF YOUR AGE AND CLASS OF RISK.

                    LICENSED RESIDENT AGENT'S COUNTERSIGNATURE


_____

                         (IN STATES WHERE REQUIRED)

TABLE OF INCREASES                          POLICY NUMBER- Z0191290

THIS TABLE SHOWS THE ANNUAL INCREASES THAT WILL OCCUR UNDER THE TERMS OF
AUTOMATIC INCREASE RIDER FORM NO. 1106.

THE MONTHLY INDEMNITY AND THE ANNUAL PREMIUM FOR THIS POLICY WILL
AUTOMATICALLY INCREASE BY THE FOLLOWING AMOUNTS ON EACH INCREASE DATE:

| INCREASE DATE | INCREASE IN MONTHLY INDEMNITY | INCREASE IN ANNUAL PREMIUM FOR THIS POLICY |
|---|---|---|
| 09/01/2003 | $240 | $142.15 |
| 09/01/2004 | $250 | $152.40 |
| 09/01/2005 | $260 | $162.99 |
| 09/01/2006 | $270 | $173.18 |
| 09/01/2007 | $290 | $189.54 |
| TOTAL OF ALL INCREASES: | $1,310 | $820.26 |

EACH INCREASE IN MONTHLY INDEMNITY IS SUBJECT TO TIMELY PAYMENT OF THE NEW
PREMIUM DUE.

THE CAPITAL SUM BENEFIT INCREASES EACH YEAR BY 12 TIMES THE AMOUNT OF INCREASE IN
THE MONTHLY INDEMNITY.

IF YOU DO NOT ACCEPT AN INCREASE, YOUR REFUSAL REDUCES THE AMOUNTS OF MONTHLY
INDEMNITY AND CHANGES THE PREMIUMS FOR THE SUBSEQUENT YEARS IN THIS TABLE.  YOUR
REFUSAL IN NO WAY EXTENDS THE LAST INCREASE DATE SHOWN.

This policy is a legal contract between
**you and [Berkshire Life Insurance Company of America]. READ IT WITH CARE.**

## INDEX

The major provisions of this policy appear on the following pages:

| | |
|---|---|
| Renewal Provisions | Pages 1, 7 and 8 |
| Exclusions and Limitations | Page 3 |
| Definitions | Pages 3 and 4 |
| Benefit Provisions | Pages 4, 5 and 6 |
| Claim Provisions | Pages 6 and 7 |
| General Provisions | Page 9 |

Accumulation Period ..................................................................................................................3
Age ............................................................................................................................................7
Benefit Period ...........................................................................................................................3
Capital Sum Benefit ..................................................................................................................5
Consideration ............................................................................................................................9
Effective Date ...........................................................................................................................3
Elimination Period .....................................................................................................................9
Entire Contract ..........................................................................................................................9
Grace Period .............................................................................................................................7
Injury .........................................................................................................................................3
Incontestable ............................................................................................................................9
Legal Actions ............................................................................................................................7
Medical Care Requirement .......................................................................................................4
Military Suspension ...................................................................................................................8
Misstatement of Age .................................................................................................................7
Monthly Indemnity .....................................................................................................................3
Notice of Claim ..........................................................................................................................6
Payment of Claims ....................................................................................................................7
Policy Anniversary .....................................................................................................................7
Presumptive Total Disability ......................................................................................................5
Recurrent Disability ...................................................................................................................5
Rehabilitation Benefit .................................................................................................................5
Reinstatement ...........................................................................................................................8
Sickness ....................................................................................................................................4
Termination ................................................................................................................................8
Total Disability Benefit ...............................................................................................................4
Total Disability Defined ..............................................................................................................4
Transplant and Cosmetic Surgery .............................................................................................6
Waiver of Premium Benefit ........................................................................................................6

Additional benefits, if any, are shown in the schedule page
and are described in the rider forms attached to this policy.

If you have questions about your policy,
you may call [Berkshire Life Insurance Company of America] at 1-800-819-2468 or 413-499-4321.

1100 NJ (06/01)

## EXCLUSIONS AND LIMITATIONS

**Normal Pregnancy Limitation**
We will not pay benefits for normal pregnancy or childbirth during the first 3 months of total disability or, the elimination period, if longer.

**Foreign Residency Limitation**
We will not pay benefits for more than twelve months during the lifetime of this policy when you are not a resident of the United States or Canada.

**Preexisting Condition Limitation**
We will not cover any loss that begins in the first two years after the date of issue from a preexisting condition.

A *preexisting* condition means a physical or mental condition:
- which was misrepresented or not disclosed in your application; and
- for which you received a physician's advice or treatment within two years before the date of issue; or
- which caused symptoms within one year before the date of issue for which a prudent person would usually seek medical advice or treatment.


## DEFINITIONS

**Accumulation Period**
The accumulation period is shown in the schedule page.  It is a period of consecutive months that begins on the first day that you are disabled and during which the elimination period must be satisfied.

**Benefit Period**
The benefit period is shown in the schedule page.  It is the longest period of time for which we will pay indemnity for continuous disability from the same cause.

**Elimination Period**
The elimination period is shown in the schedule page.  It is the number of months for which we will not pay benefits at the start of a claim.  You must be disabled, from the same cause or a different cause for this entire period.  The days within this period need not be consecutive but they must occur within the accumulation period. Each month of continuous disability will be calculated from the date disability began to the same date in each subsequent month. For periods of disability that are less than one month, we will consider each day of disability to be 1/30 of a month.

**Injury**
Injury means accidental bodily injury which occurs while this policy is in force.

**Loss Payee**
The insured is the loss payee unless some other person is named in the schedule page.  The loss payee is designated by the owner of the policy, who may be the insured or some other person named as owner on the schedule page.  We will pay all benefits to the loss payee.

**Monthly Indemnity**
The monthly indemnity is shown in the schedule page.  It is the amount we will pay for each month of total disability.

