

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

YURI LYUBARSKY and
OLGA LYUBARSKY,

Case No. 18-16659-LMI
Chapter 7

Debtors.
_____/

## STIPULATION AND SETTLEMENT AGREEMENT

**THIS STIPULATION TO COMPROMISE CONTROVERSY AND SETTLEMENT AGREEMENT** (the "Settlement Agreement" or "Agreement") is entered on the dates stated below, by and among MARCIA T. DUNN, as Chapter 7 Trustee for the bankruptcy estate of Yuri Lyubarsky and Olga Lyubarsky (the "Trustee"), and Debtors, YURI LYUBARSKY ("Debtor") and OLGA LYUBARSKY ("Joint-Debtor") (collectively, the "Debtors") (the Trustee and Debtors collectively referred to as "Parties"), and hereby stipulate under the following terms and conditions and agree as follows:

### RECITALS

**WHEREAS,** on May 31, 2018 (the "Petition Date"), the Debtors commenced this bankruptcy case by the filing of a joint voluntary petition under Chapter 7, Title 11 of the United States Bankruptcy Code, whereby Marcia T. Dunn is the duly appointed Chapter 7 Trustee of the Debtors' bankruptcy estate (the "Estate");

**WHEREAS,** the Debtors' *Schedule A/B* [D.E. 10] includes, but is not limited to, the following personal property and respective scheduled values (collectively, the "Scheduled Property"):

- 2013 Tesla S ($10,000.00) [Sched. A, Line 3.1];

- 2017 Lexus RX 350 ($0.00 – lease) [Sched. A, Line 3.2];

- Misc. Household Goods & Furnishings ($6,500.00) [Sched. A; Line 6];

- Misc. Electronics ($3,000.00) [Sched. A; Line 7];

- Misc. Equipment ($2,100.00) [Sched. A; Line 9];

- Clothes ($1,000.00) [Sched. A; Line 11];

- Jewelry ($4,500.00) [Sched. A; Line 12];

- Pets ($50.00) [Sched. A; Line 13];

- Cash ($400.00) [Sched. A; Line 16];

- Disability benefits accrued and held by Guardian Life Insurance Company of America ("Guardian") under Policy Nos. Z0191290 and Z9073840 ("Disability Policies") ($171,800.00) [Sched. A; Line 30]; and

- Guardian Life Insurance Policy, No. 6450023 ("Life Insurance Policy") [Sched. A; Line 31];

**WHEREAS,** on June 14, 2018, the Debtors filed their *Motion to Avoid Lien with Creditor Vertonix* (the "Motion to Avoid Lien") [D.E. 13] seeking to avoid and cancel a certain alleged judgment lien affecting the Disability Policies and to have the Accrued Disability Benefits and Ongoing Disability Benefits (as defined in the Motion to Avoid Lien) disbursed to the Debtors;

**WHEREAS,** the Trustee objected to the Motion to Avoid Lien on July 5, 2018 [D.E. 21];

**WHEREAS,** on November 27, 2018, the Trustee conducted a Rule 2004 Examination Duces Tecum of the Debtors [D.E. 41];

**WHEREAS,** following the Rule 2004 Examination and a review of other records in these proceedings, the Trustee avers that the Debtors may have a potential actual or beneficial interest in certain assets, such as the Wells Fargo Checking Account (Acct. No. x7697), BB&T Account (Acct. No. x4699), PayPal Account, Luxury Gift Inc., and condominium located at 375 Poinciana Island Drive, Unit 1135, North Miami Beach, FL 33160 (collectively, the "Disputed Property"), which the Debtors dispute;

**WHEREAS,** Debtors' *Schedule C* [D.E. 10, pp.9-10] claims certain assets exempt pursuant to Fla. Stat. §§ 222.14, 222.18, and 222.25, as follows:

- 2013 Tesla S ($10,000.00), pursuant to Fla. Stat. § 222.25(1);

- Misc. Household Goods ($6,500.00), pursuant to Fla. Const. art. X, § 4(a)(2);

- Misc. Electronics ($3,000.00), pursuant to Fla. Stat. § 222.25(4);

- Disability Benefits accrued and held by Guardian under the Disability Policies (Policy Nos. Z0191290 and Z9073840), pursuant to Fla. Stat. § 222.18; and

- Guardian Life Insurance Policy, No. 6450023 ("Life Insurance Policy"), pursuant to Fla. Stat. § 222.14.[1]

---

[1] The Disability Policies and Life Insurance Policy may hereinafter be collectively referred to as the "Guardian Policies".

