UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

| | |
|---|---|
| YURI LYUBARSKY and  OLGA LYUBARSKY | Case No: 18-16659-LMI  Chapter 7 |
| Debtors.  _____/ | |

**DEBTORS' REPLY**

**TO THE RESPONSE OF CREDITOR VERTONIX LTD**

**TO DEBTORS' OBJECTION TO THE PROOF OF CLAIM OF VERTONIX LTD**

Debtors, Yuri Lyubarsky and Olga Lyubarsky ("Debtors"), through undersigned counsel, hereby reply to the Response in Opposition to Debtors' Objection to Proof of Claim [#54] filed by Vertonix Ltd on January 2, 2019.

This Reply hereby incorporates the contents and exhibits of Debtors' Motion for Enforcement of the Automatic Stay, Sanctions against Vertonix Ltd and its Counsel Arkady "Eric" Rayz for Fraud on the Court and Contempt for Willful Violations of the Automatic Stay ("Sanctions Motion"), filed concurrently herewith. The Sanctions Motion and Exhibits thereto contain the bulk of Debtors' arguments for why the Response should be disregarded by the Court.

Additionally, Debtors make the following arguments:

1. **Misrepresentations and Obfuscations in the Response**

In addition to the more egregious improprieties more fully described in the Sanctions Motion, the Response contains multiple other misrepresentations and obfuscations which should be unacceptable in a

court pleading. While these are too numerous to address with appropriate judicial economy, examples of such obfuscations and misrepresentations include:

    A. <u>Misquoting other documents and improperly accusing Debtors of being untruthful.</u>

In paragraph 6 of his Affidavit attached as Exhibit A to the Objection [#47, Ex. A], Debtor Yuri Lyubarsky wrote, referring to a January 3, 2005 visit from someone to his New Jersey home in 2004:

> ***"I am not 100% certain, but I believe*** the representative visiting my home on that day was Eric Rayz, the lawyer for Vertonix." (emphasis added)

It is clear Mr. Lyubarsky expressed doubt about his recollection of events a decade taking place well over a decade ago and was uncertain whether the person visiting his home, whom he had never met before, was Eric Rayz.

Nevertheless, in footnote 2 to paragraph 11 of the Response, Vertonix accuses Mr. Lyubarsky of lying in the following way:

> *"In his Affidavit, Yuri Lyubarsky asserts that the Debtors signed the Personal Guarantee, when "a representative [arrived] at [their] home in New Jersey with the documents" and that **"the representative visiting my home on that day was Eric Rayz, the lawyer for Vertonix."** ECF Doc. 47-1, pp. 1-2. This statement is false."* (emphasis added)

The above is a purposeful misquote of Mr. Lyubarsky's statement that dramatically changed its meaning. This was caught by Mr. Lyubarsky, who wrote in his affidavit that he was <u>doubly</u> unsure by using the words "*I am not 100% certain, but I believe…*". These words were entirely omitted in the Response, turning the remainder of Mr. Lyubarsky's sentence on its head. Based

on this mis-quotation, Vertonix then proceeded to accuse Mr. Lyubarsky of lying by stating, "This statement is false." Also see Motion for Sanctions, Exhibit C, Paragraphs 7-9.

B. <u>Purposefully modifying photographs to make them appear current to put Debtors in bad light.</u>

In paragraph 180 of the Response, in the section aptly titled "Debtor's Wealth", Vertonix includes this picture of Mr. Lyubarsky:



By context (being included in the section titled "Debtors' Wealth", not "Debtors' Past Wealth") this should be a relatively current picture, which, Vertonix claims, "appeared on publicly-accessible social media."

In reality, the picture included by Vertonix, the full version of which can be accessed at https://ok.ru/profile/102253041315/pphotos/145061122723, dates back to 2004, and has been purposefully and improperly modified to obscure the date it was taken – which is over 14(!) years prior to the date Mr. Rayz presented it to this Court.

Here is the full version of the picture, clearly showing a December 31, 2004 New Year's party going on, with the date visible in the background in the left upper corner:



The above picture was clearly edited prior to being filed by Vertonix. The Year in the upper left corner was "photoshopped out", and so was the logo in the right lower corner. Mr. Lyubarsky in his declaration confirms that, indeed, he was doing better a decade and a half ago when this picture was taken. He also does not dispute having owned high-end homes and leasing flashy cars many years ago, before these homes were foreclosed upon and the cars were returned to manufacturers.

Debtors' current bankruptcy filing is clearly a reflection of downturn in fortunes…

In a similar fashion to the above examples of misrepresentation and obfuscation, Vertonix presents photographs of Mr. Lyubarsky's Florida home, foreclosed upon approximately 4 years ago, which were taken *post-foreclosure* by their new owners marketing the home, presumably after renovations. As Mr. Lyubarsky states in his Affidavit (#47, Ex. 1), that home and its mortgage had been in default and foreclosure proceedings for a long time prior to 2015. Counsel for Vertonix knew about the foreclosure through Vertonix's Florida collections proceedings.

Mr. Lyubarsky further states in his Affidavit that his New Jersey home was sold in a "short sale" approximately six years ago, with Vertonix receiving the bulk of proceeds ($175,000 vs. approximately $40,000 received by Debtors). It is unclear what argument Vertonix is trying to make regarding these two homes after having received most of the proceeds from the sale of one, and knowing that the other one was sold in foreclosure.

Vertonix also includes photographs of cars Mr. Lyubarsky is apparently alleged to be driving, failing to mention that these photographs are a decade old and show cars Mr. Lyubarsky leased in very distant past[1].

