

**ORDERED in the Southern District of Florida on March 11, 2019.**

**Laurel M. Isicoff**
**Chief United States Bankruptcy Judge**

---

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
*www.flsb.uscourts.gov*

In re:

YURI LYUBARSKY and                    Case No. 18-16659-LMI
OLGA LYUBARSKY,                        Chapter 7

    Debtors.
_____/

**BAR ORDER PURSUANT TO SETTLEMENT AGREEMENT
BETWEEN THE CHAPTER 7 TRUSTEE AND THE DEBTORS AND
FOR THE BENEFIT OF THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA[1]**

    **THIS CAUSE** came before the Court on March 6, 2019 at 11:00 AM upon Chapter 7

Trustee, Marcia T. Dunn's (the "<u>Trustee</u>") *Motion to Compromise Controversy and Approve*

---

[1] As directed by the Court at the evidentiary hearing on the Settlement Motion [D.E. 65] held on March 6, 2019, all references to the term "Comfort Order", as set forth in the Settlement Motion [D.E. 65], have been retitled herein to "Bar Order" to clarify the relief sought.

*Settlement Agreement between the Trustee and Debtors* (the "Settlement Motion" or "Motion")

[D.E. 65].[2]

The Court has reviewed the Settlement Motion and Settlement Agreement, and has considered the entire record in this case and the arguments of counsel at the hearing on the Settlement Motion and evidence adduced in support of the Settlement Motion (including any evidence offered by proffer and acceptance by the Court without objection of any party).  The Court finds that notice of the Settlement Motion and the hearing thereon is sufficient under Fed.R.Bankr.P. 9019 and 7004, and that the terms of this Order are agreed to by the Trustee and Debtors, Yuri Lyubarsky and Olga Lyubarsky (collectively, the "Debtors").  Based on the forgoing, and for the reasons more particularly set forth in Court on the record as if fully incorporated herein, it is **ORDERED** as follows:

1.     The Court has approved the Settlement Motion and Settlement Agreement between the Trustee and Debtors as provided by separate Order (the "Order Approving the Settlement Motion").

2.     The terms of this Bar Order is contingent upon and subject to entry of a final and non-appealable Order Approving the Settlement Motion,

3.     For the reasons stated on the record, which are incorporated herein by reference, the request for a Bar Order is **GRANTED and APPROVED** on the terms and to the extent set forth below.

4.     The Debtors' interest in Disability Income Policy Nos. Z0191290 and Z9073840 issued by The Guardian Life Insurance Company of America ("Guardian") on the life of debtor

---

[2] All capitalized terms not otherwise defined or clarified in this Order shall have the meaning ascribed to them in the Settlement Motion [D.E. 65].

Yuri Lyubarsky (the "Disability Policies") is hereby deemed exempt pursuant to 11 U.S.C. § 522 and Fla. Stat. §§ 222.18. The Debtors' interest in the Disability Policies shall be deemed to include all accrued disability benefits currently held by Guardian and any future disability benefits that may be payable to the Debtor, Yuri Lyubarsky, under the Disability Policies.

5.      The Debtors' interest in Guardian Whole Life Paid-Up at Age 99 Policy No. 6450023 owned by Debtor, Yuri Lyubarsky, on his life and Guardian Modified Premium Whole Life Policy No. 3987723 ("Life Insurance Policies") is hereby deemed exempt pursuant to 11 U.S.C. § 522 and Fla. Stat. §§ 222.14. The Debtors interest in the Life Insurance Policies shall be deemed to include any cash value and loan value.

6.      Any and all judgments and judicial liens held by creditor, VERTONIX LIMITED, and any of its predecessors, successors, affiliates, attorneys, or assigns, in or against the Disability Policies and the Life Insurance Policies (together, "Guardian Policies") and in and against Guardian, including, without limitation, any and all judgments and judicial liens obtained in the case of *Vertonix Limited v. Yuri and Olga Lyubarsky v. The Guardian Life Insurance Company of America* (as garnishee), Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 1102-03388, and Pennsylvania Superior Court Case Nos. 3787 EDA 2016 and 477 EDA 2017 (the "Vertonix Action"), by way of garnishment or otherwise, are hereby **AVOIDED**.

7.      Within twenty (20) days after this Bar Order becomes final and non-appealable, Guardian shall pay to the Debtors the full amount of all benefits accrued under the Disability Policies, and shall re-initiate payments to Debtor, Yuri Lyubarsky, of any future benefits that may be payable to him under the Disability Policies.

