UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                    Case No. 18-16659-LMI

YURI LYUBARSKY AND                                    Chapter 7
OLGA LYUBARSKY,

        Debtor.
_____/

**SUPPLEMENT TO RESPONSE IN OPPOSITION
TO DEBTORS' OBJECTION TO PROOF OF CLAIM [ECF No. 54]**

        Vertonix Limited ("Vertonix"), by and through its undersigned counsel, files this supplement (the "Supplement") to Vertonix's Response in Opposition to Debtors' Objection to Proof of Claim [ECF No. 54] (the "Response") to the Debtors' Objection to Claim [ECF No. 47] (the "Objection"). In support of its Supplement, Vertonix asserts as follows.

**Preliminary Statement**

        1.    Yuri Lyubarsky and Olga Lyubarsky, (the "Debtors"), filed the Objection dated December 3, 2018, pursuant to Local Rule 3007-1.

        2.    The Debtors also filed an Objection to Guardian Life Insurance's Proof of Claim [ECF No. 46]. On December 28, 2018, Guardian Life Insurance filed a Response [ECF No. 55]. The contested matter has not been noticed by the Debtors.

        3.    As of March 25, 2019, the total claims filed by creditors in the present case equal $1,122,215.39.

        4.    On March 11, 2019, the Court entered an Order Granting Trustee's Motion to Compromise Controversy and Approve Settlement Agreement Between the Trustee and Debtors [ECF No. 78] (the "Settlement Order").

        5.    The Settlement Order incorporated by reference the settlement agreement between the Trustee and the Debtors (the "Agreement").

6.  The Agreement in pertinent part provides that the Debtors shall pay the Chapter 7 Trustee a total sum of $120,000.00.

**The Debtor does not have a "pecuniary interest" in this Chapter 7 case because there is no surplus and therefore they do not have standing to object to claims**

7.  It is clear in the present case the Debtors do not have standing to object to Vertonix's claim. In fact, "almost every court that has dealt with the issue of a Chapter 7 debtor's standing to object, has held that unless there is going to be a surplus, debtors do not have standing to object to a proof of claim." *United States v. Jones*, 260 B.R. 415, 418 (E.D. Mich. 2000). "This is so because only when there is a surplus in the bankruptcy estate — i.e., the assets in the estate exceed in value the amount necessary to pay all allowed administrative expenses and all allowed creditor claims in full with interest — will the debtor be entitled to any distribution from the estate. *In re Dinoto*, 576 B.R. 835, 838 (Bankr. E.D. Mich. 2017).

8.  The Debtors fail to advise the Court that in asserting standing, "the debtor cannot simply claim that there is a theoretical chance of a surplus in the estate, but must show that such surplus is a reasonable possibility." *Simon v. Amir* (*In re Amir*), 436 B.R. 1, 10 (B.A.P. 6th 2010) (internal citations and quotations omitted). Moreover, the debtor has the burden of demonstrating such a reasonable possibility of a surplus. See *id.*; see also *In re Lunan*, 523 Fed. App'x. 339, 340 (6th Cir. 2013) (same).

9.  Even assuming that the Debtors are successful in both the objection to Vertronix and Guardian Life Insurance's claim, the claims pool would be reduced to $771,215.39. As such it is not a reasonable possibility to believe that a surplus would flow to the Debtors. Therefore, the Debtors cannot meet his high burden of proof.

**WHEREFORE**, Vertonix Limited requests the Court enter an Order denying the Debtors' Objection to Proof of Claim [ECF No. 54] and grant such other and further relief as

this Court deems just and proper.

Dated: March 25, 2019

Respectfully submitted,
KALIKHMAN & RAYZ, LLC

_____/s/_____
Arkady "Eric" Rayz
Attorney(s) for Claimant(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

-and-

LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
FELIPE PLECHAC-DIAZ, ESQ
Florida Bar No. 0105483
fpd@lsaslaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on March 25, 2019 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail on to Yuri Lyubarsky and Olga Lyubarsky, 375 Poinciana Island Dr Unit 1135 North Miami Beach, FL 33160; Eric Rayz, 1051 County Line Rd., Suite A, Huntington Valley, PA 19006; and Synchrony Bank, PRA Receivables Management, LLC, c/o Valerie Smith, PO Box 41021, Norfolk, VA 23541.

By:_____/s/_____
Felipe Plechac-Diaz