UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

YURI LYUBARSKY and        Case No: 18-16659-LMI
OLGA LYUBARSKY            Chapter 7

    Debtors.
_____/

**DEBTORS' SUPPLEMENT TO THE MOTION FOR SANCTIONS**

Debtors, Yuri Lyubarsky and Olga Lyubarsky, by and through undersigned counsel, hereby file this Supplement to their Motion for Sanctions [ECF No. 74 and 81] and attach hereto:

- Supplemental Declaration of Marina Kats, Esq. (correcting a statement in her prior declaration filed with the original Motion); and

- Declaration of Linda Alle-Murphy, Esq. (addressing statements made in the declaration of Eric Rayz filed with his and Vertonix's Response to the Motion for Sanctions).

Dated: April 2, 2019

                                                    /s/ Leonid Nerdinsky
                                                  Leonid Nerdinsky, Esq.
                                                  Nerdinsky Law Group, P.A.
                                                  3800 S Ocean Drive, Suite 242
                                                  Hollywood, FL 33019
                                                  Tel: 954-237-6307
                                                  Fax: 954-416-6188
                                                  LNerdinsky@nerdinskylaw.com
                                                  Florida Bar No. 638781

**CERTIFICATE OF SERVICE**

I, Leonid Nerdinsky, CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on April 2, 2019, upon all registered users in this case.

## SUPPLEMENTAL DECLARATION OF MARINA KATS, ESQ.
## IN SUPPORT OF DEBTORS' MOTION FOR SANCTIONS

I, Marina Kats, declare as follows:

1. I make this Declaration of further to my previous declaration dated March 2, 2018 in support of Debtors' Motion for Enforcement of the Automatic Stay, Sanctions against Creditor Vertonix Ltd and Its Counsel Arkady "Eric" Rayz for Fraud on the Court and contempt for Willful Violations of the Automatic Stay ("Motion").

2. The information set forth in this Declaration is based upon my personal knowledge.

3. I have reviewed the declaration of Eric Rayz dated April 1, 2019 filed as part of his and his client's Response to the Motion.

4. In my prior declaration I assumed that Rayz' statement about speaking to "Debtors' Pennsylvania counsel" referred to me. I was mistaken, as he apparently referred to Linda Alle-Murphy, who used to work as an attorney at my office.

5. In my previous declaration, I wrote "*I am also not aware of any other attorney at my office speaking to Mr. Rayz between April 2018 and today. It is virtually impossible that any of them could have done it without speaking to me first.*" This statement was inaccurate.

6. I did not recall it at the time I wrote the previous declaration, but I do now recall that as part of exploring the possibility of a settlement, I asked Linda-Alle Murphy to call Mr. Rayz and ask him what his belief was regarding my clients' debt to his client and whether he was interested in making a reasonable settlement offer.

7. The reason I asked Linda to make this call since I do not get along well with Mr. Rayz personally, and did not want to speak with him directly. This was simply an exploratory contact to see if something could be worked out. I remember Linda getting back to me with the amount of over $400,000, which both she and I considered absolutely exorbitant.

8. I never authorized or made an $80,000 settlement offer.

9. I never made, told Linda-Alle Murphy to make, nor was I ever authorize to make, any settlement offers at any time in 2018. All my efforts relating to possible settlement were aimed at exploring what was possible, and perhaps obtaining some meaningful proposal I could take to my clients. Also, as part of this exploration, it was always clear that any settlement would have to be made from their frozen disability benefits.

10. The above-described mistake in my previous declaration was an unintentional error of memory. In order to compile my previous declaration, I had thoroughly searched all my e-mails with clients and opposing counsel and tried as best I could to recall the timing of my and my staff's interactions with Rayz. I did not at the time recall the exploratory call I asked Linda Alle-Murphy to make.

11. I reiterate the accuracy of all other statements in my previous declaration.

I hereby affirm and declare that the foregoing is true to the best of my knowledge and belief.

Marina Kats, Esq.
April 2, 2019

## DECLARATION OF LINDA ALLE-MURPHY, ESQ.
## IN SUPPORT OF DEBTORS' MOTION FOR SANCTIONS

I, Linda Alle-Murphy, declare as follows:

1. I make this Declaration in support of Debtors' Motion for Enforcement of the Automatic Stay, Sanctions against Creditor Vertonix Ltd and Its Counsel Arkady "Eric" Rayz for Fraud on the Court and contempt for Willful Violations of the Automatic Stay.

2. The information set forth in this Declaration is based upon my personal knowledge.

3. I am an attorney licensed to practice law in Pennsylvania. In the spring of 2018, I worked as a lawyer at Kats Jamison and Associates, a law firm in Philadelphia, Pennsylvania. As part of this work, I represented Yuri and Olga Lyubarsky in the proceedings against them involving Vertonix, Ltd. and its counsel Eric Rayz, Esq.

4. As part of exploring the possibility of settlement, in or about April 2018, I reached out to opposing counsel Eric Rayz and asked him how much his client would want to settle the case. I remember leaving more than one voicemail message for him, but I think I only spoke to him once, in April 2018.

5. I recall Mr. Rayz demanding an amount that I considered exorbitant. I do not recall exactly how much it was, but I do recall him saying that it was all or almost all consisting of his own legal fees. I rejected it out of hand because I knew my clients could neither afford nor would accept such a high amount. To the extent this was a settlement discussion, it was an offer made by Rayz as counsel for Vertonix that was rejected by me as counsel for Mr. and Mrs. Lyubarsky.

6. Also, around February 2018, I participated in a conference call arranged by Steven Maniloff, counsel for Guardian Insurance Company (at his initiative with no prior request from me), in which Guardian was trying to resolve the matter. This was an exploratory discussion that did not prove fruitful.

7. At no time did I make any monetary offers to Mr. Rayz. Any statement to the by him to the contrary is false

8.      At no time did I disclose to Mr. Rayz that my clients were considering bankruptcy. Any statement by him to the contrary is false.

9.      By way of further comment, a disclosure of my clients' plans to file for bankruptcy to a creditor's counsel would have been an extreme breach of privilege if at the time my clients indeed did consider such a filing. In the instant case, it could (and likely would) have caused great harm to Mr. and Mr. Lyubarsky because it would have potentially (and likely) caused Mr. Rayz to take urgent execution actions. I am an experienced attorney, and it would have been unthinkable for me to make such a disclosure to opposing counsel, either on behalf of Mr. and Mrs. Lyubarsky or anyone similarly positioned.

I hereby affirm and declare that the foregoing is true to the best of my knowledge and belief.

       /s/
Linda Alle-Murphy, Esq.
April 2, 2019