UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:

YURI LYUBARSKY and             Case No. 18-16659-LMI
OLGA LYUBARSKY,              Chapter 7

    Debtors.
_____/

**TRUSTEE'S OBJECTION TO CLAIM NO. 2
FILED BY VERTONIX LIMITED**

**IMPORTANT NOTICE TO CREDITORS:
THIS IS AN OBJECTION TO YOUR CLAIM**

    This objection seeks either to disallow or reduce the amount or change the priority status of the claim filed by you or on your behalf. Please read this objection carefully to identify which claim is objected to and what disposition of your claim is recommended.

    If you disagree with the objection or the recommended treatment, you must file a written response WITHIN 30 DAYS from the date of service of this objection, explaining why your claim should be allowed as presently filed, and you must serve a copy to the undersigned attorney OR YOUR CLAIM MAY BE DISPOSED OF IN ACCORDANCE WITH THE RECOMMENDATION IN THIS OBJECTION.

    If your entire claim is objected to and this is a chapter 11 case, you will **not** have the right to vote to accept or reject any proposed plan of reorganization until the objection is resolved, unless you request an order pursuant to Bankruptcy Rule 3018(a) temporarily allowing your claim for voting purposes.

    The written response must contain the case name, case number, and must be filed with the Clerk of the United States Bankruptcy Court.

    Pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1, Marcia T. Dunn, as Chapter 7 Trustee of the above-captioned bankruptcy estate ("Trustee"), objects to the following claims filed in this case:

    **Claim No.:** 2

    **Name of Claimant:** Vertonix Limited

    **Amount of Claim:** $400,000.00

**Basis for Objection and Recommended Disposition:**

The Trustee hereby objects to the claim of VERTONIX LIMITED ("Vertonix") [Claim No. 2] (the "Claim") for the reasons more fully set forth in Debtors' Objection to Claim of Vertonix [D.E. 47], which the Trustee incorporates herein as it pertains to the amount of the Claim.

At the onset, the Trustee objects to the Claim because it was filed in violation of Rule 3001(c)(2)(A) in that it failed to include "an itemized statement of the interest, fees, expenses, or charges" required by Rule 3001(c)(2)(A).

Vertonix asserts that the Claim is secured by a lien on property, and the nature of the property is a judicial lien as a result of a lawsuit filed in the Court of Common Pleas, Philadelphia County, Docket No. 3388 (the "Philadelphia Court").

A review of the Philadelphia Court records reflects that on or about May 3, 2016, Vertonix filed a Motion to Reassess Damages, thereby requesting that the Philadelphia Court (1) determine the amount owed to Vertonix as of May 3, 2016 and amend a judgment entered on February 24, 2011 accordingly, and (2) determine the amount of the interest accruing thereon until paid in full. See **Exhibit "A."** On or about July 1, 2016, the Debtors filed their response. See **Exhibit "B."**

The Philadelphia Court subsequently entered an Order on July 6, 2016 (the "Philadelphia Order"), determining that (1) as of May 3, 2016, the amount of the judgment entered on February 24, 2011 in favor of Vertonix and against the Debtors is amended to reflect an amount of $141,102.71, and (2) six 6 percent is the interest rate per annum from July 6, 2016 until paid in full. See **Exhibit "C."**

As a result, the Trustee asserts that the amount of the Claim should be $157,200.02, which is $141,102.71 (the amount of the Philadelphia Order), plus 6% interest from July 6, 2016 through the petition date, May 31, 2018, in the amount of $16,097.31.

To the extent Vertonix failed to provide information required by Rule 3001(c)(2)(A), the Trustee requests relief under Rule 3001(c)(2)(D)(i) precluding Vertonix from using documents produced after the filing of the Claim to justify any amount above $157,200.02, calculated based on the express language of the Philadelphia Order (which was not attached to the Claim).

The Trustee further requests relief under Rule 3001(c)(2)(D)(ii) for her reasonable costs and attorney's fees incurred in connection with proceedings related to the Claim. Without such relief, the cost of Trustee's challenge of the Claim necessary to protect the interest of other creditors will fall on the shoulders of the other unsecured creditors, rather than Vertonix.

Trustee also respectfully requests that the proper amount of the Claim be determined during the initial stages of the upcoming evidentiary hearing on Debtors' Amended Motion for Enforcement of the Automatic Stay, Sanctions Against Vertonix and its Counsel FOR Fraud on the Court and Contempt for Willful Violations of the Automatic Stay [D.E. 81], and that the court subsequently issue a ruling on the instant Objection consistent with such determination.

Respectfully submitted this 16th day of April, 2019.

        **DUNN LAW, P.A.**
        *Counsel for Marcia T. Dunn, Trustee*
        66 West Flagler Street, Suite 400
        Miami, Florida  33130
        Tel: 786-433-3866
        Fax: 786-260-0269
        joshua.kligler@dunnlawpa.com

    By:  */s/ Joshua C. Kligler*
           Joshua C. Kligler, Esq.
           Florida Bar No. 69397

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 16th day of April, 2019, upon all registered users in this case and by U.S. Mail on the 16th day of April, 2019, upon the Debtors:

Yuri Lyubarsky and Olga Lyubarsky
375 Poinciana Island Dr., Unit 1135
North Miami Beach, FL 33160

By: */s/ Joshua C. Kligler*
Joshua C. Kligler, Esq.
Florida Bar No. 69397