UNITED STATES BANKRTUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re:<br><br>LYUBARSKY, et al.<br><br>Debtor(s) | Chapter 7<br><br>Case No. 18-16659-LMI |

## SUPPLEMENTAL RESPONSE IN OPPOSITION
## TO DEBTORS' MOTION FOR SANCTIONS

Yuri and Olga Lyubarsky (collectively, "Debtors") seek sanctions against Vertonix Limited ("Claimant" or "Vertonix") and its counsel, *inter alia*, as a result of a settlement proposal during a meeting, which took place after they filed for bankruptcy, between their counsel – Leonid Nerdinsky, Esquire – and counsel for Vertonix. According to Debtors, at that meeting, counsel for Vertonix "attempted to obtain a $250,000 direct payment from Debtors under threat of reporting their purported misdeeds to the US Attorney and the Chapter 7 trustee."[1] Debtors further assert that the demand sought was far in excess of what was actually owed by them.[2]

Vertonix's original response to Debtors' Motion for Sanctions already outlined the meritless nature of Debtors' latter argument. Namely, that the amount at issue was not excessive, because Vertonix was entitled to seek daily monetary sanctions, ordered by the Hon. Idee C. Fox of the Court of Common Pleas of Philadelphia County, after May 3, 2016.[3] The former argument made by Debtors also fails, because Vertonix did not violate the automatic stay by making a

---

[1] ECF Doc. 81, p. 2.

[2] See ECF Doc. 86, pp. 11-20.

[3] See ECF Doc. 86, pp. 11-20; see also ECF Doc. 54-1, p. 141.

1

settlement demand after Debtors filed for bankrupty.

Generally, "while the automatic stay is in effect, a creditor may engage in post-petition negotiations" concerning a bankruptcy-related debt, "so long as the creditor does not engage in coercive or harassing tactics." See, e.g., In re: Diamond, 346 F.3d 224 (1st Cir. 2003). Here, Vertonix and its counsel made a counter-demand to Debtors' bankruptcy counsel in response to settlement offers being communicated by Debtors and their Pennsylvania counsel over the previous months.[4] This was entirely appropriate under the circumstances. See, e.g., In re: Keaty, 350 B.R. 723 (W.D.La. 2006)(finding that a post-petition settlement demand, following pre-petition negotiations that ended eight months earlier, did not violate the automatic stay).

Moreover, there was nothing even remotely "coercive or harassing" about the single, 20-minute conversation between counsel.[5] First, Debtors' characterization of what took place at the meeting is false – counsel for Vertonix did not (and could not) offer not to disclose information about Yuri Lyubarsky's employment and Debtors' corporate affiliations in exchange for Debtors' payment.[6] Indeed, as explained earlier, the whole notion of such a contingency is absurd – this information was already available to the general public. In fact, a straightforward internet search of his name would have disclosed where Yuri Lyubarsky worked and what corporate entities he was affiliated with. Simply put, one cannot be threatened with exposure of information, if that

---

[4] See ECF Doc. 54-1, p. 31, ¶139; ECF Doc. 86, pp. 33-38, ¶¶54-90. Notably, Debtors and their Pennsylvania counsel, in sworn declarations submitted in this matter, initially denied making any settlement offers to Vertonix in 2018. See ECF Doc. 81, pp. 43-44, ¶¶15-16; id., p. 105, ¶43. When confronted with undisputable evidence to the contrary, however, see, e.g., ECF Doc. 86, pp. 6-7, Debtors' Pennsylvania counsel have already recanted her false assertions (that are now described as a "mistake" and an "inaccuracy"). See generally ECF Doc. 90.

[5] See ECF Doc. 54-1, p. 31, ¶142.

[6] See ECF Doc. 86, p. 37, ¶85.

information is already in the public eye.[7]

Second, the amount at issue – $250,000.00 – was not excessive. Indeed, it was entirely consistent with a proposal of $200,000.00 that was made more than a year earlier – the increase reflected additional interest, sanctions, and attorneys' time incurred in responding to Debtors' filings in Pennsylvania appellate and trial courts in the intervening period.[8] Furthermore, because Vertonix was entitled to daily monetary sanctions imposed by Judge Fox, the total amount due (at the time of the aforementioned meeting between counsel) was approximately $400,000.00.[9] Thus, a settlement demand of less than sixty-three (63) percent of the total amount due was eminently reasonable (especially, given that Debtors' multiple appeals have now been fully exhausted).

Third, there was no immediateness in the counter-offer made on behalf of Vertonix. Indeed, it was the Debtors' own counsel – at the meeting that took place on June 21, 2018 – who proposed that Vertonix wait four days for Debtors' response.[10] The undersigned counsel merely agreed on that date, because there was no exigency for Vertonix in the matter.[11] In fact, Debtors' counsel was explicitly told that Vertonix had no interest in retaining local counsel in the bankruptcy matter and that, other than by filing a proof of claim, would not be pursuing any further

---

[7] See id., pp. 8-9.

[8] See id., p. 9.

[9] See ECF Doc. 86, pp. 11-20; ECF Doc. 54-1, p. 141; see also ECF 54, p. 53, ¶¶210-211.

[10] See ECF Doc. 86, p. 38, ¶¶92-94.

[11] Id. Notably, Mr. Nerdinsky has concealed from the Court the fact that the deadline at issue was his own suggestion. See ECF Doc. 81, pp. 26-29. Moreover, despite ample opportunity to dispute the declaration submitted by Vertonix's counsel, he has not done so. As evidenced by Debtors' prior conduct in this matter, however, Vertonix and its counsel suspect that Mr. Nerdinsky will now attempt to change or otherwise alter his testimony to dispute the fact that the four-day deadline for Debtors to respond was his own idea.

actions against Debtors.[12]

Date: <u>April 29, 2019</u>    Respectfully submitted,
    **KALIKHMAN & RAYZ, LLC**


    /s/
    ─────────────────────────────
    Arkady "Eric" Rayz
    Attorney(s) for Claimant(s)
    1051 County Line Road, Suite "A"
    Huntingdon Valley, PA 19006
    Telephone: (215) 364-5030
    Facsimile: (215) 364-5029
    E-mail: erayz@kalraylaw.com

---

[12] <u>See</u> ECF Doc. 86, p. 37, ¶87.  Vertonix did not retain local counsel until Debtors improperly challenged its Proof of Claim with a slanderous objection that has since been overruled.  <u>See</u> ECF Docs. 47, 93.

4