UNITED STATES BANKRTUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| In re: | Chapter 7 |
|---|---|
| LYUBARSKY, et al. | Case No. 18-16659-LMI |
| Debtor(s) | |

**RESPONSE IN OPPOSITION TO
SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS**

On April 30, 2019, Yuri and Olga Lyubarsky (collectively, "Debtors") filed their "Supplemental Brief in Support of Motion for Sanctions,"[1] containing a "Second Supplement in Support of Motion for Sanctions Relating to Additional Perjury and Fraud on the Court by Counsel for Creditor Vertonix."[2] This submission clearly contradicts the Court's Order of April 16, 2019, which limits Debtors' filing to "a supplemental brief to clarify under which rule(s) [they] seek[] sanctions against creditor Vertonix Limited . . . and attorney Eric Rayz."[3] Regardless, it further demonstrates Debtors' intent on pursuing blatantly disingenuous and legally meritless claims.

For instance, Debtors and their counsel have now admitted that they are seeking relief under Rule 9011, although they have never complied with its "safe harbor" provision.[4] Further, despite the Court's overruling of Debtor's objection to Vertonix's proof of claim on the basis of

---

[1] See ECF Doc. 102.

[2] Id., pp. 28-31.

[3] ECF Doc. 97, p. 2.

[4] See ECF Doc. 102, p. 13.

1

standing,[5] they continue to argue – without citing to any legal authority whatsoever – that "it is **undisputed** that Debtors had standing. . ."[6]  Debtors' filings also ignore – as if they never existed – written decisions from the Hon. Linda Carpenter,[7] the arguments made and briefs submitted by their own Pennsylvania counsel,[8] and physical evidence of settlement offers they were making in 2018.[9]  Instead, the centerpiece of Debtors' arguments are "flip-flopping" declarations from their counsel, who attempt to conceal material facts or to justify their earlier false claims as an "error in memory," a "mistake," and an "inaccuracy."[10]  Finally, as predicted by Vertonix earlier,[11] after learning from Vertonix's filing the applicable law on the issue of post-petition negotiations, Debtors have now begun to dispute the fact that the deadline articulated at the meeting between counsel in June of 2018 was their counsel's own idea.[12]  This underhanded gamesmanship permeates Debtors' claims and there is little doubt that it will become further evidenced as this matter progresses.

Ultimately, other than generic recitations of the various rules and statutes, Debtors' filing is nothing more than a regurgitation of their earlier assertions that maliciously disregard the

---

[5] See ECF Doc. 93.

[6] ECF Doc. 102, p. 24, n. 9 (emphasis supplied).

[7] See ECF Doc. 54-1, pp. 169, 179-180.

[8] See ECF Doc. 86, pp. 55, 70.

[9] See, e.g., ECF Doc. 86, pp. 35-36, ¶¶67-70.

[10] See generally ECF Doc. 90.

[11] See ECF Doc. 100, p. 3, n. 11.

[12] See ECF Doc. 102, p. 17 (stating that "[t]here is a small discrepancy regarding whether [counsel for Vertonix] imposed the June 25, 2018 deadline or whether [counsel for Debtors] requested it. . .").

undisputed facts of record.[13]  Ultimately, in the interests of brevity, to the extent that the Court required a response to Debtors' latest missive, Vertonix and its counsel incorporate their earlier filings in this matter and submit that Debtors' claims are premised on falsehoods and ignorance of the applicable law.

Date: May 7, 2019                                   Respectfully submitted,
                                                    **KALIKHMAN & RAYZ, LLC**


                                                    /s/
                                                    Arkady "Eric" Rayz
                                                    Attorney(s) for Creditor(s)
                                                    1051 County Line Road, Suite "A"
                                                    Huntingdon Valley, PA 19006
                                                    Telephone: (215) 364-5030
                                                    Facsimile: (215) 364-5029
                                                    E-mail: erayz@kalraylaw.com

---

[13] Notably, this is not the first time that Debtors and their counsel have been publicly called out for being "disingenuous."  ECF Doc. 54-1, p. 180 (explaining that "[w]hile [Debtors] attempted to argue that a defect existed in the documents thereby causing the aforementioned accrual of sanctions, **such argument remained unsupported by the record and was disingenuously made**. . .")(emphasis supplied).

3