UNITED STATES BANKRTUPCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| LYUBARSKY, et al. | Case No. 18-16659-LMI |
| Debtor(s) | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR RELIEF FROM AUTOMATIC STAY TO SEEK CLARIFICATION OF AN ORDER OF JULY 7, 2016 FROM THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY**

In opposing the Motion for Relief from Automatic Stay filed by Vertonix Limited ("Creditor" or "Vertonix"), Yuri and Olga Lyubarsky (collectively, "Debtors") revert to the familiar staples of their arsenal – name-calling, unsubstantiated rants, and ignorance of documented (and undisputed) facts. Some arguments made by Debtors are clear efforts to re-litigate issues they failed to raise in Pennsylvania, while others utterly misconstrue Vertonix's request, as outlined below:

**1.    Vertonix has standing to seek clarification in the Court of Common Pleas of Philadelphia County**

Debtors argue that Vertonix "lacks standing" to pursue clarification, because it has not registered under the Corporations and Unincorporated Associations Code ("Code"), 15 Pa.C.S. § 101 et seq., "as a foreign business corporation that does business in Pennsylvania," with the Pennsylvania Department of State.[1] In this regard, Debtors cite to 15 Pa.C.S. § 4121(a), which provides that "a foreign business corporation, before **doing business** in this Commonwealth, shall procure a certificate of authority to do so. . ." (Emphasis supplied). Debtors further point out that,

---

[1] See ECF Doc. 103, pp. 19-22.

1

under 15 Pa.C.S. § 4141(a), "a nonqualified foreign business corporation **doing business** in this

Commonwealth . . . shall not be permitted to maintain any action or proceeding in any court of this

Commonwealth until the corporation has obtained a certificate of authority." (Emphasis supplied).

Thus, as explained by the Pennsylvania Supreme Court a long time ago, "[a] foreign corporation .

. . is restricted only when '**doing business**' within the meaning of our acts requiring, in such case,

the performance of certain duties before becoming so engaged." Meaker v. Galvanizing Co. v.

Charles E. McInnes & Co., 116 A. 400, 402 (Pa. 1922)(emphasis supplied).

In making this argument, Debtors notably skip over 15 Pa.C.S. § 4122(a), which identifies

activities that **do not** constitute "doing business" for purposes of the Code, as follows:

> Without excluding other activities that may not constitute business in this Commonwealth, **a foreign business corporation shall not be considered to be doing business in this Commonwealth** for the purposes of this subchapter **by reason of carrying on in this Commonwealth any one or more of the following acts**:
>
> (1)     **Maintaining** or defending **any action** or administrative or arbitration proceeding or effecting the settlement thereof or the settlement of claims or disputes.
>
> * * *
>
> (8)     Securing or **collecting debts** or enforcing any rights in property securing them.[2]

As further explained in the Committee Comment to Section 4122,

> A **corporation is not doing business solely because it resorts to the court of this Commonwealth to recover an indebtedness**. . . The concept of 'doing business' involves regular, repeated, and continuing business contacts of a local nature. A single agreement or isolated transaction does not constitute the doing business if there is no intention to repeat the transaction or engage in similar transactions.

---

[2] 15 Pa.C.S. § 4122(a)(1), (8)(emphasis supplied).

(Emphasis supplied).  Debtors have offered no evidence whatsoever of Vertonix engaging in anything other than filing a single lawsuit in Pennsylvania to recover a debt against them.[3]  Thus, Section 4122 – which is instrumental to Debtors' argument, but is not mentioned by them at all – unequivocally renders their argument on standing without a semblance of merit.[4]

Moreover, it is well-settled law in Pennsylvania that a challenge to standing must be raised at the "earliest possible opportunity."  Kuwait & Gulf Link Transport Co. v. Doe, 92 A.3d 41, 45 (Pa. Super. 2014).  Here, Debtors have been involved in litigating the Pennsylvania judgment since February of 2011 – more than eight years ago.[5]  But, until their submission on May 5, 2019, Debtors have never raised the issue of Vertonix's standing in any of their trial or appellate filings, made by their multiple legal counsel, before different judges, in Pennsylvania or Florida courts.  Clearly then, Debtors have affirmatively waived any possible challenge (if any) they may have to Vertonix's standing to enter judgment against them in Pennsylvania and, consequently, to seek clarification of an order entered with respect to that judgment.

2.      **Pennsylvania law explicitly allows for clarification of the Order of July 7, 2016**

Debtors also assert that the Hon. Linda Carpenter "[h]as no authority to revise or modify" her Order of July 7, 2016, because it has been more than thirty days since her ruling.[6]  In support,

---

[3] See ECF Doc. 103.

