**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

YURI LYUBARSKY and                          Case No. 18-16659-LMI
OLGA LYUBARSKY,                              Chapter 7

       Debtors.

_____/

## NOTICE OF FILING

Trustee, MARCIA T. DUNN, as Chapter 7 trustee of the above referenced bankruptcy estate (the "Trustee"), by and through undersigned counsel, gives notice of filing the attached Exhibits to Trustee's *Objection to Claim No. 2 Filed by Vertonix Limited* [D.E. 98].

Dated: May 10, 2019              Respectfully submitted,

                             **DUNN LAW, P.A.**
                             *Counsel for Plaintiff, Marcia T. Dunn,*
                             *as Chapter 7 Trustee*
                             66 West Flagler Street, Suite 400
                             Miami, Florida 33130
                             Phone: (786) 433-3866
                             Fax:    (786) 260-0269
                             joshua.kligler@dunnlawpa.com

                  By: */s/ Joshua C. Kligler*
                       Joshua C. Kligler, Esq.
                       Fla. Bar No. 69397

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on May 10, 2019, a true and correct copy of the foregoing was served via CM/ECF electronic transmission to those parties who are currently on the list to receive e-mail notice and service for this case.

                  By:   */s/ Joshua C. Kligler*
                       Joshua C. Kligler, Esq.
                       Fla. Bar No. 69397

FILED

03 MAY 2016 01:59 pm

Civil Administration

P. MARTIN

EXHIBIT "A"

| | |
|---|---|
| VERTONIX LIMITED<br><br>              Plaintiff(s)<br><br>          v.<br><br>LYUBARSKY, et al.<br><br>              Defendant(s) | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>February Term 2011<br><br>Docket No. 3388 |

## <u>ORDER</u>

AND   NOW,   this   _____   day   of   _____,   20____,   upon consideration of Plaintiff's Motion to Reassess Damages, it is hereby ORDERED and DECREED that:

1.      The Prothonotary is to amend the judgment entered in this matter on February 24, 2011, for the Plaintiff and against Defendants, YURI LYUBARSKY and OLGA LYUBARSKY, to reflect that, as of May 3, 2016, the amount of the judgment is $276,402.71; and

2.      Defendants are to pay interest at the legal rate of six (6) percent per annum, upon the amount of the judgment entered in this matter, from the date of this Order, and until it is paid in full.

BY THE COURT:

_____
                                                                              , J.

Case ID: 110203388
Control No.: 16050538

| VERTONIX LIMITED | COURT OF COMMON PLEAS |
| Plaintiff(s) | PHILADELPHIA COUNTY |
| v. | February Term 2011 |
| LYUBARSKY, et al. | Docket No. 3388 |
| Defendant(s) | |

## <u>ORDER FOR A HEARING</u>

AND NOW, this _____ day of _____, 20_____, upon consideration of Plaintiff's Motion to Reassess Damages and any response thereto, it is hereby ORDERED that a rule is issued to show cause why the relief requested by Plaintiff should not be granted.

RULE RETURNABLE the _____ day of _____, at _____, in Court Room _____, City Hall, Philadelphia.

BY THE COURT:

_____

J.

2

Case ID: 110203388
Control No.: 16050538

**KALIKHMAN & RAYZ, LLC**          **ATTORNEY(S) FOR PLAINTIFF(S)**
Eric Rayz, Esquire
Attorney ID No. 87976
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

| | |
|---|---|
| VERTONIX LIMITED<br><br>Plaintiff(s)<br><br>v.<br><br>LYUBARSKY, et al.<br><br>Defendant(s) | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>February Term 2011<br><br>Docket No. 3388 |

## PLAINTIFF'S MOTION TO REASSESS DAMAGES

Plaintiff Vertonix Limited (hereinafter "Plaintiff"), by and through counsel, Kalikhman & Rayz, LLC, files the following Motion and, in support thereof, avers as follows:

1.      On or about January 14, 2009, Defendants YURI LYUBARSKY and OLGA LYUBARSKY executed a certain Settlement Agreement and Release (hereinafter "Settlement Agreement and Release") with regard to an ongoing litigation between Plaintiff and Defendants, in the Superior Court of New Jersey, Law Division, Monmouth County, captioned and docketed Vertonix Limited v. Lyubarsky, et al., Docket No. MON-L-1951-08, concerning a certain commercial loan obligation owed by Defendants.

2.      Per the terms of the Settlement Agreement and Release, Defendants were required to pay Plaintiff the sum of $119,000.00, by way of an initial payment, a series of monthly payments, and a final ballon payment of $90,000.00.

3.      To facilitate enforcement of the Settlement Agreement and Release, on January 14, 2009, Defendants executed a Surety Agreement, which is marked and attached hereto as Exhibit "A," the terms of which provide Plaintiff with the right to confess judgment against Defendants in the event that, *inter alia*, they fail to make any timely payment pursuant to the Settlement Agreement and Release.

4.      On January 14, 2009, Defendants also executed a Disclosure and Waiver of Rights Regarding Confession of Judgment, which is marked and attached hereto as Exhibit "B," the terms of which provide Plaintiff with the right to confess judgment against the the Defendants.

Case ID: 110203388
Control No.: 16050538

5.      Defendants then defaulted on their obligations, as set forth in Exhibit "A," in that they failed to issue the balloon payment as agreed.

6.      Per the terms of the Settlement Agreement and Surety Agreement, on February 24, 2011, a judgment was confessed for the Plaintiff and against Defendants in the sum of $184,264.19.

7.      The damages with respect to the judgment were assessed based on the following calculation:

| | |
|---|---|
| PRINCIPAL AMOUNT DUE | $167,512.90 |
| INTEREST | $ |
| LATE CHARGES | $ |
| SATISFACTION CHARGES | $ |
| ATTORNEYS' FEE (10% OF THE TOTAL AMOUNT DUE) | $16,751.29 |
| COURT COSTS | $ |
| **TOTAL BALANCE DUE:** | $184,264.19 |

8.      Defendants did not challenge the entry of the judgment.

9.      Instead, Defendants engaged in a protracted, blatantly-obstructionist course of conduct, seeking to avoid payment of the judgment.

10.      In this regard, Plaintiff was required to initiate post-judgment discovery in aide of execution, as well as voluminous motion practice.

11.      Plaintiff's efforts included multiple court appearances for Plaintiff's counsel, issuance of multiple subpoena (to various financial institutions), review of hundreds of pages of bank records, as well as investigation of dozens of corporate entities owned by, affiliated with, and/or related to Defendants, *inter alia*, in New York, New Jersey, and Florida.

12.      Moreover, Plaintiff transferred the judgment to the Superior Court of New Jersey, captioned and docketed as <u>Vertonix Limited v. Lyubarsky, et al.</u>, Docket No. DJ-146520-11, because Defendants owned luxury real estate in the State of New Jersey.

13.      In addition, Plaintiff transferred the judgment to the Seventeenth Judicial Circuit for Broward County, Florida, captioned and docketed as <u>Vertonix Limited v. Lyubarsky, et al.</u>, Case No. 12-3775-CA (2), because Defendants owned luxury real estate, valuable, and automobiles, in the State of Florida.

4

Case ID: 110203388
Control No.: 16050538

14.    Defendants engaged in further obstructionist behavior in that they attempted strike the judgment in Florida.

15.    Although Defendants did not succeed, their behavior required Plaintiff to retain local counsel, who – together with the undersigned – participated in multiple court appearances (telephonically and in person) and engaged in voluminous motion practice.

16.    This required the undersigned counsel to make multiple, extended trips to Florida to appear for the proceedings in that jurisdiction.

17.    Thus, due to Defendants' conduct, Plaintiff and Plaintiff's counsel had to engage in various post-judgment execution matters, including:

        a.    Promulgating post-judgment discovery;

        b.    Issuance of subpoenas;

        c.    Review of Defendants' financial records that were turned over by third parties in discovery;

        d.    Review of corporate records from various jurisdictions, regarding corporate entities owned, controlled, and/or affiliated with Defendants;

        e.    Drafting and filing motions to compel Defendants' response to post-judgment discovery;

        f.    Court appearances in various jurisdictions;

        g.    Transfer and recording of the judgment in different states;

        h.    Travelling to New Jersey and Miami, Florida, to interview, secure, and retain local counsel;

        i.    Maintaining follow-up contacts with Plaintiff and Defendants' various counsel; and

        j.    Drafting and filing this motion for reassessment of damages.

18.    Accordingly, after the entry of the judgment in April of 2013, due to Defendants' failure to comply with the terms of the Settlement Agreement, Plaintiff incurred additional (and significant) fees and costs.

19.    Indeed, since the entry of the judgment in this matter more than five (5) years ago,

Case ID: 110203388
Control No.: 16050538

Plaintiff has incurred over $30,000.00 in related costs and expenses (e.g., airfare, hotel stays, recording and/or filing costs), while its counsel spent well over 200 hours litigating this case across multiple jurisdictions.

20.    Because of Defendants' failure to comply with their discovery obligations, the Hon. Idee C. Fox entered a number of Orders against them.

21.    For instance, on December 15, 2011, the Hon. Idee C. Fox entered an Order, which is marked and attached hereto as Exhibit "C."  The Order states as follows:

> AND NOW, this 15 day of December, 2011, upon consideration of Plaintiff's Motion to Compel Defendants' responses to Post-judgment Discovery and any response thereto, it is hereby ORDERED and DECREED that:
>
> 1.    The Motion is GRANTED;
>
> 2.    Defendants, YURI LYUBARSKY and OLGA LYUBARSKY, must provide full and complete answers to the interrogatories and full and complete responses to the requests for production of documents without objection or motion for a protective order within thirty (30) days of this ORDER or sanctions shall be imposed.

Exhibit "C."

