UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                  Case No. 18-16659-LMI

YURI LYUBARSKY AND                                       Chapter 7
OLGA LYUBARSKY,

           Debtor.
_____/

**RESPONSE IN OPPOSITION TO TRUSTEE'S
OBJECTION TO CLAIM NO. 2 FILED BY VERTONIX LIMITED**

Vertonix Limited ("Vertonix"), by and through counsel, responds in opposition to the Trustee's Objection to Claim No. 2 Filed by Vertonix Limited [ECF No. 98] (the "Objection"), and requests that the Objection be denied, and in support thereof, states:

**Preliminary Statement**

1.      On July 10, 2018, Vertonix filed its Proof of Claim No. 2 (the "Claim").

2.      On April 16, 2019, the Chapter 7 Trustee filed the Objection, pursuant to Bankruptcy Rule 3007 and Local Rule 3007-1.

3.      In the Objection, the Trustee references and incorporates Yuri Lyubarsky and Olga Lyubarsky's (the "Debtors"), Objection to Claim of Vertronix Limited [ECF No. 47] (the "Debtors' Objection").

4.      Vertonix filed a Response in Opposition to Debtors' Objection [ECF No. 54] and a Supplement Response [ECF No. 82], which Vertonix in-turn incorporates herein.

5.      On April 10, 2019, the Court entered an Order Overruling Debtors' Objection to Claim [ECF No. 93], and found the Debtors lacked standing to bring an objection to the Claim.

**Vertonix's Proof of Claim**

6.      In bankruptcy cases, a proof of claim is allowed unless a party in interest

objects. *In re Moreno*, 341 B.R. 813, 817 (Bankr. S.D. Fla. 2006).

7. The Trustee's Objection seeks relief under Fed. R. Bankr. P. 3001(c)(2)(D), which in pertinent provides:

> (D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:
> (i) preclude the holder from presenting the omitted information, in any form, as evidence in any contested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or
> (ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

Fed. R. Bankr. P. 3001(c)(2)(D).

8. First, the Trustee objects to the Claim because the Claim failed to include "an itemized statement of the interest, fees, expenses, or charges" required by Fed. R. Bankr. P. 3001(c)(2)(A).

9. "[F]ailure to itemize interest in accordance with the rules means only that the proof of claim is not *prima facie* evidence of the claim's validity and amount." *In re Sears*, 863 F.3d 973, 979 (8th Cir. 2017) (citations omitted).

10. Second, the Trustee objects to the Claim because Vertonix inadvertently did not attach certain documentation; however, the "lack of proper supporting documentation does not, in and of itself, result in a claim's disallowance; rather, it strips it of any *prima facie* validity, requiring the creditor to offer the supporting documentation to carry its burden of proof in the face of an objection." *In re Armstrong,* 320 B.R. 97, 105 (Bankr. N.D. Tex. 2005).

11. As a result of the technical deficiency in filing the Claim, the Trustee's Objection requests relief under Fed. R. Bankr. P. 3001(c)(2)(D)(i), to preclude Vertonix from using documents produced after the fling of the Claim to justify any amount above $157,200.02.

12. However, to the extent the Trustee seeks to disallow the Claim, by and through the incorporation of the Debtor's Objection and the relief requested therein, the Trustee cannot as "the remedy for failure to comply, besides those enumerated in Rule 3001(c), is to strip the claim of its prima facie validity. *See In re Sears*, 863 F.3d 973, 979 (8th Cir. 2017)("But a failure to itemize interest in accordance with the rules means only that the proof of claim is not prima facie evidence of the claim's validity and amount."); *In re Brunson*, 486 B.R. 759, 769 (Bankr. N.D. Tex. 2013)("[c]ourts almost uniformly agree that the failure to attach proper documentation sufficient under Rule 3001 will strip the claim of its *prima facie* validity...."); *In re Cluff,* 313 B.R. 323, 331 (Bankr. D. Utah 2004)("failure to comply with the documentation requirements in Rule 3001(c) is an evidentiary defect that only deprives a claim of its *prima facie* validity.").

13. The Trustee cannot seek to disallow Vertonix's Claim based on a failure to attach an "itemized statement" or a failure to attach certain documents that support the Claim.

14. "What is key to the analysis, however, is the element of causation that is expressly provided in Rule 3001(c)(2)(D)(ii). While the Rule may allow the courts to fashion a remedy other than the exclusion of evidence and the award of attorneys' fees, the remedy must bear a rational relationship to the violation of the rule and cannot give the debtor a windfall for a technical violation that caused no harm." *In re Freeman-Clay*, 578 B.R. 423, 445 (Bankr. W.D. Mo. 2017)(citing *In re Tollios*, 491 B.R. 886 (Bankr. N.D. Ill. 2013)).

