

**ORDERED in the Southern District of Florida on June 7, 2019.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

YURI LYUBARSKI and                             Case No. 18-16659-LMI
OLGA LYUBARSKI,                                Chapter 7

     Debtors.
_____/

**ORDER APPROVING FIRST INTERIM APPLICATION FOR COMPENSATION AND
REIMBURSEMENT OF EXPENSES TO DUNN LAW, P.A., AS COUNSEL TO
<u>MARCIA T. DUNN, CHAPTER 7 TRUSTEE</u>**

     **THIS CAUSE** came before the Court on June 5, 2019 at 9:30 a.m., upon the First Interim Application for Compensation and Reimbursement of Expenses to Dunn Law, P.A., as Counsel to Marcia T. Dunn, Chapter 7 Trustee (the "<u>Application</u>") [D.E. 111], and the Court, having reviewed the Application, having heard argument of counsel, having noted that no objections were filed or made at the hearing, and for the reasons set forth on the record, does thereupon

     **ORDER** as follows:

1. The Application is approved.

2. Dunn Law PA ("DLPA"), as counsel to Marcia T. Dunn, Chapter 7 Trustee (the "Trustee"), is awarded, on an interim basis, fees in the amount of **$35,228.00**, of which eighty percent (80%), or **$28,182.40** is authorized for immediate payment; and reimbursement of expenses in the amount of **$951.70**, of which 100% is authorized for immediate payment.

3. The fees authorized to be paid to DLPA herein represent the fees requested and awarded, less a twenty percent (20%) holdback, and are without prejudice to DLPA seeking payment of any and all such holdbacks.

4. The Trustee is authorized and directed to forthwith pay to DLPA the total sum of **$29,134.10**, less amounts previously paid, representing the fees and expenses authorized to be paid to DLPA as set forth herein.

5. In making the foregoing award, the Court has evaluated the factors set forth in *Johnson v. Georgia Highway Express, Inc*., 488 F.2d 714 (5th Cir. 1974); *In re First Colonial Corp. of America,* 544 F.2d 1291 (5th Cir. 1977); and *Grant v. George Schumann Tire & Battery Company*, 908 F.2d 874 (11th Cir. 1990), and finds that the amounts awarded herein represent reasonable compensation for actual and necessary services rendered and expenses incurred by DLPA.

#  #  #

Submitted by:
Michael P. Dunn, Esq.
Florida Bar No. 100705
DUNN LAW, P.A.
*Counsel for Marcia T. Dunn, Chapter 7 Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33132
michael.dunn@dunnlawpa.com

*Attorney Dunn is directed to serve copies of this Order upon all interested parties, and to file a Certificate of Service with the Court confirming such service.*