UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division
www.flsb.uscourts.gov

In re:                                                                  Case No. 18-16659-LMI

YURI LYUBARSKY AND                                     Chapter 7
OLGA LYUBARSKY,

          Debtor.
_____/

## VERTONIX LIMITED'S AGREED EX PARTE MOTION FOR LEAVE TO SUPPLEMENT THE SUPPLEMENTAL RESPONSE IN OPPOSITION TO DEBTORS' MOTION FOR SANCTIONS [ECF No. 100]

Vertonix Limited ("Vertonix"), by and through counsel, respectfully moves this Court pursuant to Local Rule 9013(C)(1), for the entry of an order, on an agreed *ex parte* basis granting Vertonix the right to supplement or amend the Supplemental Response In Opposition To Debtors' Motion For Sanctions [ECF No. 100] ("Supplemental Memorandum"), a copy of the proposed amended Supplemental Memorandum is attached hereto, and for its reasons relies upon the following:

### Preliminary Statement

1. Vertonix timely filed its Supplemental Memorandum pursuant to the Order Specially Setting Evidentiary Hearing [ECF No. 97] (the "Scheduling Order") and exercised due diligence to obtain all relevant records, case law, and information for submission.

2. Certain factual components of the case have subsequently occurred since entry of the Scheduling Order, including the Chapter 7 Trustee filing the Objection to Claim of Vertonix Limited [ECF No. 98] (the "Trustee's Objection").

3. The Trustee and Vertonix have ultimately agreed to treating Vertonix's claim as an unsecured creditor in the amount of $200,000.00.

4. The resolution between the Trustee and Vertonix however did not occur until

after Vertonix's Supplemental Memorandum had been filed. Vertonix believes the Trustee filed the Agreed Order on September 10, 2019. The additional case law as set forth in Vertonix's proposed amended Supplemental Memorandum is significant and directly relevant to the merits of the Debtor's standing to seek sanctions in contention to an allegedly fraudulent proof of claim filed with the Court.

## Statement of Compliance with Local Bankruptcy Rule 9073-1

Pursuant to Rule 9073-1(D), Vertonix discussed this motion with Debtors' counsel by telephone on September 11, 2019 in an effort to narrow any areas of disagreement, and Debtors' counsel advised that the Debtors agree to this motion. Additionally, Vertonix supports the entry of an Order granting a brief extension of time for the Debtors until Monday, September 16, 2019, or such other time as the Court deems appropriate, to file their reply memorandum or, alternatively, to file a supplemental memorandum that addresses only the amended matters set forth in Vertonix's amended Supplemental Memorandum.

WHEREFORE, Vertonix Limited respectfully requests that the Court enter an Order: granting the Vertonix the right to file the attached amended Supplemental Memorandum and grant such other and further relief as this Court deems just and proper.

Dated: September 11, 2019

Respectfully submitted,
KALIKHMAN & RAYZ, LLC
_____/s/_____
Arkady "Eric" Rayz
Attorney(s) for Claimant(s)
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

-and-

LEIDERMAN SHELOMITH ALEXANDER<br>
+ SOMODEVILLA, PLLC<br>
2699 Stirling Road, Suite C401<br>
Ft. Lauderdale, Florida 33312<br>
Telephone: (954) 920-5355<br>
Facsimile: (954) 920-5371<br>

By:_____/s/_____
         FELIPE PLECHAC-DIAZ, ESQ
         Florida Bar No. 0105483
         fpd@lsaslaw.com

## **CERTIFICATE OF SERVICE**

     I HEREBY CERTIFY that a true and correct copy of the foregoing was served on September 11, 2019 to all parties on the list to receive e-mail notice/service for this case, via the Notice of Electronic Filing (which is incorporated herein by reference) and via U.S. Mail on to Yuri Lyubarsky and Olga Lyubarsky, 375 Poinciana Island Dr Unit 1135 North Miami Beach, FL 33160; Eric Rayz, 1051 County Line Rd., Suite A, Huntington Valley, PA 19006; and Synchrony Bank, PRA Receivables Management, LLC, c/o Valerie Smith, PO Box 41021, Norfolk, VA 23541;   Gary Seitz 8 Penn Center #1901 1628 JFK Blvd. Philadelphia, PA 19103.

By:_____/s/_____
        Felipe Plechac-Diaz

# UNITED STATES BANKRTUPCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| LYUBARSKY, et al. | Case No. 18-16659-LMI |
| Debtor(s) | |

## RESPONSE IN OPPOSITION TO
## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION FOR SANCTIONS

On April 30, 2019, Yuri and Olga Lyubarsky (collectively, "Debtors") filed their "Supplemental Brief in Support of Motion for Sanctions,"[1] containing a "Second Supplement in Support of Motion for Sanctions Relating to Additional Perjury and Fraud on the Court by Counsel for Creditor Vertonix."[2] This submission clearly contradicts the Court's Order of April 16, 2019, which limits Debtors' filing to "a supplemental brief to clarify under which rule(s) [they] seek[] sanctions against creditor Vertonix Limited . . . and attorney Eric Rayz."[3] Regardless, it further demonstrates Debtors' intent on pursuing blatantly disingenuous and legally meritless claims.

