

**ORDERED in the Southern District of Florida on October 16, 2019.**

Laurel M. Isicoff
Chief United States Bankruptcy Judge

_____

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA**
www.flsb.uscourts.gov

In Re:                                                           Case No. 18-16659

Yuri Lyubarsky
Olga Lyubarsky                                                   Chapter 7

_____Debtors_____/

**ORDER GRANTING DEBTORS' MOTION TO AVOID
JUDICIAL LIEN ON EXEMPT PERSONAL PROPERTY**

This matter came before the Court on the Debtors' *Motion to Avoid Judicial Lien on Exempt Personal Property* (ECF #13)(the "Lien Motion") dated June 19, 2018. The Chapter 7 Trustee was the only party that objected to the Lien Motion (see *Trustee's Response to the Lien Motion*, ECF #21).

On March 6, 2019, the Court held a hearing on the Trustee's *Motion To Compromise Controversy and Approve Settlement Agreement Between the Trustee and Debtors* (ECF #65)(the

1

"Settlement Motion") which, inter alia, requested that this Court grant the Lien Motion as part of a Bar Order (also described as "Comfort Order") to be issued by the Court.

After the March 6, 2019, hearing the Court issued the *Order Granting Motion to Compromise Controversy and Approve Settlement* (ECF #78) and the Bar Order (ECF #79) the latter of which stated, inter alia, the following:

> 6. *Any and all judgments and judicial liens held by creditor, VERTONIX LIMITED, and any of its predecessors, successors, affiliates, attorneys, or assigns, in or against the Disability Policies and the Life Insurance Policies (together, "Guardian Policies") and in and against Guardian, including, without limitation, any and all judgments and judicial liens obtained in the case of Vertonix Limited v. Yuri and Olga Lyubarsky v. The Guardian Life Insurance Company of America (as garnishee), Court of Common Pleas of Philadelphia County, Pennsylvania, Case No. 1102-03388, and Pennsylvania Superior Court Case Nos. 3787 EDA 2016 and 477 EDA 2017 (the "Vertonix Action"), by way of garnishment or otherwise, are hereby AVOIDED.*
>
> Bar Order, p. 3, para. 6

Subsequent to the foregoing, the Trustee objected to the claim of Vertonix Limited (Proof of Claim No. 2) ("Trustee's Objection")(ECF #98) which was resolved by agreed order, reducing the claim to a general unsecured claim in the amount of $200,000. *See Agreed Order on Trustee's Objection* (ECF #129).

The Court, having considered the record in this case, the Bar Order, and the *Agreed Order on Trustee's Objection* hereby **ORDERS** as follows:

2

1. Debtors' *Motion to Avoid Judicial Lien on Exempt Personal Property* (ECF #13) is **GRANTED**.

2. Any judicial lien that Vertonix Limited may have had against any property of the Debtors, including but not limited to the Guardian Policies (as those are defined in the Bar Order) is hereby avoided.

###

Copy provided to:

Leonid Nerdinsky, Esq., Debtors' counsel

*Attorney Leonid Nerdinsky, Esq. is directed to serve a conformed copy of this Order on all interested parties immediately upon receipt hereof and to file a certificate of service.*