**Owner**
You are the owner unless some other person is named in the schedule page. The owner has the right to renew this policy; to request a change in benefits; and to change the loss payee.

**Physician**
Physician means a legally qualified physician or surgeon other than the insured who is acting within the scope of his or her license.

**Sickness**
Sickness means a sickness or disease which is diagnosed and treated while this policy is in force.

**Total Disability**
Total disability means that, because of sickness or injury, you are not able to perform the material and substantial duties of your occupation. Your occupation means the regular occupation (or occupations, if more than one) in which you are engaged at the time you become disabled.

You will be totally disabled even if you are at work in some other capacity so long as you are not able to work in your occupation.

If your occupation is limited to a single medical specialty certified by the American Board of Medical Specialties or a single dental specialty recognized by the American Dental Association, we will deem your specialty to be your occupation.

**BENEFIT PROVISIONS**

**Total Disability Benefit**
When you are totally disabled we will pay the monthly indemnity as follows:
- You must become totally disabled while this policy is in force.
- You must remain so disabled for the length of the elimination period. No indemnity is payable during that period.
- After that, monthly indemnity will be payable at the end of each month while you are totally disabled.
- Monthly indemnity will stop at the end of the benefit period or, if earlier, on the date you are no longer totally disabled.

We will not increase the rate of monthly indemnity because you are totally disabled from more than one cause at the same time.

**Medical Care Requirement**
We will not pay benefits under this policy for any period of disability during which you are not under the care of a physician. Such care must be appropriate, according to generally accepted medical standards, for the condition which is causing the disability, and must be provided by a physician whose specialty is appropriate for your sickness or injury.

We will waive the medical care requirement during any claim under this policy upon reasonable proof that your sickness or injury no longer requires the regular care of a physician under prevailing medical standards. Such waiver will not restrict our rights under the provision of this policy called "Physical examinations."

**Fractional Month**
We will pay benefits at the rate of 1/30 of the monthly indemnity for each day for which we are liable when you are disabled for less than a full month.

**Waiver of Elimination Period**

We will waive the elimination period if you become disabled within five years after the end of a prior period of disability which lasted more than six months and for which we paid benefits.

**Recurrent Periods of Disability**

After the elimination period has been satisfied, we will consider recurrent periods of disability to be one continuous period of disability if they result from the same cause or causes and are not separated by a recovery of more than:

- 12 months if the benefit period is to age 65 or longer and recurrence occurs before age 60; or
- 6 months in all other instances, including recurrence at or after age 60.

If a recurrent period of disability arises from a different cause, we will consider your loss to be a separate and unrelated period of disability.

**Capital Sum Benefit**

The capital sum is shown in the schedule page. This lump sum is in addition to any other indemnity payable under this policy.

A capital loss means the entire loss of the sight in one eye, with no possible recovery; or the complete loss of a hand or foot by severance through or above the wrist or ankle. Such loss must result from sickness or injury.

If you suffer a capital loss while this policy is in force and survive it for 30 days, we will pay the capital sum for each such loss. But we will not pay for more than two such losses in your lifetime. If this policy has terminated, we will pay for a capital loss which results from an injury sustained while this policy was in force and which occurs within 90 days after the date of that injury.

**Presumptive Total Disability Benefit**

We will always consider you to be totally disabled, even if you are at work, if sickness or injury results in your total and complete loss of:

- the sight of both eyes; or
- the hearing of both ears; or
- the power of speech; or
- the use of two arms, or two legs, or one arm and one leg, in their entirety.

We will waive the unexpired part of the elimination period from the date of loss. We will pay the monthly indemnity each month while such loss continues from the date of loss to the end of the benefit period. You must give us satisfactory proof of loss. But you do not have to be under the continuing care of a physician.

**Rehabilitation Benefit**

If you enroll in a rehabilitation program while you are totally disabled, we will pay a benefit to meet some of the costs you may incur. All of the following conditions apply:

- We must agree to the program in writing before you enroll.
- The program must be a formal plan of retraining that will help you to return to work in your occupation.
- It must be directed by an organization or individual who is licensed or accredited to provide vocational training or education to persons who are totally disabled.
- We will pay only those costs which are not otherwise covered by health care insurance, workers' compensation, or any public fund or program.

**Transplant and Cosmetic Surgery Benefit**

If you are totally disabled because of:

- the transplant of a part of your body to another person, or
- cosmetic surgery to improve your appearance or correct a disfigurement,

we will deem you to be disabled as the result of sickness.

**Waiver of Premium Benefit**

If you are totally disabled for at least 3 months (or the length of the elimination period, if shorter), we will refund any premiums due and paid during that period. Then we will waive any later premium that falls due while you are continuously so disabled or within 3 months after you recover.

On each waiver, we will renew this policy for another term of the same length as that in effect when claim began. If that term was less than twelve months and you are still disabled and eligible for waiver on a policy anniversary, we will then change the term to twelve months.

You have the right to resume payment of premiums when you recover and the waiver of premium benefit ends. At that time, you can change the term back to its original length if you wish.

This waiver of premium benefit will also apply if monthly indemnity is payable because you have met the requirements of any of the provisions called Waiver of Elimination Period, Recurrent Periods of Disability, or Presumptive Total Disability Benefit.

Nothing in this provision will change the conditions for renewal after age 65 that require you to be at work full time.

CLAIM PROVISIONS

**Notice of Claim**

You must give us notice of claim within 30 days after any loss which is covered by this policy occurs or starts, or as soon after that as is reasonably possible. Notice, with sufficient information to identify you, will be deemed notice to us if given to us at our home office, 700 South Street, Pittsfield, MA 01201, or to an authorized Agent.

**Claim Forms**

When we get your notice of claim, we will send claim forms for filing proof of loss. If we do not send you such forms within 15 days after your notice, you may submit a written statement within the time fixed in this policy for filing proof of loss, which proves the nature and extent of the loss for which claim is made.