**WHEREAS,** on October 10, 2018, the Trustee filed her *Objection to Debtors' Claim of Exemptions* (the "Objection to Exemptions") [D.E. 34], which, among other things, objects to the Debtors' claim of exemptions under 11 U.S.C. § 522 and 541, and Fla. Stat. §§ 222.14, 222.18, and 222.25;

**WHEREAS,** the Trustee further asserts that a portion of the Scheduled Property may be undervalued and in excess of the Debtors' allowed exemptions;

**WHEREAS,** on December 11, 2018, the Debtors filed a *Memorandum of Law in Opposition to the Objection to Exemptions* (the "Opposition Response") [D.E. 49] which, among other things, provides legal foundation for the Debtors' claim of exemptions for the Disability Policies and the Life Insurance Policy;

**WHEREAS,** the Trustee's Objection to Exemptions was scheduled for preliminary hearing on January 2, 2019, wherein the Bankruptcy Court set a briefing schedule for the Parties' responses and replies;

**WHEREAS,** the Debtors dispute the Objection to Exemptions and the Trustee's ability to recover on any of the Disputed Property, and do not admit any liability by entering into this Agreement;

**WHEREAS,** in order to avoid the high costs and uncertainties of litigation related to the foregoing, the Parties, without admitting any fault or liability whatsoever to one another, desire to settle this matter amicably and agree that resolution of the contested matters herein is the most efficient way to settle the issues between the Parties;

**WHEREAS,** the Parties have participated in good faith settlement negotiations and have reached a settlement, the terms of which they have set forth in this Settlement Agreement;

**WHEREAS,** the Parties agree and acknowledge that this Settlement Agreement is intended to resolve the Objections to Exemptions, the Motion to Avoid Lien, and the Trustee's claims to the Disputed Property;

**WHEREAS,** the Parties hereto each agree and acknowledge that they have each received reasonably equivalent value in exchange for agreeing to the obligations under, and the terms and conditions of, this Settlement Agreement and the settlement and compromise contained herein.

**NOW, THEREFORE,** in consideration of the premises, and for such other good and valuable consideration, the receipt and sufficiency of which hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree that the forgoing recitals are true and correct statements of fact and incorporated into this Agreement, and further stipulate and agree as follows:

1. **Incorporation of Recitals.** The Parties agree that the above recitals are true and correct, and are incorporated into this Agreement.

2. **Covenants.** Contingent on the Parties full performance under this Agreement, the Parties convent and agree to the following terms:

(a) The Debtors shall pay the Trustee a total sum of **$120,000.00 (One Hundred and Twenty Thousand and 00/100 Dollars)** (the "Settlement Payment"), within five (5) business days of receipt by the Debtors of the full amount accrued under the Disability Policies (the term "receipt by the Debtors" being understood as the business day on which the funds paid by Guardian to the Debtors are credited to, and become available on, the Debtors' bank account).

(b) The Settlement Payment shall be by cashier's check or money order made payable to the order of "Marcia T. Dunn, Trustee" and delivered to the Trustee's office at 66 West Flagler Street, Suite 400, Miami, FL 33130. The cashier's check or money order should clearly state the name of the Debtors and the Debtors' case number.

(c) If the Debtors comply with all the terms of this Agreement, the Trustee shall agree to waive any and all claims the Estate may have related to the Disputed Property, except as set forth herein.

(d) If the Debtors comply with all the terms of this Agreement, they will retain all the Scheduled Property currently in their possession as listed in their filed schedules, as well as the Disputed Property, without affecting the rights of any third-party arising from or related to the Debtors' Statement of Intention.

(e) Any scheduled real or personal property not administered by the Trustee, including, but not limited to, the Disability Policies and the Life Insurance Policy and the benefits accrued or payable thereunder and/or the liquidation value(s) thereof, shall be deemed exempt pursuant to 11 U.S.C. § 522 and Fla. Stat. §§ 222.14, 222.18, and 222.25, and thus not property of the Estate pursuant to 11 U.S.C. § 541, or shall be abandoned to the Debtors pursuant to 11 U.S.C. § 554.

(f) The Trustee agrees to cooperate and coordinate with the Debtors concerning any claim affecting the Disability Policies and the Life Insurance Policy, including cooperation and coordination of the disbursement to Debtors of the full amount of benefits accrued by Guardian under the Disability Policies, and the resumption of ongoing payments under the Disability Policies. The Parties agree and acknowledge that this Settlement Agreement is contingent upon (i) the full disbursement of the accrued benefits under the Disability Policies to the Debtors, (ii) the resumption of ongoing payments under Disability Policies, which amounts shall be used to fund the Settlement Payment, and (iii) the entry by the Court of the order approving settlement pursuant to the 9019 Motion being filed by the Trustee, and (iv) the entry by the Court of the Comfort Order attached as Exhibit C to the 9019 Motion.