Vertonix includes a list of companies with which Mr. Lyubarsky was associated many years ago, failing to mention that not a single one of them is currently active or has any assets.

This is the same type of conduct that apparently earned Vertonix its past victories against Debtors in Pennsylvania – except that back then he was not in the court, and his lawyers didn't have enough information or knowledge of prior facts and documents to show where Vertonix was trying to mislead the court. See Sanctions Motion, Exhibit C, Paragraphs 7-23.

**2. Dispute over Debtors' Assets.**

Most of the Response deals with Debtors' assets. Debtors naturally dispute the incorrect portrayal of them and their non-existent assets by Vertonix. However, this is no longer an issue that requires the court's attention. The Trustee, having had access to the same information as Vertonix, after over six months of research which included production of documents by Debtors, a 2004 Examination of Debtors and, presumably, a careful review of all information furnished/alleged by Vertonix and a thorough asset search on Debtors and their alleged business entities, entered into a settlement agreement with Debtors. See Trustee's Motion to Compromise Controversy [#65].

The settlement obviates most of the arguments made by Vertonix in its Response. Moreover, those arguments are hardly relevant to the amount of Vertonix's claim against Debtors. They were apparently introduced in an attempt to put Debtors in bad light, and to justify the enormous legal fees charged by Vertonix on top of the court-issued judgment in its favor.

---

[1] An exception to this is the Tesla vehicle which Debtors disclosed on their schedules. All other vehicles claimed by Vertonix have been returned to the manufacturer many years ago. See Mr. Lyubarsky's affidavit attached to the Objection and his declaration attached to the Sanctions Motion.

3.  **Correct Amount of Vertonix's Claim.**

The most recent amount of Debtors' liability to Vertonix determined by the Pennsylvania court is $141,102.71 plus 6% annual interest from May 3, 2016. This is undisputed. Debtors concede the slight error in calculating the appropriate amount of interest by using July 7, 2016 as the starting date. Prorated through May 31, 2018 (the date of Debtors' Petition, the interest) and April 3, 2019 (the date of the scheduled hearing on Debtors' Objection), the total amount outstanding under the judgment is:

|          | Prior Balance | Interest 6% | Ending Balance |
|----------|---------------|-------------|----------------|
| 05/03/16 |               |             | $ 141,102.71   |
| 05/03/17 | $ 141,102.71  | $ 8,466.16  | $ 149,568.87   |
| 05/03/18 | $ 149,568.87  | $ 8,974.13  | $ 158,543.00   |
| 05/31/18 | $ 158,543.00  | $ 729.73    | **$ 159,272.73** |

|          | Prior Balance | Interest 6% | Ending Balance |
|----------|---------------|-------------|----------------|
| 05/03/16 |               |             | $ 141,102.71   |
| 05/03/17 | $ 141,102.71  | $ 8,466.16  | $ 149,568.87   |
| 05/03/18 | $ 149,568.87  | $ 8,974.13  | $ 158,543.00   |
| 04/03/19 | $ 158,543.00  | $ 8,730.72  | **$ 167,273.72** |

Since it appears that other creditors have calculated interest through the date of the Petition, it is inappropriate to award post-petition interest to Vertonix without making similar adjustments for other creditors. Accordingly, the balance owed under the Pennsylvania judgment is $159,272.73.

It is noted that Vertonix withheld information showing the $141,102.71 amount (current as of 07/07/2016) from its POC, but instead included an much more outdated judgment for $184,264.19 as of 02/24/2011. Vertonix also withheld information about a $175,000 payment made by Debtors in May 2013.

Debtors dispute any liability for $100/day sanctions, which were expressly denied by the Pennsylvania court when it reassessed damages on July 7, 2016. See Debtors' Motion for Sanctions for full narrative and applicable exhibits. In particular, in addition to showing that the $100/day sanctions were denied, Debtors demonstrate that Vertonix engaged in misrepresentations and committed fraud on

the court by purposefully withholding documents from its POC and Response that evidenced said denial of $100/day sanctions.

Debtors also dispute any liability for Mr. Rayz' legal fees and costs, which were expended, at least in part, on an extortionate attempt to collect from Debtors more than what was owed, including demands made on Debtors on June 21, 2018 in violation of the automatic stay. See Debtors' Motion for Sanctions for full narrative and applicable exhibits. The legal fees and costs were also incurred in a pursuit of Debtors' disability policy benefits in the wrong jurisdiction, namely Pennsylvania instead of Florida. While Debtors' counsel in Pennsylvania did not contest jurisdiction, Debtors should not be liable for Vertonix's legal fees when its counsel chose the wrong jurisdiction and forum to pursue Debtors' Florida-based assets. It is noted that the bulk of the $141,102.71 amount is already Vertonix's purported legal fees prior to May 3, 2016, and at least some of those were incurred in the wrong-jurisdiction pursuit.

Accordingly, Debtors request that the base amount of Vertonix's POC be entered as **$159,272.73**.

After a ruling on the base amount of Vertonix's POC, Debtors request a ruling on their Motion for Sanctions, which, among other sanctions requested by Debtors, may reduce or nullify the aforementioned base amount of Vertonix's POC.

Dated March 4, 2019

/s/ Leonid Nerdinsky
Leonid Nerdinsky, Esq.
Nerdinsky Law Group
3800 S Ocean Drive, Suite 242
Hollywood, FL 33019
Tel: 954-237-6307
lnerdinsky@nerdinskylaw.com

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 4th day of March 2019, upon all registered users in this case.