8.      Except as set forth in Paragraphs 9 to 11 herein, this Bar Order shall act as an injunction that forever enjoins any person or entity, including, without limitation, Vertonix Limited, from:

a.  Filing, commencing, conducting, or continuing in any manner directly, indirectly, or derivatively, any suit, action, or other proceeding, including, without limitation, the Vertonix Action or any other proceeding in any judicial, arbitral, administrative, or other forum, against the Debtors or Guardian with regard to all matters arising out of the Debtors' right, title or interest in the Guardian Policies or Vertonix Limited's right, title or interest in the Guardian Policies;

b.  Enforcing, levying, employing legal process, whether pre- or post-judgment, attaching, garnishing, sequestering (including, without limitation, any pre-judgment attachment, garnishment or sequestration), bringing proceedings supplementary to execution, collecting or otherwise recovering by any means or in any manner, any claims against the Debtors or Guardian in the Vertonix Action or otherwise with regard to all matters arising out of the Debtors' right, title or interest in the Guardian Policies or Vertonix Limited's right, title or interest in the Guardian Policies; and

c.  Seeking recovery by way of contribution and/or indemnity from or against Guardian with regard to all matters arising out of the Debtors' right, title or interest in the Guardian Policies or Vertonix Limited's right, title or interest in the Guardian Policies.

9.      Nothing contained in this Bar Order is intended to bar, diminish, impair, affect or otherwise prevent the Trustee in any pending or threatened litigation in any court from claiming,

4

to the extent applicable, that any claims against the Estate or damages sustained by the Estate or Trustee should be subject to setoff or other reduction in accordance with applicable law. Further, entry of this Bar Order shall be without prejudice to the right of the Trustee to challenge the applicability of a setoff of reduction, and to the right of the Trustee to challenge or assert the manner of calculating any such setoff or reduction, in accordance with applicable law.

10.    Nothing contained in this Bar Order shall prevent or is intended to bar, diminish, impair, or otherwise affect any and all claims by the Trustee against the Debtors in the event the Debtors default under the terms and conditions of the Settlement Agreement.

11.    Nothing contained in this Bar Order is intended to bar, diminish, or impair any future claim by debtor Yuri Lyubarsky against Guardian for benefits under the Guardian Policies or any future claim by Guardian against Debtor, Yuri Lyubarsky, or his beneficiaries that benefits are not payable by Guardian under the Guardian Policies.

12.    Subject to provisions and subparts of Paragraph 8 above, but otherwise notwithstanding anything else to the contrary contained herein or in the Settlement Agreement, neither the Court's entry of this Bar Order nor the Court's entry of the Order Approving the Settlement Motion shall operate as a release, discharge, or otherwise affect, diminish or impair in any way the claims, rights and remedies of any creditors, parties in interest or other person or entity against any person or entity other than against the Debtors and Guardian with respect the Guardian Policies. Without limiting the forgoing, other than as expressly stated in Paragraph 8 above, nothing in this Order, the Settlement Agreement or anything related to the approval or implementation of the Settlement Agreement shall effect, impair, or diminish in any way the claims, rights, remedies being asserted, or which may hereafter be asserted in any action or proceeding against any person or entity (including, without limitation, any current or future

defendants or other parties in any current or future actions or proceedings), other than the Debtors and Guardian with respect the Guardian Policies. In an abundance of caution, nothing in this Paragraph 12 is intended to limit the scope or application of any releases or injunctions set forth in Paragraph 8 of this Order, or the scope or application of the relief set forth in Paragraph 8 of this Order.

13.     Nothing in this Order, any order implementing the Settlement Agreement and Bar Order approved herein is a determination of any issue other than the reasonableness of the Settlement Agreement and Bar Order under applicable law, and the Court makes no determination or adjudication on the merits of the claims asserted. Moreover, the Trustee's waiver of claims against the Debtors concerning the Guardian Policies, as contained in the Settlement Agreement, shall be limited solely to claims which the Trustee has exclusive standing to prosecute on behalf of the Estate.

14.     Nothing in the Settlement Agreement, this Bar Order or the Order Approving the Settlement Agreement shall preclude any person or entity from taking discovery from and setting depositions of the Debtors, as otherwise allowed by applicable law.

15.     The provisions in Paragraph 8 above shall not apply to agencies or departments of the United States of America or of any state or local governments.

16.     The Court retains sole and exclusive jurisdiction to: (a) implement, interpret and enforce the terms of the Settlement Motion, this Bar Order and the Settlement Agreement; and (b) resolve any claims, controversies or disputes by, between, and amongst the Trustee, the Debtors, Guardian, and Vertonix Limited arising from or related to the Settlement Motion, this Bar Order, the Settlement Agreement and the relief authorized therein.

17.    Except as otherwise set forth herein, any and all objections to entry of the Bar Order herein have either been withdrawn or are hereby **OVERRULED.**

#       #       #

Submitted by:

Alexis S. Read, Esq.
DUNN LAW, P.A.
*Counsel for Marcia T. Dunn, Chapter 7 Trustee*
66 West Flagler, Suite 400
Miami, Florida  33130
Phone: (786) 433-3866
Fax:    (786) 260-0269
alexis.read@dunnlawpa.com

*Attorney Alexis S. Read shall serve a copy of this Order on all interested parties and shall file a Certificate of Service.*