[4] See, e.g., Drake Manufacturing Co., Inc. v. Polyflow, Inc., 109 A.3d 250, 260-261 (Pa. Super. 2015)(finding that a plaintiff "did business" in Pennsylvania by attempting to collect a debt, entering into a contract with a Pennsylvania company, and shipping products "on dozens of occasions over an eight-month period" to Pennsylvania); Leswat Lighting Systems, Inc. v. Lehigh Valley Restaurant Group, Inc., 663 A.2d 783 (Pa. Super. 1995)(finding a foreign corporation was "doing business" in Pennsylvania, because it entered into a contract with a Pennsylvania company and shipped products to Pennsylvania on six different occasions over approximately six months).

[5] See ECF Doc. 54-1, pp. 45-78.

[6] See ECF Doc. 103, pp. 22-24.

they cite to 42 Pa.C.S. § 5505, entitled "Modification of orders," that provides as follows:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

Vertonix is not seeking to modify or rescind Judge Carpenter's Order, as Debtors have clearly confused a motion for clarification with a request for a modification.[7] "The general purpose of a motion for clarification is to explain or clarify something ambiguous or vague, not to alter or amend." Resolution Trust Co. v. KPMG Peat Marwick, 1993 WL 211555 *2 (E.D.Pa. 1993). In Pennsylvania, the courts retain clarification authority well beyond thirty (30) days set in Section 5505. See, e.g., In re Estate of Sibenik, 2017 WL 5951644 *5 (Pa. Super. 2017)(explaining that it is within the court's power to issue a clarification order more than a year and a half after the original order was entered). This authority is exercised where the court's decision is susceptible to two or more interpretations. See Commonwealth v. Borrin, 80 A.3d 1219, 1229 (Pa. 2013).

In light of Debtors' belated arguments for sanctions, it is inconceivable for the parties not to request that Judge Carpenter clarify her ruling, so that there is no dispute as what she meant. Specifically, for almost three years, everyone involved in this litigation – including Judge Carpenter and the litigants – were in full accord that Judge Carpenter's Order of July 7, 2016: (1) reassessed the amount of the judgment and incorporated discovery sanctions ordered by Judge Fox earlier; and (2) did not overrule Judge Fox's imposition of sanctions against Debtors or stopped

---

[7] Debtors' confusion is evident in their citation to Ness v. York Township Board of Commissioners, 123 A.3d 1166 (Pa. Cmwlth. 2015), for the proposition that "Pennsylvania courts consistently hold that the trial court loses authority to modify (i.e. clarify or rescind order after 30 days)." ECF Doc. 103, p. 23. But, Ness involved a belated motion for attorneys' fees, not a request for a clarification of a prior order. Thus, it has little (if anything) to do with the present matter.

their accrual after May 3, 2016.[8]  Two months ago, on March 4, 2019, Debtors' bankruptcy counsel – who has never been involved in any of the Pennsylvania proceedings – filed a Motion for Sanctions against Vertonix and its counsel, claiming – for the first time since Judge Carpenter's Order was entered – that: (1) Judge Carpenter did not incorporate sanctions in reassessing the judgment in her Order of July 7, 2016; and (2) Judge Carpenter denied imposition of further sanctions against Debtors.[9]   On this basis, Debtors maintain that, by inappropriately seeking payment of daily discovery sanctions for the period after May 3, 2016, Vertonix and its counsel "extorted" them and "committed fraud on this Court."[10]  Thus, it is Debtors and their new counsel, who manufactured an ambiguity in the Order of July 7, 2016.

Most notably, the parties can easily avoid seeking clarification in Pennsylvania, if Debtors would simply admit that: (1) Judge Carpenter's reassessment of the judgment as of May 3, 2016 incorporated discovery sanctions ordered by Judge Fax earlier; and (2) Judge Carpenter's Order of July 7, 2016 did not overrule Judge Fox's earlier imposition of sanctions against Debtors or stopped their accrual after May 3, 2016.  Yet, they will not do so, knowing full well that their gamesmanship will be rejected.

**(SIGNATURE ON THE NEXT PAGE)**

---

[8] See ECF Doc. 86, p. 30, ¶42; ECF Doc. 86, p. 55; ECF Doc. 54-1, p. 169, n.1; ECF Doc. 54-1, pp. 179-180; ECF Doc. 86, p. 70.

[9] See ECF Doc. 81, p. 20; see also ECF Doc. 54-1, p. 161.

[10] ECF Doc. 81, p. 20.

Date: <u>May 7, 2019</u>                                     Respectfully submitted,
                                                            **KALIKHMAN & RAYZ, LLC**


                                                            /s/
                                                            _____

                                                            Arkady "Eric" Rayz
                                                            Attorney(s) for Creditor(s)
                                                            1051 County Line Road, Suite "A"
                                                            Huntingdon Valley, PA 19006
                                                            Telephone: (215) 364-5030
                                                            Facsimile: (215) 364-5029
                                                            E-mail: erayz@kalraylaw.com