22.    Furthermore, following a Rule to Show Cause hearing, on April 12, 2012, the Hon. Idee C. Fox entered another Order, marked and attached hereto as Exhibit "D," which states as follows:

> AND NOW, this 12 day of April, 20[12] upon consideration of Plaintiff's Motion for Sanctions and any responses thereto, it is hereby ORDERED and DECREED that:
>
> 1.    The Motion is GRANTED;
>
> 2.    The Court finds that Defendants . . . are in willful disregard of this Court's Order of December 15, 2011, and that Defendants' willful disregard of this Court's Order caused irreparable harm and prejudice to Plaintiff;
>
> 3.    Within thirty (30) days of this Order, Defendants shall pay Kalikhman & Rayz, LLC: (a) $57.68 for the cost of filing the original Motion for Sanctions; and (b) $750.00 in counsel fees for the preparation of this motion and attendance of any related hearing(s);
>
> 4.    Within thirty (30) days of this Order, Defendants must provide full and complete answers to interrogatories and full and complete responses to the requests for production of documents, without objection or motion for a protective order; and

Case ID: 110203388
Control No.: 16050538

     5.     Defendants are cautioned that their continued and unexplained failure to comply with the Orders of this Court may occasion even harsher sanctions.

Exhibit "D."

23.     Furthermore, on July 20, 2012, the Hon. Idee C. Fox entered another Order, marked and attached hereto as Exhibit "E," which states as follows:

     AND NOW, this 20 day of July, 2012, upon consideration of Plaintiff's Second Motion for Sanctions and no responses thereto, it is hereby **ORDERED** and **DECREED** as follows:

     6.     The Court finds that Defendants, Yuri Lyubarsky and Olga Lyubarsky, have willfully disregarded this Court's Orders of December 15, 2011 and April 12, 2012.

     7.     Within thirty (30) days of this Order, Defendants shall pay Kalikhman & Rayz, LLC the sum of $557.68 representing filing costs of $57.68 and attorney fees of $500.00.

     8.     Within thirty (30) days of this Order Defendants shall provide full and complete answers to the Interrogatories an full and complete responses to Plaintiff's Request for Production of Documents without objection or Motion for Protective Order.

     9.     Should Defendants not comply with this Order, commencing August 19, 2012, Defendants are sanctioned $100.00 per day until they fully comply with this Court's Orders.

     10.     Defendants are cautioned that their continued and unexplained failure to comply with the Orders of this Court may result in further sanctions.

Exhibit "E."

24.     Defendants have never fully complied with any of the Orders of the Court.

25.     Therefore, per the Order of July 20, 2012, through May 3, 2016, Defendants have incurred sanctions in the total amount of $135,300.00.

26.     As a result of the efforts of Plaintiff's counsel, however, in April of 2013, Plaintiff recovered $175,000.00 from the proceeds of the sale of Defendants' New Jersey property.

27.     This sum, however, was not sufficient to satisfy the entire outstanding balance of the judgment and, in accepting this partial payment, Plaintiff explicitly reserved the right to continue its collection efforts until the full amount was paid.

28.     Ultimately, solely due to Defendants' failure to issue timely payment, Plaintiff incurred or expended additional sums since the entry of the judgment and, given credit for any payments made by

Case ID: 110203388
Control No.: 16050538

Defendants, as of the day of this filing, the amount of the judgment should read as follows:

| | |
|---|---|
| Principal balance and accrued interest (as of April 30, 2013) | $34,251.44 |
| Additional Interest (as of May 3, 2016) | $6,750.45 |
| Sanctions per the Court's Order of July 20, 2012 | $135,300.00 |
| Legal fees (less $16,751.29 originally confessed) | $68,528.71 |
| Costs | $31,572.11 |
| **Total:** | **$276,402.71** |

29.     The judgment formerly entered against Defendants does not reflect any credit for payment received on account of the judgment, the accrued interest, the sanctions imposed by the Court, the above-referenced attorneys' fees, and/or additional costs.

30.     Accordingly, it is insufficient to satisfy the amount currently due.

31.     It is well-settled law in Pennsylvania that the Court may exercise its equitable powers to control the enforcement of a judgment and to grant any relief until that judgment is satisfied.  See Chase Home Mortgage Corporation of the Southwest v. Good, 537 A.2d 22, 24 (Pa. Super. 1988); Stephenson v. Butts, 142 A.2d 319, 321 (Pa. Super. 1958); 20 P.L.E. Judgments § 191.

32.     Indeed, the Superior Court has repeatedly cited the right of a judgment creditor to amend the amount of judgment.  See Nationsbanc Mortgage Corp. v. Grillo, 827 A.2d 489 (Pa. Super. 2003); Morgan Guarantee Trust Company of New York v. Mowl, 704 A.2d 923 (Pa. Super. 1998); Union National Bank of Pittsburgh v. Ciongoli, 595 A.2d 179 (Pa. Super. 1991).

33.     In B.C.Y. v. Bukovich, 390 A.2d 276 (Pa. 1978), the Pennsylvania Supreme Court reiterated its long-standing rule that a court has the inherent power to correct a judgment to conform to the facts of the case.

34.     Under the terms of the parties' Settlement Agreement and prevailing Pennsylvania law, Plaintiff is entitled to inclusion of the figures set forth above in the amount of the judgment against Defendants.  See Exhibit "A."

35.     For instance, Plaintiff is unequivocally entitled in post-judgment interest at the statutory, yearly rate of six (6) percent.  See 42 Pa.C.S. § 8101 (declaring that "[e]xcept as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award. . . ."); 41 P.S. § 202 (setting the statutory rate of interest in the Commonwealth of Pennsylvania at six percent (6%) per annum; see also Osial v. Cook, 803 A.2d 209, 215 (Pa. Super. 1994)(explaining

Case ID: 110203388
Control No.: 16050538

that "the general rule is that a plaintiff is entitled to interest on a judgment from the date of the verdict, and for purposes of computing interest, judgment and verdict are synonymous. . . ."); Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 582 (Pa. Super. 2003)(observing that a plaintiff receives statutory post-judgment interest as a matter of right where the damages are ascertainable by computation).

36.     In similar fashion, pursuant to the governing Pennsylvania case law, attorneys' fees and costs of collection are recoverable where the agreement of the parties provides for such recovery.  See, e.g., McMullen v. Kutz, 985 A.2d 769 (Pa. 2009)(observing that the parties may contract to provide for the breaching party to pay the attorney fees of the prevailing party in a breach of contract case); Corace v. Balint, 210 A.2d 882, 887 (Pa. 1965); see also J.C. Snavely and Sons, Inc. v. Web M&E, Inc., 594 A.2d 333, 336-7 (Pa. Super.), appeal denied, 602 A.2d 860 (Pa. 1991).

37.     Our courts have found that the fee-shifting provisions contained within written agreements are enforceable and failure to award counsel fee to the prevailing party constitutes an error of law.  See Bayne v. Smith, 965 A.2d 265 (Pa. Super. 2009)(finding that the fee-shifting provision of a lease agreement for the prevailing party is enforceable as it is neutral in its application and is intended as an indemnification for reasonable attorney's fees incurred); see also De Lage Landen Financial Services, Inc. v. Rozentsvit, 939 A.2d 915 (Pa. Super. 2007)(holding that a party that prevails in the underlying breach of contract case is entitled to counsel fees it expended, where the written agreement between the litigants provides for such fees and such fees are to be sought after the judgment is entered).

38.     Here, the Surety Agreement provided as follows:

> Surety hereby irrevocably authorizes and empowers the prothonotary or clerk or any attorney of any court of record to waive the issuance and service of process and to appear for and confess judgment therein against Surety and in favor of Bank or any subsequent holder hereof at any time, whether or not the indebtedness evidenced hereby has matured (by acceleration or otherwise), for the full amount of all Obligations due or that may become due, including but not limited to late charges and interest accrued at the rate provided herein. Such confession shall be with all costs of suit and an attorneys' commission in an amount equal to all attorneys' fees incurred but in no event less than the greater of ten percent (10%) of the full amount confessed hereunder or $1,000. Although Surety agrees that the confession may include the amounts of the attorneys' commission specified in the preceding sentence, Surety reserves the right only to contest the collection by Bank of any unreasonable attorneys' fees. The authority and power to appear for and confess judgment against Surety shall not be exhausted by the initial exercise thereof and the same may be exercised from time to time, as often as Bank shall deem necessary and desirable, and a copy of this Agreement shall be sufficient warrant. Bank may, in its sole discretion, exercise the authority contained herein against one or more Sureties at one and the same time or at different times. Such confession shall be with or without declaration or complaint filed, with release of errors, without stay of execution, and Surety waives the right of inquisition on any real estate levied upon pursuant to the provisions hereof, and does hereby voluntarily condemn same and authorizes the prothonotary to enter upon the writ of execution a voluntary condemnation, and further agrees that the real estate may be sold on a writ of execution with a waiver and release of all relief from all appraisement, stay or exemption laws or rules of court, now in force or hereafter enacted or adopted.

Case ID: 110203388
Control No.: 16050538

Exhibit "A" (emphasis supplied).

39.     Plaintiff's counsel spent well over 200 hours litigating this case, over the course of the past five years, across multiple jurisdictions.

40.     The rate $400.00 per hour is well within the relevant standard for attorneys with comparable years of experience, as determined by the Community Legal Services of Philadelphia Fee Schedule.  See https://clsphila.org/about-cls/attorney-fees, last visited on May 2, 2016.

41.     When calculated at the rate of $400.00, less $16,751.29 that was credited on account of counsel fees part of the original amount of the judgment, Plaintiff is entitled to reasonable counsel fees of $68,528.71.

42.     This amount is eminently reasonable.

43.     Given that Defendants agreed to the terms of the Surety Agreement, Plaintiff is entitled to the recovery of reasonable counsel fees and costs, even if Defendants will attempt to claim that they were unaware of this language.

44.     To date, Defendant(s) have failed and/or refused to comply with the terms of the parties' Settlement Agreement; in that, they have not made the requisite payments and, thereby, caused Plaintiff to incur and expend additional sums, while seeking payments from Defendants.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter an order attached hereto.

Date: May 3, 2016

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Eric Rayz, Esquire
Attorney(s) for Plaintiff(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

Case ID: 110203388
Control No.: 16050538

**KALIKHMAN & RAYZ, LLC**                    **ATTORNEY(S) FOR PLAINTIFF(S)**
Eric Rayz, Esquire
Attorney ID No. 87976
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

| | |
|---|---|
| VERTONIX LIMITED<br><br>        Plaintiff(s)<br><br>    v.<br><br>LYUBARSKY, et al.<br><br>        Defendant(s) | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>February Term 2011<br><br>Docket No. 3388 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION**</u>

**1.      Matter Before the Court**

This Memorandum of Law is being filed in support of the Motion to Reassess Damages, filed by

Plaintiff Vertonix Limited.