15. In the *Sears* case the creditors supported their proofs of claim with attached exhibits that documented some portion of the debt, "although arguably not precisely in the manner contemplated by the rules." *Sears*, 863 F.3d at 980. "In that situation, a debtor must 'assert a substantive basis for disallowance expressly stated in § 502 and come forward with some evidence to disallow the claim for that reason.'" *Id* (citing *Brunson*, 486 B.R. at 769).

16. The Eighth Circuit Court, in *Sears*, affirmed the Bankruptcy Court's treatment

of the proofs of claim as *prima facie* evidence of validity even though the proofs of claim did not precisely follow the rules.

17. Furthermore, the Court must analyze whether the failure to provide any information required by Fed. R. Civ. P. 3001(c) was substantially justified or is harmless. As this factual issue ties into the scheduled evidentiary hearing on the Debtor's Motion for Sanctions [ECF No. 74], it is Vertonix's belief that this issue will be resolved in its favor at the pending evidentiary hearing.

18. Vertonix's position is that the inadvertent failure to attach the July 6, 2016 Order by the Court of Common Pleas (the "Order") to its proof of claim was harmless. Vertonix made no attempts to hide or obstruct requests for the Order from the Trustee, the Debtors, or the Court. In fact, quite the opposition, the Order is a public record and Vertonix included the Order in its own subsequent pleadings with this Court. (See ECF Doc. 54-1, p. 161.)

## **Trustee's Request for Attorney's Fees**

19. The filing of an objection to claim creates a "contested matter" under Bankruptcy Rule 9014. *In re Taylor,* 132 F.3d 256, 260 (5th Cir.1998).

20. A debtor or trustee clearly has, and has always had, the ability to get all of the information now required by subdivisions of Fed. R. Bankr. P. 3001(c)(2)(A)-(C). If the creditor refuses to respond, the debtor or trustee has, and has always had, the ability to file a motion to compel, and to seek sanctions, including reasonable expenses and **attorneys**' **fees** as set forth in subdivision (c)(2)(D)(ii). *See In re Davenport,* 544 B.R. 245, 251 (Bankr. D.D.C. 2015).

21. Vertonix has not refused any of the Trustee's requests with respect to information or documents, and Vertonix was willing to engage in settlement negotiations for a potential resolution of the Claim, although no settlement offer was provided, and no request for documents were made by the Trustee to Vertonix.

22. "It is only attorney work that was warranted by reason of the failure to provide

information required by Rule 3001(c) that can be viewed as caused by that failure." *Id* at 253.

23. The Court in the exercise of its discretion, ought to award such fees incident to Rule 3001(c)(2)(D)(ii) as "reasonable expenses and attorney's fees caused by the failure." *Id* at 254 (citing *In re Dunlap,* 2013 WL 5497047, at *2 (Bankr.D.Colo. 2013)).

24. In the present case, attorney fees were not generated by Vertonix's failure to attach the Order.

25. In *Dunlap*, the Court held that Fed. R. Bankr. P. 3001(c)(2)(D)(ii), "states two requirements for an award of fees. First the fees incurred by the Debtor must have been 'caused' by the failure to provide documentation. That requires that the Court must find a causation nexus between the Creditor's failure to adequately document its claim and the fees incurred. Second, the rule requires that fees and expenses awarded must be 'reasonable.'" *In re Dunlap*, 2013 WL 5497047, at *2 (Bankr. D. Colo. 2013).

26. As previously stated, although Vertonix inadvertently failed to attach in its proof of claim the Order, Vertonix made no attempts to hide or obstruct requests for the Order from the Trustee, the Debtors, or the Court.

WHEREFORE, Vertonix requests the Court enter an Order denying the Trustee's Objection to Proof of Claim No. 2 Filed by Vertonix Limited [ECF No. 98], or alternatively allow Vertonix to amend its proof of claim in accordance with this Court's findings, and grant such other and further relief as this Court deems just and proper.

Dated: May 16, 2019

Respectfully submitted,
KALIKHMAN & RAYZ, LLC
      /s/
Arkady "Eric" Rayz
Attorney(s) for Claimant(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

-and-

LEIDERMAN SHELOMITH ALEXANDER
+ SOMODEVILLA, PLLC
2699 Stirling Road, Suite C401
Ft. Lauderdale, Florida 33312
Telephone: (954) 920-5355
Facsimile: (954) 920-5371

By:_____/s/_____
         FELIPE PLECHAC-DIAZ, ESQ
         Florida Bar No. 0105483
         fpd@lsaslaw.com

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on May 16, 2019 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail on to Yuri Lyubarsky and Olga Lyubarsky, 375 Poinciana Island Dr Unit 1135 North Miami Beach, FL 33160; Eric Rayz, 1051 County Line Rd., Suite A, Huntington Valley, PA 19006; and Synchrony Bank, PRA Receivables Management, LLC, c/o Valerie Smith, PO Box 41021, Norfolk, VA 23541;  Gary Seitz 8 Penn Center #1901 1628 JFK Blvd. Philadelphia, PA 19103.

By:_____/s/_____
Felipe Plechac-Diaz