For instance, Debtors and their counsel have now admitted that they are seeking relief under Rule 9011, although they have never complied with its "safe harbor" provision.[4] Further, despite the Court's overruling of Debtor's objection to Vertonix's proof of claim on the basis of

---

[1] See ECF Doc. 102.

[2] Id., pp. 28-31.

[3] ECF Doc. 97, p. 2.

[4] See ECF Doc. 102, p. 13.

1

standing,[5] they continue to argue – without citing to any legal authority whatsoever – that "it is **undisputed** that Debtors had standing. . ."[6]  Further, only a Chapter 7 Trustee has the requisite standing to examine proofs of claim.  See In re Walker, 356 B.R. 834, 848 (Bankr. S.D. Fla. 2006), aff'd sub nom, Walker v. Lundborg, 2007 WL 9701963 (S.D. Fla. Aug. 17, 2007), aff'd sub nom, In re Walker, 309 F.App'x 293 (11th Cir. 2009).  This Court has already ruled that the Debtors lack standing to object to Vertonix's Proof of Claim.[7]  For the same reasons, a debtor, who lacks standing to object to or move to strike a proof of claim, is also without standing to seek sanctions for the filing of an alleged fraudulently filed proof of claim.[8]  As a result, the Debtors in the instant proceeding are unable to assert any claim for sanctions against either Vertonix or its attorneys.

Debtors' filings also ignore – as if they never existed – written decisions from the Hon. Linda Carpenter,[9] the arguments made and briefs submitted by their own Pennsylvania counsel,[10] and physical evidence of settlement offers they were making in 2018.[11]  Instead, the centerpiece of Debtors' arguments are "flip-flopping" declarations from their counsel, who attempt to conceal material facts or to justify their earlier false claims as an "error in memory," a "mistake," and an

---

[5] See ECF Doc. 93.

[6] ECF Doc. 102, p. 24, n. 9 (emphasis supplied).

[7] See ECF No. 93.

[8] See Id., at 849.

[9] See ECF Doc. 54-1, pp. 169, 179-180.

[10] See ECF Doc. 86, pp. 55, 70.

[11] See, e.g., ECF Doc. 86, pp. 35-36, ¶¶67-70.

"inaccuracy."[12] Finally, as predicted by Vertonix earlier,[13] after learning from Vertonix's filing the applicable law on the issue of post-petition negotiations, Debtors have now begun to dispute the fact that the deadline articulated at the meeting between counsel in June of 2018 was their counsel's own idea.[14] This underhanded gamesmanship permeates Debtors' claims and there is little doubt that it will become further evidenced as this matter progresses.

Ultimately, other than generic recitations of the various rules and statutes, Debtors' filing is nothing more than a regurgitation of their earlier assertions that maliciously disregard the undisputed facts of record.[15] Ultimately, in the interests of brevity, to the extent that the Court required a response to Debtors' latest missive, Vertonix and its counsel incorporate their earlier filings in this matter and submit that Debtors' claims are premised on falsehoods and ignorance of the applicable law.

**(SIGNATURE ON THE NEXT PAGE)**

---

[12] See generally ECF Doc. 90.

[13] See ECF Doc. 100, p. 3, n. 11.

[14] See ECF Doc. 102, p. 17 (stating that "[t]here is a small discrepancy regarding whether [counsel for Vertonix] imposed the June 25, 2018 deadline or whether [counsel for Debtors] requested it. . .").

[15] Notably, this is not the first time that Debtors and their counsel have been publicly called out for being "disingenuous." ECF Doc. 54-1, p. 180 (explaining that "[w]hile [Debtors] attempted to argue that a defect existed in the documents thereby causing the aforementioned accrual of sanctions, **such argument remained unsupported by the record and was disingenuously made**. . .")(emphasis supplied).

Date: <u>September 11, 2019</u>  Respectfully submitted,
**KALIKHMAN & RAYZ, LLC**

/s/
―――――――――――――――――
Arkady "Eric" Rayz, Esq.
1051 County Line Road, Suite "A"
Huntingdon Valley, PA 19006
Telephone: (215) 364-5030
Facsimile: (215) 364-5029
E-mail: erayz@kalraylaw.com

Felipe Plechac-Diaz, Esq.
**LEDERMAN SHELOMITH
ALEXANDER + SOMODEVILLA, PLLC**
2699 Stirling Road, Suite C401
Fort Lauderdale, FL 33312
P: (954) 920-5355
F: (954) 920-5371
E: fpd@lsaslaw.com

4