**Time for Filing Proof of Loss**

We are liable for benefits at the end of each month while you are disabled beyond the elimination period until the benefit period ends or, if earlier, the date you recover.

You must give us proof of loss at our home office or at any authorized agency office:

- for loss from disability within 90 days after the end of the period for which we are liable; and
- for any other loss within 90 days after the date of the loss.

If you cannot reasonably give us proof of loss within such time, we will not deny or reduce claim if you give us proof as soon as possible. But we will not pay benefits in any case if proof is delayed for more than one year, unless you have lacked legal capacity.

**Time of Payment of Claims**
Subject to due written proof of loss, we will pay all accrued indemnity for disability each month. Any amounts unpaid when our liability ends will be paid immediately after we receive due written proof of loss.

We will pay benefits for any other covered loss immediately after we receive due written proof of loss.

**Payment of Claims**
We will pay all benefits of this policy to the loss payee.

If you are the loss payee, any accrued benefits unpaid at your death will be paid to your estate.

If any benefit of this policy becomes payable to your estate or to a minor or incompetent person, we may pay such benefit, up to $1000, to any of your relatives by blood or marriage who we believe has a right to it. Any payment made in good faith under this provision will fully discharge us to the extent of such payment.

**Physical Examination**
We shall have the right and opportunity to have you medically examined at our expense when and as often as we may reasonably require while you claim to be disabled under this policy.

**Legal Actions**
No one can bring an action at law or in equity under this policy until 60 days after written proof has been furnished as required by this policy. In no case can an action be brought against us more than three years after written proof must be furnished.

**Misstatement of Age**
If your age has been misstated, the benefits will be what the premium paid would have bought at the correct age. If we would not have issued this policy at your correct age, there will be no insurance and we will owe only a refund of all premiums paid for the period not covered by this policy.

## PROVISIONS RELATING TO PREMIUM AND RENEWAL

**Age**
When we refer to a specific age -- such as age 65 -- we mean your age as of the policy anniversary that first occurs on or after the birthday on which you attain that age.

**Policy Anniversary**
A policy anniversary is the recurrence each year of the date of issue.

**Premium and Grace Period**
The term premium is shown in the schedule page. Premiums are due on the first day of each term. You have a grace period of 31 days in which to pay each premium due after the first one.

This policy stays in force during the grace period. If you have not paid the premium by the end of the grace period, this policy will lapse at 12:01 AM the next day.

If you die, we will refund to your estate that part of any premium which applies to the period after your date of death.

1100 NJ (06/01)

## Termination of This Policy At or After Age 65

If you are not at work full time at the end of any term when you are age 65 or older, except by reason of total disability, this policy will terminate.

Termination will not prejudice any claim for total disability:

- which begins while this policy is in force; or
- which begins within 31 days after the date of termination as the result of an accident that occurred while this policy is in force.

If we accept any premium after you are age 65, this policy will stay in force to the end of the term which that premium covers.

## Reinstatement

If this policy has lapsed at the end of the grace period, you can still keep it in force by paying the first overdue premium within 45 days of the time it was due.

After that, you can apply to reinstate this policy by completing an application and paying all overdue premiums. If we approve your application, your policy will be placed back in force on the date of such approval.

But if we have not approved or refused your application in writing within 45 days after receipt of such application and overdue premium, this policy will be reinstated on that 45th day.  If we refuse to place this policy back in force, we will refund your premium.

In any case, this policy will be reinstated on the date that we or our agent accept a premium and do not ask for an application.

The reinstated policy will cover only loss that begins after the date of reinstatement.  In all other respects, you and we will have the same rights under this policy as before it lapsed, subject to any provisions endorsed on or attached to it in connection with reinstatement.

## Suspension During Military Service

We will suspend this policy on the date you go on active duty in the military service of any country or international authority.  Such duty will not include temporary active duty by reservists for military training that lasts 90 days or less.  We will refund that part of any premium paid for the period of such suspension.

You can place this policy back in force without evidence of good health or earned income as of the date of your discharge.  To do so, you must apply in writing and pay the premium, both within 90 days after active duty ends.

We will base your premium on your age and class of risk when this policy was first issued.  If you were disabled on or before the date of discharge, you must have recovered for at least six months before we will cover a later disability from the same cause.

## Term Changes

On any premium due date, you can change the term to twelve months or six months or three months.  But we will not allow any change which would result in a premium not being due on a policy anniversary.

20191290

## GENERAL CONTRACT PROVISIONS

**Consideration**

We have issued this policy in consideration of the representations in your application and payment of the first term premium.  A copy of your application is attached and is a part of this policy.

**Effective Date of Insurance**

Insurance takes effect on the date of issue for the term shown in the schedule page.  Each term of this policy starts and ends at 12:01 AM standard time in the place where you live.

*Preliminary term:*  If the schedule page shows a preliminary term and premium, this policy will be in force from the start of that period to the date of issue.  All of your rights under this policy will begin on the first day of that term instead of on the date of issue.  But this will not change the policy anniversary.

**Entire Contract; Changes**

This policy with its riders and attached papers, if any, is the entire contract of insurance.  No change in this policy will be valid unless it has been endorsed on or attached to this policy in writing by the president, a vice president, the secretary or an assistant secretary of Berkshire Life.

No agent has authority to change this policy or waive any of its provisions.

**Incontestable**

This policy will be incontestable as to the statements, except fraudulent statements, contained in the application after it has been in force for a period of two years during your lifetime. No claim for a disability, as it is defined in the policy, that begins after two years from the effective date will be reduced or denied because a disease or physical condition existed prior to the effective date. This assumes that such disability was not excluded from coverage, by name or description, under this policy.

**Conformity with State Laws**

Any provision of this policy which, on the date of issue, is in conflict with the laws of the state in which you reside on such date is hereby amended to conform to the minimum requirements of such laws.

Berkshire Life Insurance Company of America
700 South Street
Pittsfield, MA 01201

# FUTURE INCREASE OPTION RIDER

This rider is part of this policy and subject to all its conditions.