(g) For the avoidance of ambiguity, subject to a final, non-appealable order by the Bankruptcy Court approving this Agreement and the Comfort Order and the Debtors' full compliance with all the terms of this Agreement, the Trustee (i) withdraws her opposition to the exemptions claimed by the Debtors for the Disability Policies and the Life Insurance Policy; and (ii) supports the disbursement to the Debtors of all accrued and future benefits under the Disability Policies.

3. **Representations.** As part of this Agreement, the Debtors represent and warrant that to the best of their knowledge and belief: (1) all information contained in the Debtors' Bankruptcy Petition, Schedules, Statement of Financial Affairs, and all amendments thereto (collectively, the "Pleadings"), are true and correct; (2) the Pleadings contain no material misrepresentations or omissions; (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct; and (4) the Documents contain no material misrepresentations or omissions. If the Debtors have failed to disclose any assets, this Agreement shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code and this Agreement, except to the extent that, at the time of this Agreement, the Trustee knew or reasonably could have known of such asset based on the Documents, the Pleadings, or other documents available to the Trustee or information known to the Trustee. Prior to the entry into this Stipulation and Settlement Agreement, the Trustee has had reasonable opportunity to (i) review the Pleadings and Documents, (ii) review all pleadings and documents filed of record in this case and/or provided to the Trustee by creditors and/or third parties, (iii) inspect the contents of Debtors' personal residence and obtain an independent appraisal thereof, (iv) examine the Debtors via the Rule 2004 examination; and (v) investigate the Disputed Property and the Debtors' financial state.

4. **Scope.** Except as otherwise stated herein, this Agreement resolves all issues between the Trustee and the Debtors regarding Debtors' over-exempt assets and claimed exemptions, as well as the Motion to Avoid Lien and the Trustee's claims to the Disputed Property. If the Debtors comply with all the terms of this Agreement, the Trustee will not object to (i) entry of an order granting the Motion to Avoid Lien; (ii) the exempt status of the Disability Policies, including benefits thereunder and their full disbursement to the Debtors, (iii) the exempt status of the Life Insurance Policy, or (iv) the granting of a discharge to the Debtors under 11 U.S.C. § 727. This Agreement does *not* include or extend to any concealed or unscheduled property of the Debtors, except to the extent that, at the time of this Agreement, the Trustee knew or reasonably could have known of such asset based on the Documents, the Pleadings, or other information known to the Trustee.

5. **Bankruptcy Court Approval.** This Agreement is subject to and contingent upon approval of the Bankruptcy Court pursuant to Fed.R.Bankr.P. 9019. Upon entry of a final order approving this Agreement, the contested matters related to Debtors' claim of exemptions to certain Scheduled Property and the Trustee's request for turnover of said property shall be moot as between the Trustee and Debtors, unless the Debtors breach this Agreement.

6. **Default.** In the event that the Debtors fail to comply with the all the terms of this Agreement or should any of the Debtors' representations and warranties contained herein be

materially untrue as determined by a final non-appealable court order, then the Trustee may proceed against any and all assets of the Debtors including, but not limited to, the property the Debtors have claimed as exempt for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5.00% interest rate, and attorneys' fees and costs. Without limitation, an event of default shall occur if the Debtors fail to timely make the Settlement Payment set forth in Section 2 *supra*, fails to comply with all the terms of this Agreement or should any of the Debtors' representations and warranties contained herein be materially untrue as determined by a final non-appealable order, in which case, the Trustee, through counsel, shall provide written notice (the "Written Notice") of the default to the Debtors' counsel by first class postage-paid U.S. mail or by e-mail if such information is available (all of which Parties agree to be acceptable methods of properly giving notice under this Agreement). The Written Notice shall provide ten (10) business days from the date of such notice to cure the default. Should the Debtors fail to cure the default within the time period referenced above, any orders adjudicating the Motion to Avoid Lien and any orders adjudicating the Objection to Exemptions, including the Comfort Oder, shall be deemed null and void, and the Trustee, after notice and hearing, may seek turnover of all of the Debtors' Scheduled Property (or any concealed or unscheduled property, including the Disputed Property to the extent determined to be property of the Estate) plus the Trustee's reasonable attorneys' fees in seeking to enforce this Agreement. The only defense to the entry of such order shall be payment. All other defenses shall be deemed waived. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. § 727(a)(10), the Debtors agree to waive any procedural requirements prior to the entry of an order revoking discharge and/or an order enforcing this Agreement, including, but not limited to, an adversary proceeding under Fed.R.Bank.P. 7001. However, the Debtors' discharge will not be revoked without a hearing and any determination that the Debtors' representations and warranties contained herein are materially untrue must be made through a final non-appealable court order. Notwithstanding anything else contained in this agreement, any of the Trustee's remedies upon a default other than failure to pay the Settlement Payment shall be subject in all respects to set-off by the Debtors for the value of the Settlement Payment actually paid.