**2.      Statement of Questions Involved**

Whether the Honorable Court should reassess damages with respect to a judgment
entered in Plaintiff's favor more than five (5) years ago, in light of additional expenses
and fees incurred while seeking payments from the debtors?

Suggested Answer: <u>Yes</u>

**3.      Facts**

On or about January 14, 2009, Defendants YURI LYUBARSKY and OLGA LYUBARSKY

executed a certain Settlement Agreement and Release (hereinafter "Settlement Agreement and

Release") with regard to an ongoing litigation between Plaintiff Vertonix Limited and Defendants, in the

Superior Court of New Jersey, Law Division, Monmouth County, captioned and docketed <u>Vertonix Limited</u>

<u>v. Lyubarsky, et al.</u>, Docket No. MON-L-1951-08, concerning a certain commercial loan obligation owed

by Defendants.  Per the terms of the Settlement Agreement and Release, Defendants were required to

pay Plaintiff the sum of $119,000.00, by way of an initial payment, a series of monthly payments, and a

final ballon payment of $90,000.00.  To facilitate enforcement of the Settlement Agreement and Release,

on January 14, 2009, Defendants executed a Surety Agreement, which is marked and attached hereto as

Case ID: 110203388
Control No.: 16050538

Exhibit "A," the terms of which provide Plaintiff with the right to confess judgment against Defendants in the event that, *inter alia*, they fail to make any timely payment pursuant to the Settlement Agreement and Release.  On January 14, 2009, Defendants also executed a Disclosure and Waiver of Rights Regarding Confession of Judgment, which is marked and attached hereto as Exhibit "B," the terms of which provide Plaintiff with the right to confess judgment against the the Defendants.

Defendants then defaulted on their obligations, as set forth in Exhibit "A," in that they failed to issue the balloon payment as agreed.  Per the terms of the Settlement Agreement and Surety Agreement, on February 24, 2011, a judgment was confessed for the Plaintiff and against Defendants in the sum of $184,264.19.    The damages with respect to the judgment were assessed based on the following calculation:

| | |
|---|---|
| PRINCIPAL AMOUNT DUE | $167,512.90 |
| INTEREST | $ |
| LATE CHARGES | $ |
| SATISFACTION CHARGES | $ |
| ATTORNEYS' FEE (10% OF THE TOTAL AMOUNT DUE) | $16,751.29 |
| COURT COSTS | $ |
| **TOTAL BALANCE DUE:** | **$184,264.19** |

Defendants did not challenge the entry of the judgment.  Instead, Defendants engaged in a protracted, blatantly-obstructionist course of conduct, seeking to avoid payment of the judgment.

In this regard, Plaintiff was required to initiate post-judgment discovery in aide of execution, as well as voluminous motion practice.  Plaintiff's efforts included multiple court appearances for Plaintiff's counsel, issuance of multiple subpoena (to various financial institutions), review of hundreds of pages of bank records, as well as investigation of dozens of corporate entities owned by, affiliated with, and/or related to Defendants, *inter alia*, in New York, New Jersey, and Florida.[1]  Moreover, Plaintiff transferred the judgment to the Superior Court of New Jersey, captioned and docketed as Vertonix Limited v. Lyubarsky, et al., Docket No. DJ-146520-11, because Defendants owned luxury real estate in the State of New Jersey.  In addition, Plaintiff transferred the judgment to the Seventeenth Judicial Circuit for Broward

---

[1] During the pendency of this matter, Plaintiff discovered more than twenty (20) corporate entities – in various jurisdictions – that Defendants are affiliated with, as well as approximately a dozen bank accounts that Defendants control and/or use.

Case ID: 110203388
Control No.: 16050538

County, Florida, captioned and docketed as <u>Vertonix Limited v. Lyubarsky, et al.</u>, Case No. 12-3775-CA
(2), because Defendants owned luxury real estate, valuable, and automobiles, in the State of Florida.

Defendants engaged in further obstructionist behavior in that they attempted strike the judgment
in Florida.  Although Defendants did not succeed, their behavior required Plaintiff to retain local counsel,
who – together with the undersigned – participated in multiple court appearances (telephonically and in
person) and engaged in voluminous motion practice.  This required the undersigned counsel to make
multiple, extended trips to Florida to appear for the proceedings in that jurisdiction.  Thus, due to
Defendants' conduct, Plaintiff and Plaintiff's counsel had to engage in various post-judgment execution
matters, including:

      a.      Promulgating post-judgment discovery;

      b.      Issuance of subpoenas;

      c.      Review of Defendants' financial records that were turned over by third parties in
discovery;

      d.      Review of corporate records from various jurisdictions, regarding corporate
entities owned, controlled, and/or affiliated with Defendants;

      e.      Drafting and filing motions to compel Defendants' response to post-judgment
discovery;

      f.      Court appearances in various jurisdictions;

      g.      Transfer and recording of the judgment in different states;

      h.      Travelling to New Jersey and Miami, Florida, to interview, secure, and retain local
counsel;

      i.      Maintaining follow-up contacts with Plaintiff and Defendants' various counsel;
and

      j.      Drafting and filing this motion for reassessment of damages.

Accordingly, after the entry of the judgment in April of 2013, due to Defendants' failure to comply with the
terms of the Settlement Agreement, Plaintiff incurred additional (and significant) fees and costs.  Indeed,
since the entry of the judgment in this matter more than five (5) years ago, Plaintiff has incurred over
$30,000.00 in related costs and expenses (e.g., airfare, hotel stays, recording and/or filing costs), while its

Case ID: 110203388
Control No.: 16050538

counsel spent well over 200 hours litigating this case across multiple jurisdictions.

Because of Defendants' failure to comply with their discovery obligations, the Hon. Idee C. Fox entered a number of Orders against them.  For instance, on December 15, 2011, the Hon. Idee C. Fox entered an Order, which is marked and attached hereto as Exhibit "C."  The Order states as follows:

> AND NOW, this 15 day of December, 2011, upon consideration of Plaintiff's Motion to Compel Defendants' responses to Post-judgment Discovery and any response thereto, it is hereby ORDERED and DECREED that:
>
> 1.    The Motion is GRANTED;
>
> 2.    Defendants, YURI LYUBARSKY and OLGA LYUBARSKY, must provide full and complete answers to the interrogatories and full and complete responses to the requests for production of documents without objection or motion for a protective order within thirty (30) days of this ORDER or sanctions shall be imposed.

Exhibit "C."  Furthermore, following a Rule to Show Cause hearing, on April 12, 2012, the Hon. Idee C. Fox entered another Order, marked and attached hereto as Exhibit "D," which states as follows:

> AND NOW, this 12 day of April, 20[12] upon consideration of Plaintiff's Motion for Sanctions and any responses thereto, it is hereby ORDERED and DECREED that:
>
> 1.    The Motion is GRANTED;
>
> 2.    The Court finds that Defendants . . . are in willful disregard of this Court's Order of December 15, 2011, and that Defendants' willful disregard of this Court's Order caused irreparable harm and prejudice to Plaintiff;
>
> 3.    Within thirty (30) days of this Order, Defendants shall pay Kalikhman & Rayz, LLC: (a) $57.68 for the cost of filing the original Motion for Sanctions; and (b) $750.00 in counsel fees for the preparation of this motion and attendance of any related hearing(s);
>
> 4.    Within thirty (30) days of this Order, Defendants must provide full and complete answers to interrogatories and full and complete responses to the requests for production of documents, without objection or motion for a protective order; and
>
> 5.    Defendants are cautioned that their continued and unexplained failure to comply with the Orders of this Court may occasion even harsher sanctions.

Exhibit "D."  Furthermore, on July 20, 2012, the Hon. Idee C. Fox entered another Order, marked and attached hereto as Exhibit "E," which states as follows:

Case ID: 110203388
Control No.: 16050538

AND NOW, this 20 day of July, 2012, upon consideration of Plaintiff's Second Motion for Sanctions and no responses thereto, it is hereby **ORDERED** and **DECREED** as follows:

1.    The Court finds that Defendants, Yuri Lyubarsky and Olga Lyubarsky, have willfully disregarded this Court's Orders of December 15, 2011 and April 12, 2012.

2.    Within thirty (30) days of this Order, Defendants shall pay Kalikhman & Rayz, LLC the sum of $557.68 representing filing costs of $57.68 and attorney fees of $500.00.

3.    Within thirty (30) days of this Order Defendants shall provide full and complete answers to the Interrogatories an full and complete responses to Plaintiff's Request for Production of Documents without objection or Motion for Protective Order.

4.    Should Defendants not comply with this Order, commencing August 19, 2012, Defendants are sanctioned $100.00 per day until they fully comply with this Court's Orders.

5.    Defendants are cautioned that their continued and unexplained failure to comply with the Orders of this Court may result in further sanctions.

Exhibit "E." Defendants have never fully complied with any of the Orders of the Court. Therefore, per the Order of July 20, 2012, through May 3, 2016, Defendants have incurred sanctions in the total amount of $135,300.00.

As a result of the efforts of Plaintiff's counsel, however, in April of 2013, Plaintiff recovered $175,000.00 from the proceeds of the sale of Defendants' New Jersey property. This sum was not sufficient to satisfy the entire outstanding balance of the judgment. In accepting this partial payment, Plaintiff explicitly reserved the right to continue its collection efforts until the full amount was paid. Ultimately, solely due to Defendants' failure to issue timely payment, Plaintiff incurred or expended additional sums since the entry of the judgment and, given credit for any payments made by Defendants, as of the day of this filing, the amount of the judgment should read as follows:

| | | |
|---|---|---|
| Principal balance and accrued interest (as of April 30, 2013) | | $34,251.44 |
| Additional Interest (as of May 3, 2016) | | $6,750.45 |
| Sanctions per the Court's Order of July 20, 2012 | | $135,300.00 |
| Legal fees (less $16,751.29 originally confessed) | | $68,528.71 |
| Costs | | $31,572.11 |
| | **Total:** | **$276,402.71** |

**4.    Argument**

The judgment formerly entered against Defendants does not reflect any credit for payment

15

Case ID: 110203388
Control No.: 16050538

received on account of the judgment, the accrued interest, the sanctions imposed by the Court, the above-referenced attorneys' fees, and/or additional costs. Indeed, solely due to Defendants' failure to issue timely payment, Plaintiff incurred or expended additional sums since the entry of the judgment and, given credit for any payments made by Defendants, as of the day of this filing, the amount of the judgment should read as follows:

| | |
|---|---:|
| Principal balance and accrued interest (as of April 30, 2013) | $34,251.44 |
| Additional Interest (as of May 3, 2016) | $6,750.45 |
| Sanctions per the Court's Order of July 20, 2012 | $135,300.00 |
| Legal fees (less $16,751.29 originally confessed) | $68,528.71 |
| Costs | $31,572.11 |
| **Total:** | **$276,402.71** |

Accordingly, it is insufficient to satisfy the amount currently due.