**Premium and Renewal**

This rider will expire and no further premium will be due for it after you are age 55 or, if earlier, after you use your last option.

The premium for this rider on the date of issue is shown in the schedule page. Each time you use an option, we will reduce that premium in proportion to the amount of insurance you have bought.

**Exercising an Increase Option**

This rider gives you the right to buy more disability income insurance in future years in spite of any change in your health or occupation. We call the added insurance an increase option.

The increase option will be issued on a separate policy form which is most like this policy then in use in the place where you live or, at our choice, will be added to this policy.

The total increase option is shown in the schedule page. This is the maximum amount of monthly indemnity which you may buy under this rider on all option dates combined. Your option date each year is the policy anniversary.

Until you are age 45, you may buy all or part of the total increase option on any one option date. On and after age 45, you may buy up to one third of the total increase option on any option date.

### Exercising an Increase Option When Disabled

We will allow you to exercise an increase option when you are disabled under this policy on an option date. The increase option will take effect immediately for the disability that exists on the option date. We will deem that you were first disabled on the date of issue of the increase option. You will then have to satisfy all conditions of the policy for payment of benefits, including any elimination period.

Your earned income for purposes of the increase option will be deemed to be your rate of earnings just before you became disabled under this policy.

If the premiums of this policy are waived on an option date, we will waive the premium of the increase option under the same conditions which apply to this policy.

**Conditions and Limitations**

All of the following conditions apply on any option date:

- You must apply in writing at least 30 days before the option date on which such increase will take effect. The required premium for the increase option must be paid at time of application if we are then requiring that such payment be made at that time. Otherwise, the premium must be paid when the increase option is issued.

- You do not have to give evidence of good health. But you must give us details of your income, employment and other insurance in force.

- The increase option cannot have a shorter elimination period or a longer benefit period than this policy.

- We will not issue an increase option with less than $200 monthly indemnity.

- You may use a part of your total increase option to purchase a social insurance substitute benefit if we then offer such a benefit to new insureds.

1105 (06/01)

- The monthly indemnity of the increase option, including any SIS benefit, may not exceed our published income rules for new insureds. These rules limit the total insurance which we will issue in relation to earned income. We will use the rules that applied on the date of issue of this policy, unless more liberal rules are then in effect.

- The increase option may include any residual disability benefit or cost of living benefit that is part of this policy if we are then offering such benefits to new insureds.

- Premiums for the increase option will be at our rates for your age and class of risk on the option date. In no case will your class of risk under the increase option be less favorable than under this policy.

- We may exclude any condition under the increase option which has been specifically excluded under this policy. We may also apply any special class rating which applies to this policy.

**Berkshire Life Insurance Company of America**

Secretary

**Berkshire Life Insurance Company of America**
**700 South Street**
**Pittsfield, MA 01201**

## AUTOMATIC INCREASE RIDER

This rider is a part of this policy and subject to all its conditions.

**Premium and Renewal**
The premium for this rider is shown in the schedule page. This rider will expire and no further premiums will be due for it as of the date on which the last automatic increase occurs except as allowed under the "Rider Extension" provision below.

### BENEFIT PROVISIONS

**Automatic Increases**
The monthly indemnity will increase automatically each year as shown in the table of increases in the schedule page, despite any change in your health, income or occupation.

The increased monthly indemnity will apply only to a period of disability that starts on or after the increase date. It must be a separate period of disability, as defined in the provision called "Recurrent Periods of Disability."

Premiums for the increased indemnity will be at our rates for this policy at your age on the increase date. If we are then waiving the premiums of this policy, we will also waive the premiums for the increased indemnity. When you resume paying premiums for this policy, they will include the premiums for the increased indemnity.

**Refusal of an Increase**
You may refuse an increase by giving us written notice within 31 days after the date on which it was to take effect. Your refusal will not forfeit any remaining scheduled automatic increases. But it will reduce the number of increases to which you are entitled by one.

**Rider Extension**
If you have not reached age 60 on the date that the last automatic increase occurs, you may ask us to extend this rider for more automatic increases. You must apply in writing within a period of 60 days before and 31 days after such date. You must meet our published rules that are then in effect for extension of this rider.

The premium for extension of this rider will be at our rates for your age on the date we approve an extension. At that time, we will issue a revised schedule page with a new table of increases.

**Berkshire Life Insurance Company of America**

Secretary

SEP 0 3 2002

# AMENDMENT TO APPLICATION

This Amendment is made a part of Policy No Z0191290 to which it is attached and becomes effective on the Policy Date

It is hereby requested that the application for insurance made to Berkshire Life Insurance Company of America on July 24, 2002 be amended as follows

Question No 13a

Occupational Class  "4"

\*\*\*\*\*\*\*\*\*\*

It is agreed that these amendments and declarations are to be taken and considered a part of said application and subject to the representations and agreements therein, and that the said application and these amendments are to be taken as a whole and considered as the basis, and form part of the contract or policy issued thereon

It is further represented that the statements and answers in said application were complete and true when made and that no changes have occurred which would make said statements and answers incorrect or incomplete as of the present date

The undersigned declare that a duplicate copy of the foregoing amendment to application is attached to the policy

Date    09, 05. 02

Yuri Lyubarsky   Insured

**Berkshire Life Insurance Company of America**
700 South Street
Pittsfield, Massachusetts 01201
*Berkshire Life Insurance Company of America is a subsidiary of*
*The Guardian Life Insurance Company of America NY NY*

**APPLICATION FOR DISABILITY INSURANCE TO**
**BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA**
**(PART 1)**

**1a Full Name of Proposed Insured** (Print–First Name, Middle Initial, Last Name–Leave space between names)      **b Sex**  ☑ Male  ☐ Female