7. **Notices.** All notices to be sent or information to be provided under this Settlement Agreement shall be sent to the following:

**Trustee:** Marcia T. Dunn, Trustee
c/o Michael P. Dunn, Esq.
Dunn Law, P.A.
66 West Flagler Street, Suite 400
Miami, FL 33130
E-mail: michael.dunn@dunnlawpa.com
*Counsel for Trustee*

**Debtors:** Yuri Lyubarsky and Olga Lyubarsky
c/o Leonid Nerdinsky, Esq.
Nerdinsky Law Group, P.A.
Hallmark of Hollywood Offices
3800 South Ocean Drive, Suite 242

Hollywood Beach, FL 33019
E-mail: lnerdinsky@nerdinskylaw.com
*Counsel for the Debtors*

8. **Integration.** This Agreement represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be changed, amended, modified, supplemented or altered except in writing executed by all of the Parties. The Parties acknowledge that there are no communications or oral understandings contrary to or different from this Agreement. A waiver by a party of any breach of any provision of this Agreement shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

9. **Severability.** Except as otherwise set forth herein, if any clause, provision, or paragraph of this Agreement shall, for any reason, be held illegal, invalid, or unenforceable, such illegality, invalidity, or unenforceability shall not affect any other clause, provision, or paragraph of this Agreement, and this Agreement shall be construed and enforced as if such illegal, invalid, or unenforceable clause, paragraph, or other provision had not been contained herein. It is the intention of the Parties that if any such provision is held to be illegal, invalid or unenforceable, there will be added in lieu thereof a provision as similar in terms to such provision as is possible and be legal, valid and enforceable.

10. **Advice of Counsel.** This Settlement Agreement was executed after arm's length negotiations between the Parties and their respective counsel, and reflects the conclusion of the Parties that this Agreement is in the best interests of the Parties. The Parties acknowledge that they have been represented by counsel of their own choice in the negotiations leading up to the execution of this Settlement Agreement, that they have read this agreement, have had the opportunity to receive an explanation from legal counsel regarding the legal nature and effect of the agreement, and understands the terms and provisions of this agreement. Each Party further represents that they are entering into this Settlement Agreement freely and voluntarily, relying solely upon the advice of their own counsel, and not relying on the representation of any other Party or of counsel for any other Party.

11. **Successors and Assigns.** The provisions of this Agreement shall be binding upon, and insure to the benefit of, the Parties and their respective employees, officers, directors, heirs, affiliates, successors, attorneys, legal and personal representatives of each party, and assigns, including any successor trustee is this case is converted to a case under any other chapter of the Bankruptcy Code. This Agreement is not intended to confer any rights on individuals not parties hereto. The Trustee's rights hereunder shall be assignable. In the event that the Trustee seeks to sell, assign or otherwise transfer her rights hereunder, the Trustee shall provide at least twenty-one (21) days' notice to all interested parties of any proposed disposition.

12. **Neutral Interpretation.** In the event a dispute arises among the Parties with regard to the interpretation of any term of this Settlement Agreement, all of the Parties shall be considered collectively to be the drafting party and any rule of construction to the effect that ambiguities are to be resolved against the drafting party shall be inapplicable.

13. **Counterparts.** This Agreement may be signed via electronic signature (.pdf) or may be transmitted via facsimile or electronic mail, and simultaneously in counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

14. **Jurisdiction.** The Parties agree that the United States Bankruptcy Court for the Southern District of Florida will retain exclusive jurisdiction to enforce and implement the terms and provisions of this Agreement and to otherwise resolve any disputes under or pertaining to this Settlement Agreement and the Parties consent and submit to the jurisdiction of the Bankruptcy Court for all such matters.

15. **Headings.** The divisions of this Agreement into sections and subsections and the use of captions and headings in connection therewith are solely for convenience and shall have no legal effect in construing the provisions of this Agreement.

16. **Effective Date.** This Agreement shall become effective on the date that the last Party signs this Agreement.

**IN WITNESS WHEREOF,** the Parties, have each caused this Agreement to be executed by themselves or by their duly authorized representatives on the dates set forth below with a full and complete understanding of the terms hereof.

ACKNOWLEDGEMENT:

By: _____
Name:   Yuri Lyubarsky
        Debtor
Address: 375 Poinciana Island Drive
         Sunny Isles Beach, FL 33160

Date:   02.07.19

By: _____
Name:   Olga Lyubarsky
        Joint -Debtor
Address: 375 Poinciana Island Drive
         Sunny Isles Beach, FL 33160

Date:   02.07.19

By: _____
        Leonid Nerdinsky, Esq.

Date:   02/08/2019

ACKNOWLEDGEMENT:

By: _____
Name:   Marcia T. Dunn, Chapter 7 Trustee
Address: 66 West Flagler, Suite 400
         Miami, Florida 33130

Date:   2/11/19