It is well-settled law in Pennsylvania that the Court may exercise its equitable powers to control the enforcement of a judgment and to grant any relief until that judgment is satisfied. See Chase Home Mortgage Corporation of the Southwest v. Good, 537 A.2d 22, 24 (Pa. Super. 1988); Stephenson v. Butts, 142 A.2d 319, 321 (Pa. Super. 1958); 20 P.L.E. Judgments § 191. Indeed, the Superior Court has repeatedly cited the right of a judgment creditor to amend the amount of judgment. See Nationsbanc Mortgage Corp. v. Grillo, 827 A.2d 489 (Pa. Super. 2003); Morgan Guarantee Trust Company of New York v. Mowl, 704 A.2d 923 (Pa. Super. 1998); Union National Bank of Pittsburgh v. Ciongoli, 595 A.2d 179 (Pa. Super. 1991). In B.C.Y. v. Bukovich, 390 A.2d 276 (Pa. 1978), the Pennsylvania Supreme Court reiterated its long-standing rule that a court has the inherent power to correct a judgment to conform to the facts of the case.

Under the terms of the parties' Settlement Agreement and prevailing Pennsylvania law, Plaintiff is entitled to inclusion of the figures set forth above in the amount of the judgment against Defendants. See Exhibit "A." For instance, Plaintiff is unequivocally entitled in post-judgment interest at the statutory, yearly rate of six (6) percent.[2] In similar fashion, pursuant to the governing Pennsylvania case law,

---

[2] See 42 Pa.C.S. § 8101 (declaring that "[e]xcept as otherwise provided by another statute, a judgment for a specific sum of money shall bear interest at the lawful rate from the date of the verdict or award, or from the date of the judgment, if the judgment is not entered upon a verdict or award. . . ."); 41 P.S. § 202 (setting the statutory rate of interest in the Commonwealth of Pennsylvania at six percent (6%) per annum); see also Osial v. Cook, 803 A.2d 209, 215 (Pa. Super. 1994)(explaining that "the general rule is that a plaintiff is entitled to interest on a judgment from the date of the verdict, and for purposes of computing interest, judgment and verdict are synonymous. . . ."); Pittsburgh Constr. Co. v. Griffith, 834

Case ID: 110203388
Control No.: 16050538

attorneys' fees and costs of collection are recoverable where the agreement of the parties provides for such recovery.[3]  Here, the Surety Agreement provided as follows:

> Surety hereby irrevocably authorizes and empowers the prothonotary or clerk or any attorney of any court of record to waive the issuance and service of process and to appear for and confess judgment therein against Surety and in favor of Bank or any subsequent holder hereof at any time, whether or not the indebtedness evidenced hereby has matured (by acceleration or otherwise), for the full amount of all Obligations due or that may become due, including but not limited to late charges and interest accrued at the rate provided herein. Such confession shall be with all costs of suit and an attorneys' commission in an amount equal to all attorneys' fees incurred but in no event less than the greater of ten percent (10%) of the full amount confessed hereunder or $1,000. Although Surety agrees that the confession may include the amounts of the attorneys' commission specified in the preceding sentence, Surety reserves the right only to contest the collection by Bank of any unreasonable attorneys' fees. The authority and power to appear for and confess judgment against Surety shall not be exhausted by the initial exercise thereof and the same may be exercised from time to time, as often as Bank shall deem necessary and desirable, and a copy of this Agreement shall be sufficient warrant. Bank may, in its sole discretion, exercise the authority contained herein against one or more Sureties at one and the same time or at different times. Such confession shall be with or without declaration or complaint filed, with release of errors, without stay of execution, and Surety waives the right of inquisition on any real estate levied upon pursuant to the provisions hereof, and does hereby voluntarily condemn same and authorizes the prothonotary to enter upon the writ of execution a voluntary condemnation, and further agrees that the real estate may be sold on a writ of execution with a waiver and release of all relief from all appraisement, stay or exemption laws or rules of court, now in force or hereafter enacted or adopted.

Exhibit "A" (emphasis supplied).   Alternatively, the Pennsylvania Rules of Civil Procedure and the Philadelphia Local Rules create an enforcement mechanism for situations involving non-delivery of settlement funds and the courts of our Commonwealth have sanctioned parties for failing to deliver settlement proceeds in a timely fashion.  See Pa.R.Civ.P. 229.1; Phila. R.Civ. P. 229.1; Sanders v. Allegheny Hospital, 833 A.2d 179 (Pa. Super. 2003)(affirming sanctions against hospital, after hospital failed to timely pay settlement funds in a malpractice action); Kramer v. Schaeffer, 751 A.2d 241 (Pa. Super. 2000)(finding that plaintiff is entitled to sanctions for defendant's failure to timely tender settlement funds).

---

A.2d 572, 582 (Pa. Super. 2003)(observing that a plaintiff receives statutory post-judgment interest as a matter of right where the damages are ascertainable by computation).

[3] See, e.g., McMullen v. Kutz, 985 A.2d 769 (Pa. 2009)(observing that the parties may contract to provide for the breaching party to pay the attorney fees of the prevailing party in a breach of contract case); Corace v. Balint, 210 A.2d 882, 887 (Pa. 1965); see also J.C. Snavely and Sons, Inc. v. Web M&E, Inc., 594 A.2d 333, 336-7 (Pa. Super.), appeal denied, 602 A.2d 860 (Pa. 1991).  Our courts have found that the fee-shifting provisions contained within written agreements are enforceable and failure to award counsel fee to the prevailing party constitutes an error of law.  See Bayne v. Smith, 965 A.2d 265 (Pa. Super. 2009)(finding that the fee-shifting provision of a lease agreement for the prevailing party is enforceable as it is neutral in its application and is intended as an indemnification for reasonable attorney's fees incurred); see also De Lage Landen Financial Services, Inc. v. Rozentsvit, 939 A.2d 915 (Pa. Super. 2007)(holding that a party that prevails in the underlying breach of contract case is entitled to counsel fees it expended, where the written agreement between the litigants provides for such fees and such fees are to be sought after the judgment is entered).

Case ID: 110203388
Control No.: 16050538

Plaintiff's counsel spent well over 200 hours litigating this case, over the course of the past five years, across multiple jurisdictions.  The rate $400.00 per hour is well within the relevant standard for attorneys with comparable years of experience, as determined by the Community Legal Services of Philadelphia Fee Schedule.  See https://clsphila.org/about-cls/attorney-fees, last visited on May 2, 2016. When calculated at $400.00 per hour, Plaintiff is entitled to reasonable counsel fees of $68,528.71 (on account of $16,751.29 that was credited for counsel fees in the original amount of the judgment).  This amount is eminently reasonable and Plaintiff is entitled to its recovery, even if Defendants will attempt to claim that they were unaware of this language in the Surety Agreement.[4]

To date, Defendant(s) have failed and/or refused to comply with the terms of the parties' Settlement Agreement; in that, they have not made the requisite payments and, thereby, caused Plaintiff to incur and expend additional sums, while seeking payments from Defendants.  In ruling on this Motion, the Court is asked to consider that Plaintiff is being significantly harmed by Defendants' vexatious and dilatory conduct.  Indeed, Plaintiff's right to funds at issue is indisputable.  Although Plaintiff and Plaintiff's counsel have made diligent attempts to resolve this matter without burdening the Court, such efforts have been fruitless and the Court's intervention is the only available remedy remaining.

5.      **Relief Requested**

In light of the foregoing, Plaintiff respectfully petitions that the Honorable Court grant relief as requested in the attached order.

**(SIGNATURE ON THE NEXT PAGE)**

---

[4] See In re Olson Estate, 291 A.2d 95, 98 (Pa. 1972)(observing that "in the absence of proof of fraud, failure to read the contract is an unavailing excuse or defense and cannot justify an avoidance, modification or nullification of the contract or any provision thereof. . . ."); Simeone v. Simeone, 581 A.2d 162, 165 (Pa. 1990)(observing that a party is normally bound by an agreement regardless of whether the contractual terms were read and understood); Mormello v. Mormello, 682 A.2d 824, 828 (Pa. Super. 1996)(observing that "[c]ontracting parties are normally bound by their agreements, without regard to whether the terms thereof were read and fully understood"); Germantown Sav. Bank v. Talacki, 657 A.2d 1285, 1289 (Pa. Super. 1995)(noting that "the failure to read a contract before signing . . . is considered supine negligence").