YURI LYUBARSKY

**c Maiden Name (Surname only)**      **d Also Known As**

**2a Date of Birth**   **b Birthplace**   **c Citizen of**
Mo Day Yr   (State or Country)   U.S.A
08 05 1955   UKRAINA

**3a Proposed Insured Social Security Number**   **b Owner's Taxpayer I D No or Social Security Number**
066 76 7158

**4 Marital Status**
☑ Married ☐ Single ☐ Separated ☐ Widowed ☐ Divorced

**5 Primary Home Address**
No. 19   Street SHALLOWBROOK ROAD
City MORGANVILLE   State N.J
Zip Code 07751   Telephone (732) 332-1199
How long? 1.5 Yrs

**6 Occupation** President
**a Complete Job Title** OWNER

**b** List exact duties including description of physical requirements (lifting, climbing, driving, travel, etc.)
MANAGER of BUSINESS 100%
PHYSICAL REQUIR. — NONE

**c** List any tools or equipment you use (hand tools, trucks, machinery, heavy equipment, etc.) If none, so state
NONE

**d** Have you been continuously at work full-time performing the usual duties of your occupation for the past six months? ☑ Yes ☐ No
If no, explain

**e** 0 % Travel  **f** 0 % Supervision
**g** Nature of Business MEDICAL Supply SALES

**6 h Type of Business Entity**
☐ Sole Proprietorship   ☐ Partnership
☐ C-Corporation   ☑ S-Corporation
☐ Other

**i** Name of Employer Y.S.L. MEDICAL Supplies INC.

**j** How long employed? 4 Yrs

**k** Physical Address of Business
No. 2082A   Street 2082 E 28th R
City Brooklyn   State N.Y
Zip Code 11229   Telephone 718 646-1010

**l** Other Employment ☑ Yes ☐ No
☐ Full-time   ☑ Part-time   ☐ Self-employed
☑ Employed by MIDWOOD MEDICAL CARE
State details AS A OWNER (50%)

**7 a Premiums Payable**
☑ Annually ☐ Semiannually ☐ Quarterly
☐ Monthly (for list billing only)
☐ Automatic Payment Plan
   ☐ New APP Service (Automatic Payment Plan Authorization required)
   ☐ Add to my existing APP Service
**b** Amount paid with application   D I $ NONE
**c** Was receipt for amount paid with application for D I delivered to you? ☐ Yes ☐ No
**d.** Mail Premium Notices to ☐ Business ☑ Residence
☐ Other

**e** Who is to pay premiums? insured

**For List Billing**
**f** If existing list bill, what is list billing number?
**g** If new list bill,
Name of business

Common billing date

**8 Annual Income** Please complete the Financial Supplement

71 NJ (06/01)      **Page 1 – (Signatures required on pages 4 and 5)**

| | | Yes | No | | | Yes | No |
|---|---|---|---|---|---|---|---|

**9 a** Have you ever applied for a Life or Health* insurance policy that was declined, post-poned, modified, amended, rated up, can-celled or had renewal or reinstatement refused? ☐ ☑

**b** Within the past twelve months, have you applied for, or been examined for Life or Health* insurance in any other company? ☐ ☑

**c** During the past five years, have you received, requested, or been refused disabil-ity, hospital, or medical benefits or a disabil-ity pension? ☐ ☑

**d** Have you had or been treated for cancer, heart attack, diabetes, or any disease of the liver, lungs or kidneys? ☐ ☑

**e** Are you currently receiving any medical advice or treatment for any medical, surgical or psychiatric condition? ☐ ☑

**f.** Have you used tobacco in any form in the past twelve months? ☐ ☑

(Give details of YES answers in Item 12)

*Includes Disability Income insurance

---

**10  Aviation, Travel, Activities**                   Yes  No

**a** Within the past three years, have you flown, or do you contemplate flying as a student pilot, pilot, crew member or with any duties aboard an aircraft in flight? ☐ ☑

(If YES, complete Aviation Supplement )

**b.** Do you contemplate a change in residence to or travel in a foreign country? ☐ ☑

**c** During the past three years, have you partic-ipated in or do you contemplate participating in scuba diving, skydiving, hang gliding, any form of motor racing, or any other hazardous activities?                                    Yes  No
☐ ☑

(Give details of YES answers to b and c in Item 12)

---

**11  Disability Income Insurance**

(Describe all coverage in force, including individual, franchise, association, group, or government plans and any disability insurance terminated within the last six months )

| Company | Monthly Benefit | Policy Date Mo/Day/Yr | Benefit Period | Other Benefits | Terminated or To Be Terminated? |
|---|---|---|---|---|---|
| | $ | | | | ☐ Yes  Date_____  ☐ No |
| | | *None* | | | ☐ Yes  Date_____  ☐ No |
| | | | | | ☐ Yes  Date_____  ☐ No |
| | | | | | ☐ Yes  Date_____  ☐ No |

---

**12  Details and Special Requests**

(Include requests for any additional or alternate policies or for policy date other than provided by the terms of this application Identify questions and give details of YES answers )

*10 Rev. policy date 9/01/02*

*B/x DETAILS: Q6-I*

*MR. Yuri Lynbarsky starts additional business as a owner (50% partner) with Midwood Medical care, (his job title as a vice president) - 100% business managed. Last couple months of new business of ......... as a part time owner. Nature of business — managered.*

**13a. Personal Disability Insurance**

Policy Form No _____ *1100* _____     ☐ **Executive II**

| | | | | |
|---|---|---|---|---|
| Monthly Indemnity | $ *6,000* | | Monthly Indemnity | $_____ |
| Indemnity/Benefit Period | *65* | | Indemnity/Benefit Period | _____ |
| Elimination/Waiting Period | *3 MO* | | Elimination/Waiting Period | _____ |
| Occupational Class | *5* | | Occupational Class | _____ |
| SIS Benefit (optional) | | | | |
| FIO Benefit (optional) | *2,000* | | | |
| COLA Benefit (optional) | ☐ 3%    ☐ 6% | | | |