Case ID: 110203388
Control No.: 16050538

Date: <u>May 3, 2016</u>

Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

Eric Rayz, Esquire
Attorney(s) for Plaintiff(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

Case ID: 110203388
Control No.: 16050538

**KALIKHMAN & RAYZ, LLC**                          **ATTORNEY(S) FOR PLAINTIFF(S)**
Eric Rayz, Esquire
Attorney ID No. 87976
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

| | |
|---|---|
| VERTONIX LIMITED | COURT OF COMMON PLEAS |
| | PHILADELPHIA COUNTY |
| Plaintiff(s) | |
| | |
| v. | February Term 2011 |
| | |
| LYUBARSKY, et al. | Docket No. 3388 |
| | |
| Defendant(s) | |

## CERTIFICATE OF SERVICE

I, Eric Rayz, Esquire, hereby certify that a true and correct copy of the foregoing Plaintiff's Motion

to Reassess Damages were served on the following on or about the date indicated below:

Yuri Lyubarsky                          Steven Maniloff, Esquire
Olga Lyubarsky                          Montgomery, McCracken, Walker & Rhoads, LLP
3140 NE 40th Ct.                        123 South Broad Street, 28th Floor
Ft. Lauderdale, FL 33308                Philadelphia, PA 19109

Date: <u>May 3, 2016</u>                          Respectfully submitted,
                                        **KALIKHMAN & RAYZ, LLC**

                                        Eric Rayz, Esquire
                                        Attorney(s) for Plaintiff(s)
                                        1051 County Line Road, Suite "A"
                                        Huntingdon Valley, PA 19006
                                        Telephone: (215) 364-5030
                                        Facsimile: (215) 364-5029
                                        E-mail: erayz@kalraylaw.com

Case ID: 110203388
Control No.: 16050538

FILED
03 MAY 2016 01:59 pm
Civil Administration
P. MARTIN

# EXHIBIT "A"

Case ID: 110203388
Control No.: 16050538

Initials _YL_ and _OL_

## SURETY AGREEMENT

INTENDING TO BE LEGALLY BOUND, the undersigned, YURI LYUBARSKY and OLGA LYUBARSKY (jointly and severally "Surety") agree as follows:

1.    Unconditional Surety.

For full value received, Surety hereby unconditionally guarantees to VERTONIX LIMITED (hereinafter "Bank"), and becomes surety to Bank for, the due and punctual payment and performance of all Obligations (as defined below) of Surety to Bank, now existing or hereafter at any time or times incurred, and all expenses incurred by Bank in collecting same as set forth below. The term "Obligations" means any and all indebtedness, obligations, and liabilities of Surety to Bank, now existing or hereafter arising, direct or indirect, acquired outright, conditionally, or as collateral security from another, absolute or contingent, joint or several, secured or unsecured, matured or not matured, monetary or non-monetary, arising out of contract or tort, liquidated or unliquidated, arising by operation of law or otherwise, and all extensions, renewals, refundings, replacements, advances, and modifications of any of the foregoing, including without limitation all interest, expenses, costs (including collection costs) and fees (including attorney's fees and prepayment fees) incurred, arising or accruing (whether prior or subsequent to the filing of any bankruptcy petition by or against Surety) under or in connection with any of the foregoing. If any Obligation is not paid or performed by Surety punctually when due, including, without limitation, any Obligation due by acceleration of the maturity thereof, or if Surety fails to abide by all terms of this Agreement and all terms of any other documents executed by Surety in connection with any Obligation, Surety will, without demand or notice by Bank, immediately pay or perform all Obligations or cause the same to be paid or performed; and, in such event Surety shall immediately pay to Bank upon demand all costs and expenses, including without limitation all title search, title insurance, and appraisal costs, if any, and all attorney's fees and other costs incurred by Bank as a result of any proceeding, whether in bankruptcy or otherwise, involving any Obligor (defined herein to include Surety and any other person or entity liable for the payment of all or part of the Obligations as well as any other person or entity granting Bank a security interest in any collateral securing any of the Obligations), incurred by Bank to collect all or any portion of the Obligations from any Obligor. All such costs and expenses incurred by the Bank will accrue interest at the highest default rate in any instrument evidencing the Obligations until payment is actually received by the Bank. Interest shall continue to accrue on the Obligations after the entry of any judgment hereunder at the highest rate set forth in any document or instrument evidencing any Obligation.

2.    General Terms and Conditions.

a.    Surety hereby waives (i) notice of acceptance of this Agreement and of any action by Bank in reliance thereon; (ii) presentment, demand of payment, notice of dishonor or nonpayment, protest and notice of protest with respect to the Obligations, and the giving of any notice of default or other notice to, or making any demand on, any Obligor; (iii) notice of any creation, extension, or accrual of any of the Obligations or any election by Bank to sell any of the collateral mortgaged, assigned or pledged as security for any of the Obligations (hereinafter, collectively, the "Collateral") at a public or private sale (Surety agrees that, to the extent notice of such sale shall be required by law, five (5) days notice to Surety of the time and place any public sale or private sale is to be made shall constitute reasonable notification); (iv) any claim, right or remedy which Surety may now have or hereafter acquire against Surety or any other Obligor that arises hereunder and/or from the performance by Surety hereunder including, without limitation, (1) any claim, remedy, or right to seek subrogation, contribution, indemnification or any other form of reimbursement from any other Obligor or (2) any claim, remedy, or right of subrogation, reimbursement, exoneration, indemnification, or participation in any claim, right or remedy of Bank against Surety or any security which Bank now has or hereafter acquires,

Case ID: 110203388

Control No.: 16050538

whether or not such claim, right or remedy arises in equity, under contract, by statute, under common law or otherwise; (v) notice of any other nature whatsoever; (vi) any requirement that Bank take any action whatsoever against any Obligor or Collateral or file any claim in the event of the bankruptcy of any Obligor; (vii) the failure by Bank to protect, preserve, or resort to any Collateral or to perfect any security interest in or any lien upon the Collateral; (viii) any act or omission of the Bank which materially increases the scope of the Surety's risk, including negligent administration of any loan to Surety; and (ix) all defenses based on suretyship or impairment of collateral and any defenses any Obligor may assert on the Obligations, including but not limited to failure of consideration, breach of warranty, fraud, payment, statute of frauds, bankruptcy, lack of legal capacity, lender liability, accord and satisfaction, and usury, except the defense of payment of the Obligations in full. Surety further agrees that the guaranty and surety contained herein will not be discharged except by complete performance of all Obligations of the Surety and the liabilities of Surety hereunder.

b.     Surety hereby consents that from time to time, and without further notice to or consent of Surety, Bank may take any or all of the following actions without affecting or impairing the liability of Surety hereunder: (i) extend, renew, increase, modify, compromise, settle, or release the Obligations or any part thereof (including without limitation any increase or decrease in the interest rate); (ii) release or compromise any liability of any Obligor with respect to the Obligations; (iii) release, waive, or subordinate any security interest or lien in any Collateral or exchange, surrender or otherwise deal with the Collateral as Bank may determine; or (iv) exercise or refrain from exercising any right or remedy of Bank. The guaranty and surety contained herein is absolute and unconditional, primary, direct and immediate and shall be valid and binding upon Surety regardless of any invalidity, irregularity, defect or unenforceability of the Obligations or any note, instrument, or agreement evidencing same or relating thereto, or any other circumstance that might otherwise constitute a defense available to, or discharge of, any other Obligor, including but not limited to failure of consideration, breach of warranty, fraud, payment, statute of frauds, bankruptcy, infancy, statute of limitations, lender liability, accord and satisfaction, and usury. Surety hereby waives any right to require Bank to proceed initially against any other Obligor or any of the Collateral upon any default in the payment or performance of the Obligations. The obligations of Surety hereunder shall not be subject to any counterclaim, set-off, deduction or defense based upon any claim Surety may have against any Obligor or Bank, except payment or performance of the Obligations. No failure or delay on the part of Bank in exercising any right, power, or privilege hereunder shall operate as a waiver thereof, nor shall any single or partial exercise of any right, power, or privilege hereunder preclude any other or further exercise thereof or the exercise of any other right, power, or privilege. The rights and remedies of Bank hereunder are cumulative and concurrent and not exclusive of any other rights or remedies Bank may have.

c.     If any claim is ever made upon Bank for repayment of any amounts, or the recovery of any secured property, received by Bank from any Obligor in payment of any of the Obligations, and Bank repays all or part of said amounts or returns all or part of said secured property by reason of (i) any judgment, decree or order of any court or administrative body having jurisdiction over Bank or any of its property or (ii) any settlement or compromise of any such claim accomplished by Bank with such claimant then and in such event Surety agrees that any such judgment, decree, settlement or compromise shall be binding upon Surety, notwithstanding any revocation hereof or the cancellation of any note or other instrument evidencing any Obligation, and Surety shall be and shall remain liable to Bank hereunder for the amounts so repaid or the secured property recovered

Case ID: 110203388
Control No.: 16050538

Initials __YL__ and __OL__

to the same extent as if such amounts or property had never originally been received by Bank. Surety agrees that Bank shall have no duty or affirmative obligation to defend against such claim and may object to or pay such claim in its sole discretion without impairing or releasing the obligations of Surety hereunder. This provision shall survive the termination of this Agreement.

d.   If less than all persons who are intended to sign this Agreement, or any other document evidencing any Obligation, do so, the same shall nevertheless be binding upon those who do sign, and if only one person shall sign any plural references shall be read as a singular. Any notice to an Obligor by Bank shall not imply that such notice or any further or similar notice was or is required.

3.   Set-off.

As additional collateral security for the Obligations, and not in lieu of any other rights of Bank hereunder or under any other document, Surety hereby grants to Bank a security interest in, a lien upon, and a right of set-off against all funds, balances or other property of any kind of Surety, or in which Surety has an interest, now or hereafter in the possession, custody or control of Bank. Bank may upon maturity (whether by demand, acceleration, stated maturity, or otherwise) of the Obligations appropriate and apply toward the payment of the Obligations in such order as Bank determines the balance of any account of Surety with, or each claim of Surety against, Bank.