**b** Supplemental Benefits (Note  Supplemental Benefits are not available for Executive II)

☐ Residual Disability (regular)      ☐ Unemployment Premium Waiver
☐ Residual Disability (2-year cap)    ☐ Group Disability Replacement   $_____
☑ Automatic Increase            ☐ Other _____
☐ Partial Disability

**c** Premium Structure   ☑ Level    ☐ Graded

**d** What portion, if any, of the total premium for D I coverage is being paid by the employer? __ *O* __ %

**14a. Overhead Expense**—Occupational Class_____

☐ Professional     ☐ Business

Indemnity/Benefit Amount $_____
                    (Monthly)

Indemnity/Benefit Period _____Months,  Elimination/Waiting Period_____Days

**b** Your share of covered expenses? $_____, and _____% of total

**c** ☐ Future Purchase Option  $_____
                        (Monthly)

**d** ☐ Residual Disability

**e.** Owner (if other than the Insured)_____

**f.** Existing O E  Coverage ☐ $_____Monthly ☐ None

If yes, Name of Company_____

Will it be terminated? ☐ Yes–Date_____ ☐ No

**15a. Disability Buy-Out**—Occupational Class_____

Premium Structure      ☐ Level    ☐ Step Rate

Funding  ☐ Monthly ☐ Lump Sum ☐ Down Payment

**b** Indemnity/Benefit Amount  $_____    $_____
                           (Monthly)       (Lump Sum)

Indemnity/Benefit Period_____Months,  Elimination/Waiting Period_____Months

☐ Presumptive Permanent Disability Benefit

☐ Future Purchase Option

Option Amount   $_____    $_____
                    (Monthly)    ,    (Lump Sum)

**c** Owner & Loss Payee_____

**d** Is Disability Buy-Out Insurance now in force? ☐ Yes ☐ No

If Yes, Name of Company_____

Will it be terminated? ☐ Yes–Date_____ ☐ No

**e** Is a buy-sell agreement in place? ☐ Yes ☐ No

If Yes, date of agreement_____

(See signature portion of the Financial Supplement )

I (we) represent that the answers in this Application For Insurance to Berkshire Life Insurance Company of America are true and complete; and that together with the statements of the Proposed Insured in Application For Insurance (Part 2–Non-Medical), they shall form the basis and be a part of the contract of Insurance, if issued I (we) agree that except as otherwise stated in the receipt submitted with this application if issued to me (us), any policy or policies issued shall not be in effect unless and until (1) the full first premium has been paid and the policy or policies have been delivered to the owner, and (2) the health and other conditions that affect insurability of the Proposed Insured are as described in this application. If disability insurance becomes effective in the manner stated in the receipt, the amount of such insurance shall not exceed the limits set forth in such receipt.

No information acquired by any representative of the Company shall bind the Company unless it shall have been set out in writing in Part 1 or Part 2 of this application. Only the President, a Vice-President, the Secretary or an Assistant Secretary may make, modify, or discharge contracts or waive any of the Company's requirements, and then only in writing

I, the Proposed Insured, acknowledge receipt of the Notice of Insurance Information Practices; the Fair Credit Reporting Act Disclosure, and the Medical Information Bureau Pre-Notice

**Proposed Owner Certification**

Under the penalties of perjury, I certify (1) that the Number shown on this application is my correct Taxpayer Identification Number and (2) that I am not subject to backup withholding under the Internal Revenue Code either because, (a) I have not been notified that I am subject to backup withholding as a result of a failure to report all interest or dividends; or (b) the Internal Revenue Service has notified me that I am no longer subject to backup withholding

Signed at _MORGANVILLE N 7/29/02_
_____(City-State)_____ _____(Mo-Day-Yr)_____

Witness _____

Signed _____ (Proposed Insured)

Signed _____ (Applicant)
(If Other Than Proposed Insured)

Signed _____ (Owner)
(If Other Than Applicant or Proposed Insured)

**Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties.**

06-Aug-02 12.3

03/19/2000  19:10    17182681489                NEW BUSINESS                    PAGE 02/04

*ATT Loraine*

Berkshire Life Insurance Company of America
700 South Street
Pittsfield, Massachusetts 01201
*Berkshire Life Insurance Company of America or is a subsidiary of
The Guardian Life Insurance Company of America, NY NY*

**APPLICATION FOR INSURANCE TO
BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA
(PART 2-MEDICAL)**

**Representations to the Medical Examiner**
This application is to be attached to and made part of the policy.

Proposed Insured: __Yuri__ __Lyubarsky__  Birth Date: _8/5/53_
(Please print)  First Name    M.I.    Last Name

1a. Name and address of your personal physician   (If none, so state)
    _____ Levin, M.D. _____

b. Date and reason last consulted? _1998 check up_

c. What treatment or medication was given or recommended? _none_

If you answer yes to questions 2-13, provide details in item #14 on the next page.