4.   Venue and Exclusive Jurisdiction.

**Surety hereby consents to the exclusive jurisdiction of the Court of Common Pleas of Philadelphia, Pennsylvania or the United States District Court for the Eastern District of Pennsylvania in any legal proceeding involving, directly or indirectly, any matter arising out of or related to this Agreement, or any relationship evidenced hereby, including the collection and enforcement hereof. Surety expressly submits and consents in advance to such jurisdiction in any action or suit commenced in any such Court and waives any objection which Surety may have based upon lack of personal jurisdiction or improper venue and consents to the granting of such legal or equitable relief as is deemed appropriate by such court. Surety waives personal service of the summons, complaint and any other process issued in any such action or suit and agrees that service of such summons, complaint, and any other process may be made by registered or certified mail, postage prepaid, addressed to the Surety at the address set forth below and that service so made shall be deemed completed upon the providing of such notice. Nothing in this Agreement shall be deemed or operate to affect the rights of the Bank to serve legal process or to bring any action permitted by law against any Obligor or involving any Collateral in the appropriate court of any other appropriate jurisdiction or forum.**

5.   Waiver of Jury Trial and Certain Damages.

**Surety hereby waives trial by jury in any legal proceeding involving, directly or indirectly, any matter (whether sounding in tort, contract or otherwise) in any way arising out of or related to this Agreement. The Surety represents and warrants that no representative or agent of the Bank has represented, expressly or otherwise, that the Bank will not, in the event of litigation, seek to enforce this jury trial waiver. Surety further waives any right it may have to claim or recover, in any such suit, action or proceeding, any special, exemplary, punitive, or consequential damages or any damages other than, or in addition to, actual damages. This provision is a material inducement for Bank to enter into, rely upon, or accept this Agreement.**

6.   Miscellaneous.

No consent or waiver under this Agreement shall be effective unless in writing. This Agreement and all documents executed hereunder shall be binding upon Surety and its executors, personal representatives, successors and assigns and shall inure to the benefit of Bank and its successors and

Case ID: 110203388

Control No.: 16050538

Initials __YL__ and __OL__

assigns.  This Agreement has been delivered to and accepted by Bank in, and shall be governed by the internal laws, and not the law of conflicts of, the Commonwealth of Pennsylvania.  If any provision hereof is found by a court of competent jurisdiction to be prohibited or unenforceable, it shall be ineffective only to the extent of such prohibition or unenforceability, and such prohibition or unenforceability shall not invalidate the balance of such provision to the extent it is not prohibited or unenforceable, nor invalidate the other provisions hereof, all of which shall be liberally construed in favor of Bank in order to effect the provisions hereof.  The execution and delivery of this Agreement is in addition to, and not in derogation of, any other Surety Agreement of any Obligor heretofore executed and delivered to Bank unless such prior Surety Agreement has been terminated in writing pursuant to the terms thereof.  This Agreement and any prior Surety Agreement of Surety to Bank shall be construed as one agreement, and in the event of any inconsistency, the terms of this Agreement shall control the terms of any prior Surety Agreement.  This Agreement may be amended or discharged only by a writing executed by Bank and Surety.  The undersigned, if more than one, are jointly and severally liable.  For purposes of this Agreement, the singular shall be deemed to include the plural and the neuter shall be deemed to include the masculine and feminine, as the context may require.

      7.     Confession of Judgment.

**Surety hereby irrevocably authorizes and empowers the prothonotary or clerk or any attorney of any court of record to waive the issuance and service of process and to appear for and confess judgment therein against Surety and in favor of Bank or any subsequent holder hereof at any time, whether or not the indebtedness evidenced hereby has matured (by acceleration or otherwise), for the full amount of all Obligations due or that may become due, including but not limited to late charges and interest accrued at the rate provided herein. Such confession shall be with all costs of suit and an attorneys' commission in an amount equal to all attorneys' fees incurred but in no event less than the greater of ten percent (10%) of the full amount confessed hereunder or $1,000. Although Surety agrees that the confession may include the amounts of the attorneys' commission specified in the preceding sentence, Surety reserves the right only to contest the collection by Bank of any unreasonable attorneys' fees. The authority and power to appear for and confess judgment against Surety shall not be exhausted by the initial exercise thereof and the same may be exercised from time to time, as often as Bank shall deem necessary and desirable, and a copy of this Agreement shall be sufficient warrant. Bank may, in its sole discretion, exercise the authority contained herein against one or more Sureties at one and the same time or at different times. Such confession shall be with or without declaration or complaint filed, with release of errors, without stay of execution, and Surety waives the right of inquisition on any real estate levied upon pursuant to the provisions hereof, and does hereby voluntarily condemn same and authorizes the prothonotary to enter upon the writ of execution a voluntary condemnation, and further agrees that the real estate may be sold on a writ of execution with a waiver and release of all relief from all appraisement, stay or exemption laws or rules of court, now in force or hereafter enacted or adopted.**

**In granting the above warrant of attorney to confess judgment, the Surety hereby knowingly, intentionally, and voluntarily waives any and all constitutional rights the Surety has or may have either upon the confession of judgment against the Surety or (after the maturity of the indebtedness evidenced hereby) upon execution process thereon, by garnishment or otherwise, against property of the Surety to: (i) prior notice; (ii) a prior judicial proceeding; (iii) prior review by an authorized public official; and (iv) the prior opportunity to raise a defense, setoff, or counterclaim. The Surety expressly waives such rights as an explicit and material part of the consideration hereof.**

     **IN WITNESS WHEREOF**, the parties hereunto set their hand and seal:

        **(SIGNATURE ON THE NEXT PAGE)**

Case ID: 110203388
Control No.: 16050538

Initials _YL_ and _OL_

---

**On behalf of Olga Lyubarsky**

_Olga Lyubarsky_
Olga Lyubarsky

_01.14.09_
Date

---

**On behalf of Yuri Lyubarsky**

_Yuri Lyubarsky_
Yuri Lyubarsky

_01.14.09_
Date

---

SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me by
Yuri Lyubarsky and Olga Lyubarsky on the
14 day of January , 2009 .

Notary Public
State of _Florida_

My commission expires: _____

[Notary seal: STEPHANIE L SMITH, NOTARY, My Comm. Expires February 11, 2012, DD757591, PUBLIC, STATE OF FLORIDA]

Case ID: 110203388
Control No.: 16050538

# EXHIBIT "B"

Case ID: 110203388
Control No.: 16050538

Initials _YL_ and _Od_

## DISCLOSURE AND WAIVER OF RIGHTS REGARDING CONFESSION OF JUDGMENT

**Intending to be legally bound hereby**, and for value received, and to induce VERTONIX LIMITED (hereinafter "Bank"), as assignee for Reģionālā Investīciju Banka (Regional Investment Bank), to enter a certain Settlement Agreement, the undersigned, whether one or more persons, partnerships, corporations, or other entities (jointly and severally, the "Obligor"), agrees as follows:

1.      On the date hereof, or previously dated, the Obligor is signing and delivering to the Bank a Settlement Agreement and a Surety Agreement (hereinafter "Settlement Documents")(as the same may be renewed, modified, amended, extended, restated or replaced) whether one or more, whereby the Obligor is obligated to repay monies (hereinafter "Obligations") to the Bank or by which the undersigned has granted security to the Bank to repay the Obligations.  The Obligor has been advised by the Bank (and by the Obligor's legal counsel, if applicable) that these Settlement Documents contain a clause that provides that the Bank may confess judgment against the Obligor.  The Obligor has read Settlement Documents and clearly and specifically understands that by signing these Settlement Documents which contain such confession of judgment clause:

   a.   The Obligor is authorizing the Bank to enter a judgment against the Obligor and in favor of the Bank, which will give the Bank a lien upon any real estate which the Obligor may own wherever the judgment is entered.

   b.   If the Settlement Documents include a Security Agreement, the Obligor is also authorizing the Bank, upon the occurrence of an event of default under the Settlement Documents, to enter a judgment against the Obligor and in favor of the Bank, which will give the Bank in an action for replevin possession of secured personal property.

   c.   The Obligor is waiving all constitutional rights that the Obligor may have to any prior notice, to prior review by an authorized official, or to an opportunity for a hearing before the entry of such judgment by or for the benefit of the Bank on the records of the Court.

   d.   The Obligor understands and agrees that the Bank may enter such judgment and understands that the Obligor will be unable to contest the validity of the judgment, should the Bank enter it, unless the Obligor successfully challenges entry of the judgment on procedural grounds through a petition to open or strike the judgment, which will require the Obligor to retain counsel at the Obligor's expense.

   e.   The Obligor is waiving all constitutional rights that the Obligor may have to prior notice, to prior review by an authorized official, or to an opportunity for a prior hearing before the Bank may request and use the power of the state government to deprive the Obligor of his, her, or their property pursuant to the judgment by seizing or having the Sheriff or other official seize or garnish the Obligor's bank accounts, inventory, equipment, furnishings, or any other personal property that the Obligor may own, to satisfy, in whole or in part, the Obligations, or by seizing or having the Sheriff or other official eject the Obligor from possession of his, her, or their real property.

   f.   The Obligor understands and agrees that the Obligor may be immediately deprived of the use of any property that is thus seized or affected pursuant to such judgment without prior notice, a prior hearing, or prior review by an authorized official, and the procedural rules of the court system do not necessarily guarantee that the Obligor will receive a prompt hearing after the Obligor's property is seized or otherwise affected.

Page 1 of 2

Case ID: 110203388

Control No.: 16050538

Initials _YL_ and _OL_

    2.      The Obligor knows and understands that it is the confession of judgment clause in the Settlement Documents, which gives the Bank the rights described in Subparagraphs (a) through (f) of Paragraph 1 above.

    3.      Fully and completely understanding the rights which are being given up if the Obligor signs the Settlement Documents containing the confession of judgment, the Obligor nevertheless freely, knowingly and voluntarily waives said rights and chooses to sign the Settlement Documents.

    4.      The Obligor acknowledges that he/she is a natural person and the Obligations at issue do not arise in connection with a consumer credit transaction.

    5.      The Obligor acknowledges that the Obligations at issue relate to commercial transactions.

    6.      The Obligor acknowledges that the proceeds of the Obligations are to be or were used for business purposes.

    7.      If the Obligor is an individual, the Obligor certifies that his/her annual income exceeds $10,000.00.

    The Obligor has read this Disclosure and Waiver prior to signing the Settlement Documents and fully understands the contents hereof and thereof.

**On behalf of the Obligor**
**Olga Lyubarsky**

_Olga Lyubarsky_
_____
Olga Lyubarsky

_01. 14. 09_
_____
Date

SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me by
_Olga Lyubarsky_ on the __14__ day of __January__, 200_9_.