| | | Yes | No |
|---|---|---|---|
| 2. | Have you ever had or been treated for cancer or tumor? | ☐ Yes | ☒ No |
| 3. | In the last ten years, have you had, been treated for or received counseling for | | |
| | a. high blood pressure, chest pain or disorder of the heart or circulatory system? | ☐ Yes | ☒ No |
| | b. diabetes or disorder of the glands, bone, blood or skin? | ☐ Yes | ☒ No |
| | c. complications of pregnancy, infertility, or any disorder of the breasts, reproductive or genital organs, prostate, kidneys, or urinary systems? | ☐ Yes | ☒ No |
| | d. hernia, hepatitis or disorder of the liver, gall bladder, stomach, pancreas, spleen, intestines or rectum? | ☐ Yes | ☒ No |
| | e. arthritis, rheumatism, or disorder of the joints, limbs or muscles? | ☐ Yes | ☒ No |
| | f. disorder or condition of the back, neck or spine? | ☐ Yes | ☒ No |
| | g. allergy, asthma, sinusitis, emphysema, disorder of the lungs or respiratory system, or sleep apnea? | ☐ Yes | ☒ No |
| | h. epilepsy, stroke, dizziness, headache, or disorder of the brain, or spinal cord? | ☐ Yes | ☒ No |
| | i. disorder of the eyes, ears, nose or throat? | ☐ Yes | ☒ No |
| | j. anxiety, depression, nervousness, stress, mental or nervous disorder, or other emotional disorder? | ☐ Yes | ☒ No |
| | k. Chronic Fatigue Syndrome, Fibromyalgia, Epstein Barr virus or Lyme Disease? | ☐ Yes | ☒ No |
| 4. | Do you have any loss of hearing or sight, an amputation of any kind, or any physical deformity, impairment or handicap? | ☐ Yes | ☒ No |
| 5. | Within the past 10 years, have you been diagnosed by or received treatment from a member of the medical profession for Acquired Immune Deficiency Syndrome (AIDS), AIDS Related Complex (ARC), or any deficiency of the immune system such as Human Immunodeficiency Virus? | ☐ Yes | ☒ No |
| 6. | a  Are you currently taking prescribed medication? | ☐ Yes | ☒ No |
| | b. Are you currently taking non-prescription medication? | ☐ Yes | ☒ No |
| 7 | a. Have you ever regularly or repeatedly used stimulants, hallucinogens, narcotics or any other controlled substance other than as prescribed by a physician? | ☐ Yes | ☒ No |
| | b. Have you ever had or been advised to have counseling or treatment for alcohol or drug use? | ☐ Yes | ☒ No |
| 8 | Are you now pregnant?  If yes, expected delivery date: _____ | ☐ Yes | ☒ No |
| 9. | Within the past five years, have you had a sickness or injury for which you have made a benefits claim or for which you will make a benefits claim? | ☐ Yes | ☒ No |

71-M1-U (06/01)                    Page 1

13-Aug-02 10:09A

03/24/2000  18:48   17182581489                          NEW BUSINESS                        PAGE  03/04
FROM :STAN                        FAX NO. :6050295                   Aug. 12 2002 03:03PM  P2

03/15/2000  19:10   17182581489                          NEW BUSINESS                        PAGE  03/04

**Representations to the Medical Examiner (continued)**

10. Within the past five years, have you had a physical exam or check-up of any kind?                    ☐ Yes  ☒ No

11. Within the past five years, have you been advised to have surgery or any diagnostic tests that were
    not performed, except for HIV tests?                                                                 ☐ Yes  ☒ No

12. Other than as previously stated on this application in the last five years, have you received medical
    advice from physicians, medical or mental health professionals, counselors or other practitioners, and
    have you been a patient in a hospital, clinic, sanatorium, or other medical facility?                ☐ Yes  ☒ No

13. Do you have a family history of: diabetes, cancer, high blood pressure, heart disease, mental illness
    or suicide?                                                                                          ☐ Yes  ☒ No

|                      | Age if Living | Cause of Death | Age at Death |
|----------------------|---------------|----------------|--------------|
| FATHER               |               | Car accident   | 58           |
| MOTHER               | 75            |                |              |
| BROTHERS and SISTERS | 2             |                |              |
| No. Living _____  |               |                |              |
| No. Dead _____    |               |                |              |

14. **DETAILS OF "YES" ANSWERS. IDENTIFY QUESTION & NUMBER. CIRCLE APPLICABLE ITEMS:**

   *Give diagnosis or symptoms, tests performed, dates, types and amounts of medication, length of disability, degree of
   recovery, and names and addresses of all physicians, medical or mental health professionals, counselors, practitioners or
   hospitals. Additional paper may be attached if necessary to explain details.*

   _____

   _____

   _____

   _____

   _____

   _____

   _____

   _____

I understand and agree that the statements and answers in this Part 2 are written as made by me; are full, complete and true; and
that they shall be a part of the contract of insurance, if issued. I expressly waive to the extent permitted by law, on behalf of myself
and any person who shall have or claim any interest in any policy issued hereunder, all provisions of law forbidding any physician
or other person who has attended me or examined me from disclosing any knowledge or information thereby acquired, and I
authorize any such disclosure to the extent as may be lawful.

Signed at _____  this __12__ day of __August__ __2002__
          City and State                                    month          year

_____                      _____
     Witness                             Signature of Proposed Insured

**Any person who includes any false or misleading information on an application for an insurance policy is subject to crim-
inal and civil penalties.**

71-M AU (02/01)                              **Page 2**

13-Aug-02 10:09A

Berkshire Life Insurance Company of America
700 South Street
Pittsfield Massachusetts 01201
*Berkshire Life Insurance Company of America is a subsidiary of
The Guardian Life Insurance Company of America NY NY*

**PART 1–FINANCIAL SUPPLEMENT**

---

### Full Name of Proposed Insured

(Print–First Name, Middle Initial, Last Name–Leave space between names)

| Y U R I   L Y U B A R S K Y |

**Date of Birth**

Mo  Day   Year

| 08 | 05 | 1955 |

**A Income** Fill in amounts requested for last year and two years ago using the Proposed Insured's individual and/or business income tax returns and supporting schedules **Note** Do not list income that is not reported to the IRS Explain in Section C any significant fluctuations between years Describe any changes since the end of the most recent calendar year Put loss amounts in parentheses

| Earned Income | Actual* Year to Date | Actual Last Calendar Year | Actual 2 Calendar Years Ago |
|---|---|---|---|
| **1 Non-owner/employee's salary and bonus** from Form W-2 | — | — | — |
| **2 Owner/employee's salary and bonus** from Form W-2 | 99 540 | 164,199 | 114, 954 |
| **3 Amount of after-tax corporate earnings**, excluding salary and/or bonus, taxable as personal income | — | — | — |
| **4 Sole proprietor net income or loss (after expenses)** from Form 1040 Schedule C If spouse has duties, explain in Section C | — | — | — |
| **5 Share of partnership net income or loss (after expenses)** shown on the Proposed Insured's Schedule K-1 | — | — | — |
| **6. Pension plan contributions or other amounts** that the Proposed Insured had the option to receive as salary and would cease if the Insured were disabled | | | |
| **7 Other earned income** (explain source in Section C) | — | — | — |
| **8 Total earned income** – add amounts above | | 164,199 | 114, 954 |
| **9 Unearned income.** This includes capital gains, interest, dividends, tax exempt unearned income, income from other investments, net rental income, pensions, annuities, and alimony If none, so state | — | — | — |