_____
Notary Public,
State of __Florida__

My commission expires: _____

STEPHANIE L SMITH
NOTARY
My Comm. Expires
February 11, 2012
DD757591
PUBLIC
STATE OF FLORIDA

Case ID: 110203388
Control No.: 16050538

Initials _YL_ and _OL_

## DISCLOSURE AND WAIVER OF RIGHTS REGARDING CONFESSION OF JUDGMENT

**Intending to be legally bound hereby**, and for value received, and to induce VERTONIX LIMITED (hereinafter "Bank"), as assignee for Reģionālā Investīciju Banka (Regional Investment Bank), to enter a certain Settlement Agreement, the undersigned, whether one or more persons, partnerships, corporations, or other entities (jointly and severally, the "Obligor"), agrees as follows:

1.      On the date hereof, or previously dated, the Obligor is signing and delivering to the Bank a Settlement Agreement and a Surety Agreement (hereinafter "Settlement Documents")(as the same may be renewed, modified, amended, extended, restated or replaced) whether one or more, whereby the Obligor is obligated to repay monies (hereinafter "Obligations") to the Bank or by which the undersigned has granted security to the Bank to repay the Obligations.  The Obligor has been advised by the Bank (and by the Obligor's legal counsel, if applicable) that these Settlement Documents contain a clause that provides that the Bank may confess judgment against the Obligor.  The Obligor has read Settlement Documents and clearly and specifically understands that by signing these Settlement Documents which contain such confession of judgment clause:

> a.      The Obligor is authorizing the Bank to enter a judgment against the Obligor and in favor of the Bank, which will give the Bank a lien upon any real estate which the Obligor may own wherever the judgment is entered.
>
> b.      If the Settlement Documents include a Security Agreement, the Obligor is also authorizing the Bank, upon the occurrence of an event of default under the Settlement Documents, to enter a judgment against the Obligor and in favor of the Bank, which will give the Bank in an action for replevin possession of secured personal property.
>
> c.      The Obligor is waiving all constitutional rights that the Obligor may have to any prior notice, to prior review by an authorized official, or to an opportunity for a hearing before the entry of such judgment by or for the benefit of the Bank on the records of the Court.
>
> d.      The Obligor understands and agrees that the Bank may enter such judgment and understands that the Obligor will be unable to contest the validity of the judgment, should the Bank enter it, unless the Obligor successfully challenges entry of the judgment on procedural grounds through a petition to open or strike the judgment, which will require the Obligor to retain counsel at the Obligor's expense.
>
> e.      The Obligor is waiving all constitutional rights that the Obligor may have to prior notice, to prior review by an authorized official, or to an opportunity for a prior hearing before the Bank may request and use the power of the state government to deprive the Obligor of his, her, or their property pursuant to the judgment by seizing or having the Sheriff or other official seize or garnish the Obligor's bank accounts, inventory, equipment, furnishings, or any other personal property that the Obligor may own, to satisfy, in whole or in part, the Obligations, or by seizing or having the Sheriff or other official eject the Obligor from possession of his, her, or their real property.
>
> f.      The Obligor understands and agrees that the Obligor may be immediately deprived of the use of any property that is thus seized or affected pursuant to such judgment without prior notice, a prior hearing, or prior review by an authorized official, and the procedural rules of the court system do not necessarily guarantee that the Obligor will receive a prompt hearing after the Obligor's property is seized or otherwise affected.

Case ID: 110203388

Control No.: 16050538

Initials _YL_ and _OL_

2.      The Obligor knows and understands that it is the confession of judgment clause in the Settlement Documents, which gives the Bank the rights described in Subparagraphs (a) through (f) of Paragraph 1 above.

3.      Fully and completely understanding the rights which are being given up if the Obligor signs the Settlement Documents containing the confession of judgment, the Obligor nevertheless freely, knowingly and voluntarily waives said rights and chooses to sign the Settlement Documents.

4.      The Obligor acknowledges that he/she is a natural person and the Obligations at issue do not arise in connection with a consumer credit transaction.

5.      The Obligor acknowledges that the Obligations at issue relate to commercial transactions.

6.      The Obligor acknowledges that the proceeds of the Obligations are to be or were used for business purposes.

7.      If the Obligor is an individual, the Obligor certifies that his/her annual income exceeds $10,000.00.

The Obligor has read this Disclosure and Waiver prior to signing the Settlement Documents and fully understands the contents hereof and thereof.

**On behalf of the Obligor**
**Yuri Lyubarsky**


_____
Yuri Lyubarsky


_01. 14. 09_
_____
Date


SUBSCRIBED, SWORN TO AND ACKNOWLEDGED before me by
_Yuri Lyubarsky_ on the _14_ day of _January_, 200_9_.

_____
Notary Public
State of _Florida_ _____

My commission expires: _____

STEPHANIE L SMITH
NOTARY
My Comm. Expires
February 11, 2012
DD757591
PUBLIC
STATE OF FLORIDA

Case ID: 110203388
Control No.: 16050538

# EXHIBIT "C"

Case ID: 110203388
Control No.: 16050538

FILED
22 NOV 2011 03:12 pm
Civil Administration
L. OWENS

RECEIVED
DEC 16 2011
CIVIL ADMINISTRATION

| | |
|---|---|
| VERTONIX LIMITED<br><br>                 Plaintiff(s)<br><br>          v.<br><br>LYUBARSKY, et al.<br><br>                 Defendant(s) | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>February Term 2011<br><br>Docket No. 3388 |

## ORDER

AND NOW, this  15'  day of  December  , 20 11  upon

consideration of Plaintiff's Motion to Compel Defendants' Responses to Post-judgment Discovery and any

response thereto, it is hereby **ORDERED** and **DECREED** that:

    1.    The Motion is GRANTED;

    2.    Defendants, YURI LYUBARSKY and OLGA LYUBARSKY, must provide full and

complete answers to the interrogatories and full and complete responses to the requests for production of

documents, without objection or motion for a protective order, within `thirty (30) days of`

`this Order or sanctions shall be imposed.`



Vertonix Limited Vs Lyu-ORDER

11020338800009

BY THE COURT:

DOCKETED
CIVIL ADMINISTRATION
DEC 19 2011
M. GRAHAM

_____ J.

DOCKETED
CIVIL ADMINISTRATION
DEC 19 2011
M. GRAHAM

Case ID: 110203388
Case ID: 110203388
Control No.: 11113229
Control No: 16050538

COPIES SENT PURSUANT TO Pa.R.C.P. 236(b)  G. BAXTER  12/19/2011

# EXHIBIT "D"

Case ID: 110203388
Control No.: 16050538

FILED
10 FEB 2012 12:24 pm
Civil Administration
K. PERMSAP

| | |
|---|---|
| VERTONIX LIMITED<br><br>Plaintiff(s)<br><br>v.<br><br>LYUBARSKY, et al.<br><br>Defendant(s) | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY<br><br>**DOCKETED**<br><br>February Term 2011<br>APR 1 3 2012<br><br>Docket No. 3388<br>S. MacGREGOR<br>**CIVIL ADMINISTRATION** |

<u>ORDER</u>

AND NOW, this *12* day of *April*, 20__, upon consideration of Plaintiff's Motion for Sanctions and any response thereto, it is hereby **ORDERED** and **DECREED** that:

1.    The Motion is GRANTED;

2.    The Court finds that Defendants, YURI LYUBARSKY and OLGA LYUBARSKY, are in willful disregard of this Court's Order of December 15, 2011, and that Defendants' willful disregard of this Court's Order caused irreparable harm and prejudice to Plaintiff;

3.    Within ~~ten (10)~~ *thirty (30)* days of this Order, Defendants shall pay Kalikhman & Rayz, LLC: (a) $57.68 for the cost of filing the original Motion for Sanctions; and (b) $750.00 in counsel fees for the preparation of this motion and attendance of any related hearing(s);

4.    Within ~~ten (10)~~ *thirty (30)* days of this Order, Defendants must provide full and complete answers to the interrogatories and full and complete responses to the requests for production of documents, without objection or motion for a protective order; and

5.    Defendants are cautioned that their continued and unexplained failure to comply with the Orders of this Court, may occasion even harsher sanctions.

BY THE COURT:

Vertonix Limited Vs Lyu-ORDER



_____  J.

11020338800018

Case ID: 110203388
Case ID: 110203388
Control No.: 12021457
Control No.: 16050538

# EXHIBIT "E"

Case ID: 110203388
Control No.: 16050538

**IN THE COURT OF COMMON PLEAS PHILADELPHIA COUNTY**
**FIRST JUDICIAL DISTRICT OF PENNSYLVANIA**
**CIVIL TRIAL DIVISION**

| | | |
|---|---|---|
| **VERTONIX LIMITED** | : | |
| | : | **FEBRUARY TERM, 2011** |
| | : | |
| **v.** | : | **NO.    3388** |
| | : | |
| | : | **CONTROL NO.    12052539** |
| **YURI and OLGA LYUBARSKY, et al** | : | |

**ORDER**

**AND NOW,** this _20_ day of July, 2012, upon consideration of Plaintiff's Second

Motion for Sanctions and no response thereto, it is hereby **ORDERED** and **DECREED** as follows:

1. The Court finds that Defendants, Yuri Lyubarsky and Olga Lyubarsky, have willfully
   disregarded this Court's Orders of December 15, 2011 and April 12, 2012.

2. Within thirty (30) days of the entry of this Order, Defendants shall pay Kalikhman & Rayz,
   LLC the sum of $557.68 representing filing costs of $57.68 and attorney fees of $500.00.

3. Within thirty (30) days of this Order Defendant shall provide full and complete answers to
   the Interrogatories and full and complete responses to Plaintiff's Request for Production of
   Documents without objection or Motion for Protective Order.

4. Should Defendants not comply with this Order, commencing August 19, 2012, Defendants
   are sanctioned $100.00 per day until they comply fully with this Court's Orders.

5. Defendants are cautioned that their continued and unexplained failure to comply with
   Orders of the Court may result in further sanctions.

**BY THE COURT:**

_____
**IDEE C. FOX, J.**

DOCKETED

JUN 2 0 2012

T. DUGAN

Vertonix Limited Vs Lyu-ORDER



11020338800027
Case ID: 110203388
Control No.: 16050538

FILED
01 JUL 2016 05:36 pm
Civil Administration
K. EDWARDS

**EXHIBIT "B"**

## COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
## FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
## CIVIL TRIAL DIVISION

| | | |
|---|---|---|
| **VERTONIX LTD** | : | |
| **Plaintiff** | : | |
| **v.** | : | **FEBRUARY TERM, 2011** |
| | : | |
| **YURI and OLGA LYUBARSKY, h/w** | : | No.   03388 |
| | : | |
| **Defendants** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **THE GUARDIAN LIFE INSURANCE** | : | |
| **COMPANY OF AMERICA** | : | |
| | : | |
| **Garnishee** | : | |

### ORDER

AND NOW, this          day of                          , 2016,  upon

consideration of Plaintiff's Motion to Reassess Damages and Defendants' response thereto, it is

hereby **ORDERED** and **DECREED** that the motion is denied.

BY THE COURT:

_____

J.