*Do Not Estimate

10. Have there been any changes in your job or business which are likely to result in a significant difference between current years earnings and the last calendar year? (If Yes, describe in Section C)

   Yes ☐   No ☑

11. Estimate your **Net Worth** (gross worth less any mortgage loans and other debts) (Give details in Section C)   $ 1,2 mil

   Cash, Savings, Stocks, Bonds, Cash Value of Life Insurance   $ 1,5 mil
   Interest in your business (excluding goodwill)   $ 100%
   Personal Property   $ 2 mil
   Real Estate Residential Only   $ —
   Other Real Estate   $ —
   Other (give details in Section C)   $ —

---

| 12 | Has the Proposed Insured or any business owned in whole or in part by the Proposed Insured ever been (a) in bankruptcy or (b) named as debtor by a creditors' committee, or (c) entered into a composition agreement with creditors, or (d) named in a receivership action? (If Yes, give details in Section C) | Yes ☐ | No ☑ |
|---|---|---|---|

Date Discharged _____ Where _____

                   Month/Day/Year                        City          County         State

**B**   **Business Insurance** – complete when the beneficiary, owner or payor is the business (Overhead and Disability Buy-Out Insurance)

The following questions apply to _____

                                       Name of Business

**1**   Give names of all officers, key persons or partners  (If there are any on whom business insurance is not carried or proposed, explain in Section C )

| Name | Title | % Owned | Business Ins in Force | Business Ins Proposed |
|---|---|---|---|---|
| | | | $ | $ |
| | | | | |
| | | | | |

| 2 | Has the business ever been (a) in bankruptcy or (b) named as debtor by a creditors' committee, or (c) entered into a composition agreement with creditors, or (d) named in a receivership action? (If Yes, give details in Section C ) | Yes ☐ | No ☐ |
|---|---|---|---|

Date Discharged _____ Where _____

                   Month/Day/Year                        City          County         State

**3**   If to cover a business loan, give loan amount, purpose, and repayment schedule

| 4 | Business Financial | | | Actual* Year to Date | Actual Last Calendar Year _____ | Actual 2 Calendar Years Ago _____ |
|---|---|---|---|---|---|---|
| | a  Total Assets | | d  Gross Annual Sales | | | |
| | b  Total Liabilities | | e  Net Profit after Taxes | | | |
| | c  Business Net Worth (a – b) | | | | | |

**5**   Estimated Fair Market Value $_____

**C**   **Remarks** (Show any details to your answers here)

     *Do not estimate

**It is understood and agreed as follows**

The statements and answers made above are true and complete and correctly recorded  The Company may rely on them to determine the amount, if any, of insurance it will issue, and they shall form a part of the contract of insurance if issued

If no written buy-sell agreement is in place, one must be executed before a disability occurs which would qualify for benefits under the policy  Otherwise, Berkshire will have no liability  We will require a written assurance within one year of the policy date that an agreement is in place  If no assurance is received, the policy will be voided and the premiums refunded

Signed at_ *MORGANVILLE NJ* _____ Date _*7/29/02*_

Witness_ *Halley Delfran* _____

Witness_____ Proposed Insured _____

                                        Officer of Corporation

                                        or Business Principal

                                         (If Section B Required)

Any person who includes any false or misleading information on an application for an insurance policy is subject to criminal and civil penalties

THIS IS A DUPLICATE POLICY ISSUED IN LIEU OF LOST POLICY NUMBER Z0191290
ORIGINALLY ISSUED SEPTEMBER 1 2002.


PITTSFIELD, MASSACHUSETTS                    BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA
MAY 22 2018

SECRETARY

**Proposed Order**

/

| | United States Bankruptcy Court<br>Southern District of Florida | | | |
|---|---|---|---|---|
| In<br>re | **Yuri Lyubarsky**<br>**Olga Lyubarsky** | | Case<br>No. | **18-16659** |
| | | Debtor(s) | Chapter | **7** |

## ORDER

The motion of the above-named debtors, **Yuri Lyubarsky** and **Olga Lyubarsky**, to avoid the lien of **Vertonix, Ltd.** is sustained. The lien is a judicial lien that impairs the exemption and is of record as follows:

> **Judgment in the amount of $141,102.71 in favor of Vertonix, Ltd. And against**
> **Yuri Lyubarsky and Olga Lyubarsky in the Court of Common Pleas of**
> **Philadelphia County, Pennsylvania, Civil Division, Case No. 2011-03388.**

Unless Debtors' bankruptcy case is dismissed, the lien of the respondent is hereby extinguished and the lien shall not survive bankruptcy or affix to or remain enforceable against the aforementioned property of the debtor.

**Vertonix c/o Kalikhman & Rayz LLC** shall take all steps necessary to remove any record of the lien from The Guardian Life Insurance Company of America Policy Numbers Z9073840 and Z0191290.

Guardian Life Insurance Company is ordered:

(a) to re-initiate the payment of Ongoing Disability Benefits to Debtors under Policies Z9073840 and Z0191290 due from May 31, 2018 and onward; and

(b) to pay the Accrued Disability Benefits over to the Debtors;
= OR =
to pay the Accrued Disability Benefits over this Court;
= OR =
to pay the Accrued Disability Benefits to the Chapter 7 Trustee;

(c) Additional or alternative relief:

_____
_____
_____

Dated _____, 2018

**U.S. BANKRUPTCY JUDGE**