Case ID: 110203388
Control No.: 16050538

**KATS, JAMISON & ASSOCIATES**
**By:    Marina Kats, Esquire**
     **I.D. No. 53020**
     **1 Bustleton Pike**
     **Feasterville, PA 19053**
     **215-396-9001**
     **marina@mkats.com**                         **Attorney for Defendants**

| | |
|---|---|
| **VERTONIX LTD** | : **COURT OF COMMON PLEAS** |
|      **Plaintiff** | : **PHILADELPHIA COUNTY** |
|   **v.** | : |
| | : **CIVIL ACTION** |
| **YURI and OLGA LYUBARSKY, h/w** | : |
| | : **FEBRUARY TERM 2011** |
|      **Defendants** | |
| |   No.  **03388** |
|   **v.** | |
| | |
| **THE GUARDIAN LIFE INSURANCE** | |
| **COMPANY OF AMERICA** | |
| | |
|      **Garnishee** | |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO REASSES

Defendants, Yuri and Olga Lyubarsky, husband and wife, by and through their undersigned

counsel, Marina Kats, Esq. of the firm Kats, Jamison & Associates file with this Honorable Court

their response to Plaintiff's Motion to Reassess Damages and in support aver as follows:

1-44. Inclusive: Plaintiff specifically says without any support whatsoever that defendants

have never *fully* complied in paragraph 24 of its motion (emphasis supplied). The burden

is on the movant to demonstrate justification for the imposition of sanctions of over

$144,000. It is not enough to say that defendants have not fully complied without, at the

very least, showing the extent of compliance and non-compliance. The defendants,

unfortunately, have lived under the specter of this litigation, *pro se* for approximately five

years. It is clear from conversations that they have not understood, appreciated, or

conceptualized the implications of the failure to act in response to very sophisticated

opposing counsel and their filings. Having now understood the significance of having counsel to advise them, counsel have attempted, on many occasions to convey the respect required to this Court and the attention it must be paid to these unresolved issues. Unfortunately, plaintiff seeks to nearly double defendants' indebtedness by way of sanctions for failing to *fully* comply where counsel cannot reasonably figure out what has and what has not been complied with. Plaintiff's counsel makes bald, unsupported and unspecific allegations of alleged partial compliance. It would be one thing if plaintiff's counsel alleged that there was no compliance. Instead, counsel vaguely alleges that the defendants have never *fully* complied. Consequently, even now, counsel of record for the previously *pro se* defendants cannot figure out what has and has not been complied with. If a layperson were to look at allegations such as what is contained in paragraph 24, defendants' counsel cannot understand, despite many years before the bar, what the phrase "never fully complied" means. To impose sanctions, on *pro se* defendants that almost doubles alleged indebtedness is simply an attempt to take advantage of *pro se* parties who have not had the benefit of advice of counsel. A further example is our Petition to Strike the Confessed Judgment (Control Number 16063238) which demonstrates that the more sophisticated parties, and drafters of the instrument in the underlying dispute, "hid the ball" by never providing an address for service that was supposed to be supplied in the alleged agreement. Consequently, even an attempt at compliance would be unsuccessful given the failure to provide adequate information. The reason counsel is compelled to group all of the allegation paragraphs together for its response is because there is no indication of what was and was not complied with. What more can be responded to than to explain to the Court that given the impossibility of adequate and specific responses to each paragraph

that our formerly *pro se*, lay defendants could not be expected to do any better than their

"hog-tied" counsel.

**WHEREFORE,** Defendants respectfully request this Honorable Court to deny the Plaintiff's

Motion to Reassess in the above captioned matter, as stated in the proposed Order.

Respectfully submitted,

**KATS, JAMISON & ASSOCIATES**

Date: 7/1/16

**By:** _____
**Marina Kats, Esquire**
**Atty ID 53020**
Attorney for Defendants

**KATS, JAMISON & ASSOCIATES**
**By:**   **Marina Kats, Esquire**
          **I.D. No. 53020**
          **1 Bustleton Pike**
          **Feasterville, PA 19053**
          **215-396-9001**
          marina@mkats.com                    **Attorney for Defendants**

| | |
|---|---|
| **VERTONIX LTD** | : **COURT OF COMMON PLEAS** |
|          **Plaintiff** | : **PHILADELPHIA COUNTY** |
|    **v.** | : |
| | : **CIVIL ACTION** |
| **YURI and OLGA LYUBARSKY, h/w** | : |
| | : **FEBRUARY TERM 2011** |
|          **Defendants** | |
| | No.  03388 |
|    **v.** | |
| | |
| **THE  GUARDIAN  LIFE  INSURANCE** | |
| **COMPANY OF AMERICA** | |
| | |
|          **Garnishee** | |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR RESPONSE TO**
**PLAINTIFF'S MOTION TO REASSESS DAMAGES**

I.     Matter before the Court:

        This is the Defendants' Response to Plaintiff's Motion to Reassess Damages.

II.    Statement of question involved:

        Did the Plaintiff as Movant carry its burden to demonstrate with any specificity the

failure to comply with the Court's Orders?

        SUGGESTED ANSWER: No.

III.   Facts:

        Plaintiff, Vertonix Ltd., commenced this action on February 24, 2011, by complaint to

confess judgment against defendant upon a commercial loan obligation secured by a "Surety

Agreement" containing a warrant of attorney.

IV.    <u>Argument:</u>

Plaintiff specifically says without any support whatsoever that defendants have never *fully* complied in paragraph 24 of its motion (emphasis supplied). The burden is on the movant to demonstrate justification for the imposition of sanctions of over $144,000. It is not enough to say that defendants have not fully complied without, at the very least, showing the extent of compliance and non-compliance. The defendants, unfortunately, have lived under the specter of this litigation, *pro se* for approximately five years. It is clear from conversations that they have not understood, appreciated, or conceptualized the implications of the failure to act in response to very sophisticated opposing counsel and their filings. Having now understood the significance of having counsel to advise them, counsel have attempted, on many occasions to convey the respect required to this Court and the attention it must be paid to these unresolved issues. Unfortunately, plaintiff seeks to nearly double defendants' indebtedness by way of sanctions for failing to *fully* comply where counsel cannot reasonably figure out what has and what has not been complied with. Plaintiff's counsel makes bald, unsupported and unspecific allegations of alleged partial compliance. It would be one thing if plaintiff's counsel alleged that there was no compliance. Instead, counsel vaguely alleges that the defendants have never *fully* complied. Consequently, even now, counsel of record for the previously *pro se* defendants cannot figure out what has and has not been complied with. If a layperson were to look at allegations such as what is contained in paragraph 24, defendants' counsel cannot understand, despite many years before the bar, what the phrase "never fully complied" means. To impose sanctions, on *pro se* defendants that almost doubles alleged indebtedness is simply an attempt to take advantage of *pro se* parties who have not had the benefit of advice of counsel. A further example is our Petition to Strike the Confessed Judgment (Control Number 16063238) which demonstrates that the more

sophisticated parties, and drafters of the instrument in the underlying dispute, "hid the ball" by never providing an address for service that was supposed to be supplied in the alleged agreement. Consequently, even an attempt at compliance would be unsuccessful given the failure to provide adequate information. The reason counsel is compelled to group all of the allegation paragraphs together for its response is because there is no indication of what was and was not complied with. What more can be responded to than to explain to the Court that given the impossibility of adequate and specific responses to each paragraph that our formerly *pro se*, lay defendants could not be expected to do any better than their "hog-tied" counsel.

<u>Relief:</u>

Defendants therefore respectfully request this Honorable Court to deny Plaintiff's Motion to Reassess Damages, as stated in the proposed order.

Respectfully submitted,
Kats, Jamison & Associates


By: _____
Marina Kats
Attorney for the Defendants
Yuri and Olga Lyubarsky

Date: 7/1/16

Case ID: 110203388
Control No.: 16050538

## **VERIFICATION**

I, Marina Kats, Esquire, hereby state that I am the attorney for the Defendants herein, that I am acquainted with the facts set forth in the foregoing and that the same are true and correct to the best of my knowledge, information and belief and that this statement is made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____
Marina Kats, Esquire
Attorney for Defendants

## CERTIFICATION OF SERVICE

I, Marina Kats, do hereby certify that service of a true and correct copy of Defendants' Response to Plaintiff's Motion to Reassess Damages has been forwarded to Plaintiffs's counsel and Garnishee's Counsel via e-filing and/or First Class United States mail, postage pre-paid, dated July 1, 2016 to:

Eric Rayz, Esquire
Kalikhman & Rayz, LLC
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Counsel for Plaintff, Vertonix Ltd.


Steven Maniloff, Esquire
Montgomery, McCracken, Walker & Rhoads, LLP
123 South Broad Street, 28th Floor
Philadelphia, PA  19109
Counsel for Garnishee, The Guardian Life Insurance Company of America




Marina Kats, Esquire
Attorney for Defendants

FILED
03 MAY 2016 01:59 pm
Civil Administration
P. MARTIN

EXHIBIT "C"

| | |
|---|---|
| VERTONIX LIMITED | COURT OF COMMON PLEAS |
|         Plaintiff(s) | PHILADELPHIA COUNTY |
| v. | February Term 2011 |
| LYUBARSKY, et al. | Docket No. 3388 |
|         Defendant(s) | |

## ORDER

AND NOW, this _6th_ day of ___July___, 20_16_, upon consideration of Plaintiff's Motion to Reassess Damages, it is hereby ORDERED and DECREED that:

1.  The Prothonotary is to amend the judgment entered in this matter on February 24, 2011, for the Plaintiff and against Defendants, YURI LYUBARSKY and OLGA LYUBARSKY, to reflect that, as of May 3, 2016, the amount of the judgment is ~~$270,402.71~~ *$141,102.71*; and

2.  Defendants are to pay interest at the legal rate of six (6) percent per annum, upon the amount of the judgment entered in this matter, from the date of this Order, and until it is paid in full.

BY THE COURT:

_____ J.

Vertonix Limited Vs Lyu-ORDER

11020338800082

DOCKETED
JUL 07 2016
MICHAEL TIERNEY
JUDICIAL RECORDS

RECEIVED
JUL 07 2016
OFFICE OF JUDICIAL
RECORDS

Case ID: 110203388
Control No.: 16050338

Case ID: 110203388
Control No.: 16122014